## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**[Filed Electronically]**

**CIVIL ACTION NO. 3:17-CV-419-DJH**

**GARR KEITH HARDIN**                                                           **PLAINTIFF**

**VS.**            **ANSWER OF DEFENDANT MARK HANDY TO AMENDED**
                   **COMPLAINT OF GARR KEITH HARDIN**

**LOUISVILLE JEFFERSON COUNTY**
**METRO GOVERNMENT, *ET AL.***                                     **DEFENDANTS**

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Comes the Defendant, Mark Handy, by counsel, and for his Answer to the Complaint filed by Garr Keith Hardin herein, states as follows:

1.     All allegations of the Complaint not specifically admitted in this Answer are denied.

2.     This Defendant denies any and all allegations of negligence, misconduct, unlawful conduct, fabrication or any other wrongdoing of any kind on his part in or related to this police investigation and/or any other.

3.     With respect to Paragraphs 1 and 2 of the Complaint, this Defendant admits that Jeffrey Clark and Garr Keith Hardin were convicted for the 1992 murder of Rhonda Warford and that they spent 22 years in prison for her murder. This Defendant denies any and all allegations of negligence, misconduct, unlawful conduct, fabrication, or any other wrongdoing of any kind on his part in or related to this police investigation.  The other allegations/arguments of the Plaintiff included in these Paragraphs are allegations about

which this Defendant is without sufficient information to form a belief as to their truth, and therefore denies same.

4.      This Defendant denies the allegations in Paragraph 3 of the Complaint. Meade County Sheriff Greer was the lead investigator in this matter, and this Defendant was an assisting officer.

5.      This Defendant denies the allegations contained in Paragraph 4 of the Complaint.

6.      With respect to Paragraphs 5, 6, 7, 8, 51, 53, 54, 55, 56, 57, 59, 60, 61, 62, 69, 70, 84, 86, 89, 92, 95 and 103 of the Complaint, this Defendant admits that Hardin and Clark were early suspects in the murder of Rhonda Warford but denies that the investigation was solely focused on Hardin and Clark.  This Defendant admits that Clark and Hardin were cooperative in that they sat for interviews and submitted to suspect sample kits, that he was advised that Clark and Hardin had failed polygraphs, that none of the interviews with Clark or Hardin were recorded, that it appeared that the murder may be related to Clark and Hardin's involvement in Satanism, and that a handkerchief  soiled with what appeared to be blood was evidence identified in the investigation and involved in the subsequent prosecution.  This Defendant denies any and all allegations of negligence, misconduct, unlawful conduct, fabrication or any other wrongdoing of any kind on his part in or related to this or any other police investigation.  The other allegations/arguments of the Plaintiff included in these Paragraphs are allegations about which this Defendant is without sufficient information to form a belief as to their truth, and therefore denies same.

7.      With respect to Paragraphs 9, 10, 11, 12, 13, 23, 24, 25, 26, 27, 28, 29, 31, 32, 34, 35, 36, 37, 38, 39, 52, 58, 63, 64, 65, 66, 67, 68, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 87, 88, 90, 91, 93, 94, 96, 97, 98, 99, 100, 101, 102, 104, 105, 106, 107, 108,

109, 116, 121, 235, 236, 237, 238, 239 of the Complaint, this Defendant is without sufficient information to form a belief as to their truth (excepting as to his admission of his employment by the Louisville Division of Police during time periods in issue in the Complaint in which he acted in the course and scope of his duties) and therefore denies same. This Defendant denies any and all allegations of negligence, misconduct, unlawful conduct, fabrication or any other wrongdoing of any kind on his part in or related to this or any other police investigation.

