```
                  UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF KENTUCKY
                 CIVIL ACTION NO. 3:17-CV-00419-DJH
```

JEFFREY DWAYNE CLARK                                      PLAINTIFF

VS.                  **ANSWER TO AEMNDED COMPLAINT**
                          **OF GARR KEITH HARDIN**

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, ET. AL.                                 DEFENDANTS

and

GARR KEITH HARDIN                                         PLAINTIFF

VS.

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, ET. AL.

                    * * * * * * * * * * * *

Come the Defendants, MEADE COUNTY, MEADE COUNTY SHERIFF JOSPEH GREER in his individual and official capacities, MEADE COUNTY SHERIFF'S DEPUTY ERNIE EMBRY in his individual capacity, MEADE COUNTY SHERIFF'S DEPUTY CLIFF WISE in his individual capacity and MEADE COUNTY CORONER WILLIAM ADAMS in his individual capacity, by counsel, and for their collective Answer to the Amended Complaint of GARR KEITH HARDIN herein, state as follows:

1.   That they reallege, reiterate and reaffirm any and all pleadings heretofore filed.

2.   That the Amended Complaint fails to state a cause of action upon which relief may be granted.

3.   That these Answering Defendants admit the allegations contained in paragraphs 16, 17, 18, 20, 24, 42, 45, 61, 98, 108, 110, 130 and 141.

4.   That these Answering Defendants deny the allegations contained in paragraphs 1, 2, 5, 8, 9, 10, 11, 12, 13, 14, 21, 22, 23, 43, 44, 52, 58, 60, 62, 65, 66, 67, 68, 69, 70, 71, 72a-c, 73, 74, 75, 76, 77, 78, 79, 80, 81, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 99, 100, 101, 102, 104, 105, 106, 109, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 127, 128, 129, 131, 134, 142, 143, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 188, 189, 190, 191, 192, 193, 195, 196, 197, 198, 199, 200, 201, 202, 203, 205, 206, 207, 208, 209, 210, 211, 212, 214, 215, 216, 217, 218, 219, 221, 222, 223, 224, 225, 226, 227, 228, 235, 236, 237, 238, 239, 241, 242, 243, 244, 245, 247, 248, 250, 251, 252, 253, 254, 255, 257, 258, 259, 260, 261, 263, 264, 265, 266 and 267.

5.   That they have insufficient information to form a belief as to the truth or falsity of the allegations contained in the following paragraphs and therefore deny same: 3, 4, 6, 7, 19, 25, 26, 27, 28, 29, 30, 31, 32, 39, 40, 41, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 59, 63, 64, 82, 83, 103, 107, 111, 112, 113, 114, 125, 126, 135, 136, 137, 138, 139, 140, 144, 145a-e, 146, 147, 148, 149, 150, 151, 152, 153, 154a-e, 155, 156, 157, 158,

159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170a-g, 171, 172, 230, 231, 232 and 233.

6. That as to the allegations contained in paragraphs 15, these Answering Defendants state as follows: That they deny that portion of said paragraph referencing the "wrongful convictions" of CLARK and HARDIN; and as to the remaining allegations, they have insufficient information to form a belief as to the truth or falsity of same and therefore deny.

7. That as to the allegations contained in paragraph 34, these Answering Defendants state as follows: That they admit that Meade County was a political subdivision of the Commonwealth of Kentucky; however, they deny the remainder of the allegations as to the responsibilities of Meade County for the policies, practices and customs of the Meade County Sheriff's Office.

8. That as to the allegations contained in paragraph 35, these Answering Defendant state as follows: That they deny Defendant JOSEPH GREER was an employee of the Meade County Sheriff's Office, but admit the remaining allegations.

9. That as to the allegations contained in paragraph 36, these Answering Defendant state as follows: That they admit that Defendants CLIFF WISE and ERNIE EMBRY were officers with the MCSO, but deny that they were employed by Meade County, Kentucky.

10. That as to the allegations contained in paragraph 38, these Answering Defendants state as follows: That they admit

Defendant WILLIAM ADAMS was the Meade County Coroner; however, they deny that he is employed by Meade County, Kentucky.

11. That as to the allegations contained in paragraph 132, these Answering Defendant deny the allegations as stated.

12. That these Answering Defendants admit that portion of paragraph 133 regarding the conviction of CLARK and HARDIN being set aside; however, they deny the reminder of the allegations as stated.

