# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

## CIVIL ACTION NO. 3:17-CV-419-DJH

**JEFFREY DEWAYNE CLARK**                                            **PLAINTIFF**

**v.**        **ANSWER OF DEFENDANTS LOUISVILLE JEFFERSON COUNTY METRO GOVERNMENT, CITY OF LOUISVILLE, JAMES CLARK, KELLY JONES, ROBERT ENNIS, CHARLES EDELEN, JIM WOOSLEY AND JAMES W. GRIFFITHS TO JEFFREY DEWAYNE CLARK'S AMENDED COMPLAINT**
*(Electronically Filed)*

**LOUISVILLE JEFFERSON**                                          **DEFENDANTS**
**COUNTY METRO GOVERNMENT,** *et al.*

\* \* \* \* \*

Come the Defendants, Louisville Jefferson County Metro Government ("Metro Government"), City of Louisville, James Clark, Kelly Jones, Robert Ennis, Charles Edelen, Jim Woosley and James W. Griffiths (collectively "Answering Defendants"), by Counsel, and for their answer to Plaintiff's Amended Complaint, hereby state as follows:

1. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraphs 1 and 2 of the Amended Complaint. Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in paragraphs 1 and 2 of the Amended Complaint and therefore deny those allegations.

2. Answering Defendants deny that Detective Mark Handy was assigned to lead the Louisville Police Department investigation. Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in paragraph 3 of the Amended Complaint and therefore deny those allegations.

3. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraphs 4, 5, and 6 of the Amended Complaint. Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in paragraphs 6 of the Amended Complaint and therefore deny those allegations.

4. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Amended Complaint and therefore deny those allegations.

5. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraph 8 of the Amended Complaint.  Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in paragraph 8 of the Amended Complaint and therefore deny those allegations.

6. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Amended Complaint and therefore deny those allegations.

7. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraphs 10, 11, 12, 13, 14, and 15 of the Amended Complaint.  Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in paragraphs 10, 11, 12, 13, 14, and 15 of the Amended Complaint and therefore deny those allegations.

8. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraphs 16, 17, 18, 19, and 20 of the Amended Complaint and therefore deny those allegations.

9. The allegations contained in paragraphs 21, 22, and 23 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

10. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraphs 24 and 25 of the Amended Complaint and therefore deny those allegations.

11. Answering Defendants admit the allegations contained in paragraph 26 of the Amended Complaint.

12. Answering Defendants admit Metro Government is the successor to Jefferson County and the City of Louisville. Answering Defendants admit that Defendants Mark Handy, James Clark, Kelly Jones, Robert L. Ennis, Charles Edelen, Jim Woosley, and James W. Griffiths were employed by the Louisville Division of Police or Jefferson County Police Department prior to the merger of the two police departments. Answering Defendants deny that Metro Government was the employer of Robert Ennis and/or James Griffith. Answering Defendants admit that Metro Government was the employer of Defendants Mark Handy, James Clark, Charles Edelen, and Jim Woosley but is no longer their employer. Answering Defendants admit that Metro Government was and is the employer of Kelly Jones. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 27 of the Amended Complaint and therefore deny those allegations.

13. Answering Defendants admit that the Louisville Metro Police Department is the successor entity to the merged Louisville Police Department and the Jefferson County Departments. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 28 of the Amended Complaint and therefore deny those allegations.

14. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of the Amended Complaint and therefore deny those allegations.

15. With respect to paragraphs 30, 31, and 32 of the Amended Complaint, Answering Defendants admit that at all times relevant to the investigation of the murder of Rhonda Sue Warford and to the extent they were involved in the investigation, Defendants James Clark, Kelly Jones, Robert L. Ennis, Charles Edelen, Jim Woosley, and James W. Griffiths were members of the Louisville Police Department and/or Jefferson County Police Department and were acting within the course and scope of their duties. Answering Defendants are without sufficient knowledge or information to admit or deny the remainder of the allegations contained in paragraphs 30, 31, and 32 of the Amended Complaint and therefore deny those allegations.

16. The allegations contained in paragraph 33 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, those allegations are denied.

17. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraphs 34, 35, 36, 37, 38 and 39 of the Amended Complaint and therefore deny those allegations.