8.      With respect to Paragraph 14, 15, 16, 17, 18, 19, and 20 of the Complaint, this Defendant admits that Clark and Hardin were both indicted for Ms. Warford's murder, that they were tried together in 1995, convicted, and sentenced to life in prison. This Defendant further admits that Clark and Hardin maintained their innocence at the time of their arrests, that they testified at their trial, made repeated attempts to overturn their convictions, that the Meade Circuit Court ordered a new trial, that they were released on bond in 2016, that the Commonwealth filed a motion to dismiss the indictments against Clark and Hardin, and that the murder indictments against Clark and Hardin were dismissed on February 26, 2018. This Defendant denies any and all allegations of negligence, misconduct, unlawful conduct, or any other wrongdoing of any kind on his part in or related to this police investigation and/or any other. The other allegations/arguments of the Plaintiff included in these Paragraphs are allegations about which this Defendant is without sufficient information to form a belief as to their truth, and therefore denies same.

9.      With respect to Paragraphs 21, 22, 23, 233, 239, 241 and 248 of the Complaint, the allegations therein are legal conclusions of the pleader to which no response is required. To the extent a response is required, this Defendant denies any and all allegations of

3

negligence, misconduct, unlawful conduct, or any other wrongdoing of any kind on his part in or related to this police investigation and/or any other.   All actions taken by this Defendant with respect to the charges against Mr. Hardin were properly supported by probable cause.   The other allegations/arguments of the Plaintiff included in these Paragraphs are allegations about which this Defendant is without sufficient information to form a belief as to their truth, and therefore denies same.

10.    With respect to Paragraph 30 and 33, this Defendant admits that at all times in relation to the investigation and prosecution of Mr. Clark, he was a member of the Louisville Police Department acting within the course and scope of his duties.   The other allegations/arguments of the Plaintiff included in these Paragraphs are allegations about which this Defendant is without sufficient information to form a belief as to their truth, and therefore denies same.

11.    With respect to Paragraphs 40, 41, 42, 43, and 44 this Defendant admits the allegations as they pertain to the disappearance and discovery of the body of Rhonda Sue Warford.   Evidentiary and other matters of record within the investigation, criminal prosecution, trial and post-trial proceedings in this matter speak for themselves.   This Defendant is without sufficient information to form a belief as to the remaining allegations of the said paragraphs and therefore denies same.

12.    With respect to Paragraphs 45, 46 and 47 this Defendant admits that the investigation into Rhonda Sue Warford's murder was a collaboration between the Meade County Sheriff's Office and Louisville Police Department due to her disappearance occurring in Louisville and her body being found in Meade County.   This Defendant denies that he was reassigned to lead the LMPD investigation.   This Defendant further denies any

and all allegations of misconduct contained within these Paragraphs. This Defendant is without sufficient information to form a belief as to the remaining allegations and therefore denies same.

13.     With respect to Paragraph 48 this Defendant denies all allegations of wrongdoing and coercion related to the Keith West investigation with the record of that proceeding speaking for itself. This Defendant admits that while interviewing a witness in the Keith West investigation, he stopped and rewound the tape before taking a second statement from the witness. This Defendant denies all allegations of coercion and other allegations contained with the said Paragraph.

14.     With respect to Paragraphs 49 and 50 this Defendant denies all allegations of wrongdoing relating to the Chandler investigation with the record of that proceeding and subsequent civil proceeding speaking for itself. This Defendant admits that he was an investigator along with Defendant Det. Clark in that case, and denies all other allegations contained within the said Paragraphs.

15.     With respect to Paragraphs 110, 111, and 112 this Defendant admits that Eletha Nicole Madison testified to the Grand Jury regarding James Whitely. This Defendant denies any wrongdoing alleged in these Paragraphs related to any decision not to further investigate Mr. Whitely and specifically denies that the case against Clark and Hardin rested on fabricated evidence. This Defendant further notes that Ms. Madison was questioned at the Grand Jury by the prosecutor and any decision regarding whether to pursue criminal charges against Mr. Whitely were made by the prosecutor. This Defendant is without sufficient information to form a belief as to the truth of the remaining allegations and therefore denies same.

16.     With respect to Paragraphs 113, 114 and 115, this Defendant admits that he regularly reported to his superiors at LMPD and denies all other allegations of the said Paragraphs as they relate to him or his conduct.  This Defendant is without sufficient information to form a belief as to the truth of the remaining allegations and therefore denies same.