13. That HARDIN's claims against these Answering Defendants are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege of Defendants to act in their capacity as an agent and/or employee or Meade County, Kentucky and said sovereign immunity, government immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

14. That this Answering Defendant, MEADE COUNTY, asserts that HARDIN's claims against Defendant, MEADE COUNTY, are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege of Defendant MEADE COUNTY as a political subdivision of the Commonwealth of Kentucky and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

15. That this Answering Defendant, JOSEPH GREER, asserts that HARDIN's claims against Defendant, JOSEPH GREER, are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege of Defendant, JOSEPH GREER, to act in his capacity as Sheriff of Meade County, Kentucky, and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

16. That this Answering Defendant, ERNIE EMBRY, asserts that HARDIN's claims against Defendant, ERNIE EMBRY are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege of Defendant, ERNIE EMBRY to act in his capacity as a Deputy Sheriff of Meade County, Kentucky, and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

17. That this Answering Defendant, CLIFF WISE, asserts that HARDIN's claims against Defendant, CLIFF WISE are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege of Defendant, CLIFF WISE to act in his capacity as a Deputy Sheriff of Meade County, Kentucky, and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

18. That this Answering Defendant, WILLIAM ADAMS, asserts that HARDIN's claims against Defendant, WILLIAM ADAMS, are barred in whole or in part by sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege of Defendant, WILLAM ADAMS to act in his capacity as a County Coroner of Meade County, Kentucky, and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited, qualified and/or absolute.

19. That these Answering Defendants assert that HARDIN's claims are barred in whole or in part because HARDIN has not and cannot show a deliberate indifference by these Answering Defendants or any serious deprivation relating to any serious need. That these Answering Defendants affirmatively state that they acted toward HARDIN with good faith at all times relative to this action.

20. That these Answering Defendants incorporate by reference and adopt as part of their Answer all appropriate Defenses set forth in the Federal Rules of Civil Procedure 8 and 12 and so far, as future discovery in this case reveal facts or information such that said defenses are appropriate and Defendants reserve their right to amend their Answer to expressly plead all such defenses.

21. Any award of punitive damages against the Defendants is prohibited in whole or in part as an arbitrary deprivation of property in violation of 5th, 6th, 8th and the due process clause

of the 14th Amendment to the Constitution of the United States. Such an award would also violate KRS Chapter 411 and Sections 1, 2, 14 and 17 of the Kentucky Constitution, which require due process of law and protection against arbitrary or excessive awards of punitive damages.

22. That the claim of the Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate the Defendants due process rights under the 14th Amendment to the United States Constitution and under Section 2 of the Kentucky Constitution.

23. That Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate the Defendants' due process rights guaranteed by the 14th Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

24. That Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damage award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment (3) is not expressly prohibited from

awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate the Defendants' due process and equal protection rights guaranteed by the 14th Amendment to the United States Constitution and the double jeopardy clauses of the 5th Amendment as incorporated into the 14th Amendment and by Sections 23, 13 and 17 of the Kentucky Constitution.

25. That the Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Kentucky law would violate the Defendants' due process right guaranteed by the 14th Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

26. That Plaintiff's claim for punitive damages against the Defendants cannot be sustained, because an award of punitive damages under Kentucky law without the same protections that are afforded to all criminal Defendants, including protection against unreasonable searches and seizures, double jeopardy, self-

incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendants' rights under the 14th Amendment to the United States Constitution and the 4th, 5th, and 6th Amendments as incorporated into the 14th Amendment and by Sections 2, 10, 11, 13 and 4 of the Kentucky Constitution.

Wherefore, the Defendants, MEADE COUNTY, MEADE COUNTY SHERIFF JOSPEH GREER in his individual and official capacities, MEADE COUNTY SHERIFF'S DEPUTY ERNIE EMBRY in his individual capacity, MEADE COUNTY SHERIFF'S DEPUTY CLIFF WISE in his individual capacity and MEADE COUNTY CORONER WILLIAM ADAMS in his individual capacity, by counsel, hereby demand as follow:

1. For any and all relief previously requested;

2. That the Amended Complaint be dismissed, with prejudice, and the Plaintiff recover nothing thereby;

3. For their cost herein expended, including reasonable attorney fees;

4. For trial by jury;

5. For any and all further relief to which they may appear entitled.

/s/ R. Keith Bond
ROBERT K. BOND
COLEMAN LOCHMILLER & BOND
P.O. BOX 1177
ELIZABETHTOWN, KY  42702-1177
(270) 737-0600
ATTORNEY FOR MEADE COUNTY, JOSEPH GREER, ERNIE EMBRY, CLLIFF WISE, AND WILLIAM ADAMS

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2018, I electronically filed the foregoing with the Clerk of the Court by using the Kentucky Courts of Justice e-filing system which will provide electronic service to the following:

Elliot Slosar
Jon Loevy
Arthur Loevy
Amy Robinson-Staples
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

Larry D. Simon
Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

Lisa A. Schweickart
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY 40202

Rick Sawyer
Barry Sheck
Nick Brustin
Emma Freudenberger
Neufeld Sheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013

David Abner
Kentucky State Police
919 Versailles Road
Frankfort, KY 40601

Susan K. Riversa
Timothy D. Lange
Benson, Risch, and Lange, PLLC
401 W. Main Street, Suite 2150
Louisville, KY 40202

                                              */s/ R. Keith Bond*
                                              ROBERT K. BOND