19. Answering Defendants admit Rhonda Sue Warford was last seen by her family in the early morning hours of April 2, 1992 and that her body was found on April 5, 1992 in Meade County. Answering Defendants further admit that Rhonda Sue Warford had been stabbed to death. Answering Defendants state that the Medical Examiner's report speaks for itself. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraphs 40, 41, 42, 43, and 44 of the Amended Complaint and therefore deny those allegations.

20. Answering Defendants admit that members of the Louisville Division of Police assisted the Meade County Sheriff's Office in the investigation into Ms. Warford's murder due to her disappearance occurring in Louisville and her body being found in Meade County. Answering Defendants deny that Det. Handy was assigned as the lead in the murder investigation. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraphs 45 and 46 of the Amended Complaint and therefore deny same.

21. Answering Defendants are without sufficient information or knowledge to admit or deny the allegation that Defendant Handy engaged in a pattern of misconduct in investigating cases and therefore deny that allegation. Answering Defendants deny the remainder of the allegations contained in paragraph 47 of the Amendment Complaint.

22. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 48 of the Amended Complaint and therefore deny those allegations.

23. Answering Defendants deny that Defendant Det. James Clark was a named defendant and/or co-investigator in the Edwin Chandler case. Answering Defendants are without

sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraphs 49 and 50 of the Amended Complaint and therefore deny those allegations.

24. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 51 of the Amended Complaint and therefore deny those allegations.

25. Answering Defendants admit that Rhonda Sue Warford's mother, Mary Warford, told Detectives Greer and Clark that Rhonda had been dating Keith Hardin. Answering Defendants further admit that Mary told them that Hardin and Jeffrey Clark were involved in Satanic Worship. Answering Defendants further admit that Rhonda had a tattoo of an inverted cross above her breast. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 52 of the Amended Complaint and therefore deny those allegations.

26. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 53 of the Amended Complaint and therefore deny those allegations.

27. Answering Defendants admit that Kelly Jones administered a polygraph to Hardin. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 54 of the Amended Complaint and therefore deny those allegations.

28. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 55 of the Amended Complaint and therefore deny those allegations.

29. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraph 56 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 56 of the Amended Complaint and therefore deny those allegations.

30. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 57, 58, and 59 of the Amended Complaint and therefore deny those allegations.

31. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraph 60 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 60 of the Amended Complaint and therefore deny those allegations.

32. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, and 74 of the Amended Complaint and therefore deny those allegations.

33. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraph 75 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 75 of the Amended Complaint and therefore deny those allegations.

34. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 76 of the Amended Complaint and therefore deny those allegations.

35. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraphs 77, 78, 79, 80, and 81 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraphs 77, 78, 79, 80, and 81 of the Amended Complaint and therefore deny those allegations.

36. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 82, 83, 84, and 85 of the Amended Complaint and therefore deny those allegations.

37. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraphs 86, 87, and 88 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraphs 86, 87, and 88 of the Amended Complaint and therefore deny those allegations.

38. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 89 and 90 of the Amended Complaint and therefore deny those allegations.

39. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraphs 91, 92, and 93 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the

remainder of the allegations contained in paragraphs 91, 92, and 93 of the Amended Complaint and therefore deny those allegations.

40. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, and 108 of the Amended Complaint and therefore deny those allegations.

41. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraph 109 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 109 of the Amended Complaint and therefore deny those allegations.

42. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 110 and 111 of the Amended Complaint and therefore deny those allegations.

43. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraph 112 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 112 of the Amended Complaint and therefore deny those allegations.

44. Answering Defendants admit that they properly prepared their reports in compliance with police department policies and procedures and those reports were properly reviewed. Defendants deny the remainder of the allegations contained in paragraph 113 of the Amended Complaint.

45. Answering Defendants deny the allegations contained in paragraph 114 of the Amended Complaint.

46. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 115 of the Amended Complaint and therefore deny those allegations.

47. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraph 116 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraph 116 of the Amended Complaint and therefore deny those allegations.

48. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 117 and 118 of the Amended Complaint and therefore deny those allegations.

49. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraphs 119, 120, 121, 122, 123, 124, and 125 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraphs 119, 120, 121, 122, 123, 124 and 125 of the Amended Complaint and therefore deny those allegations.

50. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 126 of the Amended Complaint and therefore deny those allegations.

51. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in paragraphs 127, 128, and 129 of the Amended

Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraphs 127, 128, and 129 of the Amended Complaint and therefore deny those allegations.

52. With respect to paragraphs 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, and 142 of the Amended Complaint, Answering Defendants admit that an evidentiary hearing was held in July of 2015, that on July 14, 2016 the Meade Circuit Court ordered a new trial, that the Commonwealth ultimately moved to dismiss the indictments against Clark and Hardin, and that the indictments were dismissed on February 26, 2018. Answering Defendants state that the Commonwealth's motion speaks for itself and no response to the paragraphs quoting said motion is necessary. Answering Defendants deny all allegations of misconduct or any wrongdoing of any kind to the extent such is alleged against them. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraphs 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, and 142 of the Amended Complaint and therefore deny those allegations.

53. Answering Defendants deny the allegations contained in paragraphs 143, 144, 145, 146, 147, and 148 of the Amended Complaint.

54. Answering Defendants state the first sentence of paragraph 149 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, it is denied. Answering Defendants deny the remainder of the allegations contained in paragraph 149 of the Amended Complaint.

55. Answering Defendants deny the allegations contained in paragraphs 150, 151, 152, 153, and 154 of the Amended Complaint.

56. Answering Defendants state the first sentence of paragraph 155 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, it is denied. Answering Defendants deny the remainder of the allegations contained in paragraph 155 of the Amended Complaint.

57. Answering Defendants state the deposition of Doug Hamilton speaks for itself. To the extent that the allegations contained in paragraph 156 of the Amended Complaint are inconsistent and/or contrary to his testimony, those allegations are denied.

58. Answering Defendants deny the allegations contained in paragraphs 157, 158, and 159 of the Amended Complaint.

59. Answering Defendants admit that William Gregory filed a lawsuit. Answering Defendants state the Sixth Circuit opinion speaks for itself. To the extent that the allegations contained in paragraph 160 of the Amended Complaint are inconsistent and/or contrary to that opinion, those allegations are denied.

60. Answering Defendants deny the allegations contained in paragraphs 161, 162, and 163 of the Amended Complaint.

61. With respect to the allegations contained in paragraphs 164 and 165 of the Amended Complaint, Defendants state that the Court opinions speak for themselves. To the extent the allegations are inconsistent and/or contrary to those opinions, they are denied. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in paragraphs 164 and 165 and therefore deny those allegations.

62. Answering Defendants deny the allegations contained in paragraphs 166, 167, 168, 169, 170, and 171 of the Amended Complaint.

63. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 172 of the Complaint and therefore deny same.

64. Answering Defendants deny the allegations contained in paragraph 173 of the Amended Complaint.

65. Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 174 of the Complaint and therefore deny same.

66. Answering Defendants deny they engaged in any misconduct or wrongdoing to the extent such is alleged against them in Paragraphs 174 and 175 of the Amended Complaint. Answering Defendants are without sufficient information or knowledge to admit or deny the remainder of the allegations contained in Paragraphs 174 and 175 of the Amended Complaint and therefore deny those allegations.

67. With respect to the allegations contained in paragraph 176 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

68. Answering Defendants deny the allegations contained in paragraphs 177, 178, 179, 180, 181, 182, 183, 184, 185, and 186 of the Amended Complaint.

69. With respect to the allegations contained in paragraph 187 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

70. Answering Defendants deny the allegations contained in paragraphs 188, 189, 190, 191, 192, and 193 of the Amended Complaint.

71. With respect to the allegations contained in paragraph 194 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

72. Answering Defendants deny the allegations contained in paragraphs 195, 196, 197, 198, 199, 200, 201, 202, and 203 of the Amended Complaint.

73. With respect to the allegations contained in paragraph 204 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

74. Answering Defendants deny the allegations contained in paragraphs 205, 206, 207, 208, 209, 210, 211, and 212 of the Amended Complaint.

75. With respect to the allegations contained in paragraph 213 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

76. Answering Defendants deny the allegations contained in paragraphs 214, 215, 216, 217, 218, and 219 of the Amended Complaint.

77. With respect to the allegations contained in paragraph 220 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

78. Answering Defendants deny the allegations contained in paragraphs 221, 222, 223, 224, 225, 226, 227, and 228 of the Amended Complaint.