17.     With respect to Paragraphs 116, 117, 118, 119, 120, 121, 122, 123 and 124 this Defendant admits that indictments were issued against Clark and Hardin on May 7, 1993, that the Commonwealth initially sought the death penalty arguing that Clark and Hardin had murdered Ms. Warford for profit to enhance their standing with Satan, that the case proceeded to trial in February 1995, and that the Meade County jury convicted Clark and Hardin of murder and recommended a life sentence in prison for each with final sentencing occurring on May 18, 1995.  This Defendant denies that the only evidence supporting a theory that the murder was motivated by Satanism was Hardin's allegedly fabricated statement to this Defendant about having sacrificed animals and wanting to move on to a human as there was significant other evidence of Clark and Hardin's involvement in Satanism and animal sacrifice.   This Defendant denies any and all allegations of negligence, misconduct, unlawful conduct, fabrication or any other wrongdoing of any kind on his part in or related to this police investigation and/or any other.  This Defendant is without sufficient information to form a belief as to the remaining allegations and therefore denies same.

18.     With respect to Paragraphs 125, 126, 127, 128, and 129, this Defendant denies having knowledge of the post-conviction remedies sought by Clark and Hardin or that he withheld exculpatory evidence post-conviction.  This Defendant denies any and all

allegations of negligence, misconduct, unlawful conduct, fabrication or any other wrongdoing of any kind on his part in or related to this police investigation and/or any other.  This Defendant is without sufficient information to form a belief as to the remaining allegations and therefore denies same.

19.     With respect to Paragraphs 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170 and 171 this Defendant admits that an evidentiary hearing was held in July of 2015, that on July 14, 2016 the Meade Circuit Court ordered a new trial, that the Commonwealth ultimately moved to dismiss the indictments against Clark and Hardin, and that the indictments were dismissed on February 26, 2018.  This Defendant states that the Commonwealth's motion and the record of each of these proceedings speak for itself and no response to the paragraphs quoting said pleadings and/or proceedings is necessary.  All actions taken by this Defendant were properly supported by probable cause.  This Defendant denies all allegations of negligence, misconduct, unlawful conduct, or any wrongdoing of any kind on his part in or related to this police investigation and/or any other.  This Defendant is without sufficient information to form a belief as to the remaining allegations and therefore denies same.

20.     This Defendant is without sufficient information to form a belief as to the allegations within Paragraphs 172, 173, 174 and 175 and therefore denies same.  This Defendant denies all allegations of negligence, misconduct, unlawful conduct, or any wrongdoing of any kind on his part in or related to this police investigation and/or any other.

21.     With respect to Paragraphs 176, 187, 194, 204, 213, 220, 229, 234, 240, 246, 249, 256 and 262 of the Complaint, they are paragraphs of incorporation to which no response is required; all responses in this Answer to the allegations incorporated thereby likewise are incorporated herein by reference and are reasserted in response to same.

22.     This Defendant denies the allegations relating to him that are set out in Paragraphs numbered 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 188, 189, 190, 191, 192, 193, 195, 196, 197, 198, 199, 200, 201, 202, 203, 205, 206, 207, 208, 209, 210, 211, 212, 214, 215, 216, 217, 218, 219, 221, 222, 223, 224, 225, 226, 227, 228, 230, 231, 232, 242, 243, 244, 245, 250, 251, 252, 253, 254, 255, 257, 258, 259, 260, 261, 263, 264, 265, 266, and 267 of the Complaint filed herein.  All actions taken by this Defendant with respect to charges against the Plaintiff were supported by probable cause.  This Defendant denies any and all allegations of negligence, misconduct, unlawful conduct, or any other wrongdoing of any kind on his part in or related to this police investigation and/or any other.  The other allegations and arguments of the Plaintiff included in these Paragraphs are allegations about which this Defendant is without sufficient information to form a belief as to their truth, and therefore denies same.