79. With respect to the allegations contained in paragraph 229 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

80. Answering Defendants deny the allegations contained in paragraphs 230, 231, 232, and 233 of the Amended Complaint.

81. With respect to the allegations contained in paragraph 234 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

82. Answering Defendants deny the allegations contained in paragraphs 235, 236, 237, 238 and 239 of the Amended Complaint.

83. With respect to the allegations contained in paragraph 240 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

84. Answering Defendants deny the allegations contained in paragraphs 241, 242, 243, 244, and 245 of the Amended Complaint.

85. With respect to the allegations contained in paragraph 246 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

86. Answering Defendants deny the allegations contained in paragraphs 247 and 248 of the Amended Complaint.

87. With respect to the allegations contained in paragraph 249 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

88. Answering Defendants deny the allegations contained in paragraphs 250, 251, 252, 253, 254, and 255 of the Amended Complaint.

89. With respect to the allegations contained in paragraph 256 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

90. Answering Defendants deny the allegations contained in paragraphs 257, 258, 259, 260, and 261 of the Amended Complaint.

91. With respect to the allegations contained in paragraph 262 of the Amended Complaint, Answering Defendants restate and incorporate herein by reference their answers and defenses to all previous paragraphs.

92. Answering Defendants deny the allegations contained in paragraphs 263, 264, 265, 266 and 267 of the Amended Complaint.

93. All allegations not specifically admitted herein are denied.

## FIRST DEFENSE

94. The Amended Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

95. The Amended Complaint is barred by the applicable statute of limitations.

## THIRD DEFENSE

96. Louisville Jefferson County Metro Government is entitled to sovereign immunity on all state law claims.

## FOURTH DEFENSE

97. Defendants James Clark, Kelly Jones, Robert Ennis, Charles Edelen, Jim Woosley and James W. Griffiths are entitled to qualified immunity.

**FIFTH DEFENSE**

98. Defendants James Clark, Kelly Jones, Robert Ennis, Charles Edelen, Jim Woosley and James W. Griffiths are entitled to absolute immunity.

**SIXTH DEFENSE**

99. Defendants James Clark, Kelly Jones, Robert Ennis, Charles Edelen, Jim Woosley and James W. Griffiths, in their official capacities, are entitled to sovereign immunity on the state law claims.

**SEVENTH DEFENSE**

100. All or part of Plaintiff's claims are barred by the doctrine of res judicata or collateral estoppel.

**EIGHTH DEFENSE**

101. The injuries and damages about which Plaintiff complains were caused in whole or in part by Plaintiff's own actions.

**NINTH DEFENSE**

102. The Plaintiff has failed to join necessary and/or indispensable parties needed for just adjudication.

**TENTH DEFENSE**

103. The Plaintiff's injuries and damages, if any, were caused in whole or in part from intervening acts and/or superseding causes over which the Answering Defendants have no control or for which the Answering Defendants have no responsibility or liability.

## ELEVENTH DEFENSE

104. Answering Defendants affirmatively plead each of the enumerated defenses contained in Federal Rules of Procedure 8 and 12, including but not limited to laches and estoppel, to the extent such defense or defenses are or may be applicable.

## TWELFTH DEFENSE

105. Answering Defendants expressly reserve the right to file further pleadings and to assert additional defenses as the proof develops.

**WHEREFORE,** Answering Defendants respectfully request:

1. Dismissal of Plaintiff's Amended Complaint with prejudice;

2. Trial by jury;

3. Their costs expended herein; and

4. Any and all other relief to which they appear reasonably entitled.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

By: /s/ Peter F. Ervin
PETER F. ERVIN
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY  40202
(502) 574-3659
Peter.Ervin@louisvilleky.gov

*Counsel for Louisville Jefferson County Metro Government, City of Louisville, James Clark, Kelly Jones, Robert Ennis, Charles Edelen, Jim Woosley and James W. Griffiths*

## **CERTIFICATE OF SERVICE**

   This is to certify that on June 29, 2018, I electronically filed the foregoing Answer with the clerk of the court by using the ECF system, which will send a notice of electronic filing to all counsel of record.

               /s/ Peter F. Ervin
               Peter F. Ervin