23.     With respect to Paragraph 247 of the Complaint filed herein, this Defendant admits that at all times in relation to the investigation and prosecution of the Plaintiff he was a member of the Louisville Police Department acting within the course and scope of his duties.  All actions taken by this Defendant with respect to the charges against the Plaintiff were supported by probable cause.  This Defendant denies any and all allegations of negligence, misconduct, unlawful conduct, or any other wrongdoing of any kind on his part in or related to this police investigation and/or any other.  The other allegations and

8

arguments of the Plaintiff included in these Paragraphs are allegations about which this Defendant is without sufficient information to form a belief as to their truth, and therefore denies same.

## FIRST DEFENSE

24.    The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

25.    This Defendant is entitled to and asserts the defense of immunity, including but not limited to absolute immunity, good faith immunity, discretionary immunity, qualified immunity, official immunity, governmental immunity, and sovereign immunity.

## THIRD DEFENSE

26.    The Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH DEFENSE

27.    The Plaintiff's injuries and damages, if any, were caused in whole or in part by his own acts or omissions to act, and said acts or omissions may constitute either a complete or partial bar to any recovery herein.

## FIFTH DEFENSE

28.    The Plaintiff's injuries and damages, if any, were caused in whole or in part by the acts or omissions to act of other persons, third parties, and/or non-parties, and said acts or omissions to act may constitute either a complete or partial bar to any recovery herein.

## SIXTH DEFENSE

29.    The Plaintiff's injuries and damages, if any, were caused in whole or in part by his own negligence, and such negligence serves as a complete or partial bar to any recovery herein.

## SEVENTH DEFENSE

30.    The Plaintiff's injuries and damages, if any, were caused in whole or in part from intervening acts and/or superseding causes over which this Defendant has no control or for which this Defendant has no responsibility or liability.

## EIGHTH DEFENSE

31.    The Plaintiff has failed to join necessary and/or indispensable parties needed for just adjudication.

## NINTH DEFENSE

32.    The Complaint fails to state a claim for punitive damages upon which relief can be granted against this Defendant, in whole or in part.  Furthermore, the claim within the Complaint seeking punitive damages is subject to, and may be barred, in whole or in part,

by the provisions of KRS 411.184, et seq and other applicable Kentucky law and that no claim for punitive damages against Defendant could be sustained in any event because: (a) an award of damages subject to no absolute, pre-determined limit on the amount, and providing no protection against multiple awards for the same course of conduct would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section Two of the Kentucky Constitution.

## **TENTH DEFENSE**

33.     If and to the extent Plaintiff has adequately and properly alleged an entitlement to punitive damages, this Defendant asserts the following affirmative defenses to that claim: a) that to the extent this Defendant is not accorded substantive and procedural due process of the law, or equal protection of the laws, concerning the Plaintiff's claims for punitive damages, including but not limited to the evidence received, the quantum of proof required, the manner in which the jury is instructed, the amount of any punitive damages awarded, and post-trial procedures reviewing any award of punitive damages, such claims are barred by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and applicable provisions of the Kentucky Constitution, including but not limited to Sections 2, 10, 11, 13, 14 and 17 and would otherwise be improper under the Kentucky Constitution, statutory law, common law and public policy; b) awarding penal-in-nature damages against this Defendant without affording him the same protections afforded to criminal defendants would violate Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Sections Ten,

Eleven, Twelve, Thirteen and Fourteen of the Kentucky Constitution as well as other provisions of the Kentucky Constitution, statutory law, common law and public policy; c) an award of punitive damages would violate Defendant's right to fundamentally fair adversarial proceedings guaranteed by the United States Constitution's Fourteenth Amendment's due-process claims and Section Two of the Kentucky Constitution; d) an award of punitive damages would violate Defendant's procedural and substantive due process rights because Kentucky's punitive damages standards lack sufficient objective criteria, procedural safeguards, and/or an appropriate proportionality range, and/or because available post-trial and appellate review standards are insufficient; e) punitive damage claims should be bifurcated from all other claims asserted in this action, with separate trials and juries hearing the claims for punitive damages and all other claims.

## ELEVENTH DEFENSE

34.     This Defendant affirmatively pleads that the allegations of the Complaint and legal issues raised within the Complaint are barred and precluded from re-litigation, in whole and/or in part, by the principles of *res judicata* and collateral estoppel.

## TWELFTH DEFENSE

35.     Plaintiff's claims for intentional infliction of emotional distress are subject to dismissal because Kentucky law prohibits an independent claim for emotional distress in situations where damages for emotional harm are otherwise recoverable.

**THIRTEENTH DEFENSE**

36.     This Defendant affirmatively pleads that the criminal justice system in the United States of America was created by and is operated by humans and is not perfect but works on constitutional principles including the right of an accused to be represented by an attorney, trial by jury, oversight by a fair and impartial judge, and full appellate review. All actions taken by this Defendant with respect to the Plaintiff were supported by probable cause and were conducted without malice.  It remains possible in our system of justice that errors may occur, and that an innocent man can be convicted of a crime.  If that has occurred as claimed in the Complaint, it is affirmatively pled by this Defendant that it is not the result of fault by this Defendant and may not be the result of fault by anyone.

**FOURTEENTH DEFENSE**

37.     The damages of which Plaintiff complains, if there are any, were caused or brought about or were the proximate result of conduct on the part of persons not parties to this lawsuit, all without negligence of fault on the part of this Defendant.

**FIFTEENTH DEFENSE**

38.     At all times mentioned in the Complaint, this Defendant acted in good faith and without any ill motive or tortious intent, and his actions were not taken in bad faith, which acts as a complete bar to Plaintiff's Complaint.

## SIXTEENTH DEFENSE

39.     The injuries and damages complained of by Plaintiff, if any, were caused by the acts of Unknown Defendants and or Unknown Third Persons of which this Defendant had no control, which serves as a bar, either in whole or in part, to the claims of the Plaintiff.

## SEVENTEENTH DEFENSE

40.     At all times mentioned in the Complaint, Defendant acted with probable cause and exercised a belief as to the necessity of his actions, and was justified in taking those actions, which acts as a complete bar to Plaintiff's Complaint.

## EIGHTEENTH DEFENSE

41.     Defendant was privileged to take the actions alleged in the Complaint to be common law torts.  Such privilege, absolute or conditional, bar Plaintiff's action in whole or in part.  Defendant was privileged to act pursuant to KRS 503.090 and other applicable statutes and criminal laws, as well as pursuant to the Constitution of Kentucky.

## NINETEENTH DEFENSE

42.     This Defendant may not be held responsible for actions taken by others or caused by Plaintiff or others in whole or in part and from whom contribution, indemnity and/or comparative fault may be due.

## TWENTIETH DEFENSE

43.     Defendant's conduct did not proximately cause Plaintiff's alleged injuries.

## **TWENTY-FIRST DEFENSE**

44.     This Defendant affirmatively pleads each of the enumerated defenses contained in Federal Rules of Procedure 8 and 12, including but not limited to laches and estoppel, to the extent such defense or defenses are or may be applicable to this action, and this Defendant reserves the right to amend this pleading or assert additional defenses or claims as may be necessary or appropriate according to the discovery and proof in this action.


     **WHEREFORE,** Defendant, Mark Handy, respectfully demands:

1.      Dismissal of Plaintiff's Complaint with prejudice;

2.      That he recover his costs herein incurred, including his legal fees and expenses;

3.      Trial by Jury on all issues so triable;

4.      Leave to amend this Answer as the discovery and proof may require; and

5.      All other proper relief to which he may be entitled.


          Respectfully submitted,


           /s/ Susan K. Rivera
          TIMOTHY D. LANGE
          SUSAN K. RIVERA
          Benson, Risch, & Lange, PLLC
          One Riverfront Plaza
          401 W. Main street, Suite 2150
          Louisville, KY  40202-4241
          Tel. (502) 583-8373
          Fax (502) 584-8929
          Email:  tlange@timlange.com
          Email:  skrivera@brl-law.com
          *Counsel for Defendant, Mark Handy*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, and will send notice of electronic filing to all counsel of record on this 29th day of June, 2018.

 /s/ Susan K. Rivera\_\_\_\_\_
SUSAN K. RIVERA