UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| JEFFREY CLARK ) | |
| and ) | |
| GARR KEITH HARDIN ) | |
| ) | |
| Plaintiffs ) | Case No . 3:17-CV-419-CRS-CHL |
| ) | |
| v. ) | |
| ) | |
| CITY OF LOUISVILLE, et al ) | |

MOVANT COMMONWEALTH OF KENTUCKY'S MOTION TO QUASH

Comes now the Movant, Commonwealth of Kentucky, by and through counsel, and for this Motion to Quash the subpoena of the Plaintiffs, states as follows:

The Plaintiffs have served upon the Movant a subpoena to produce, "Any and all grand-jury transcripts, records, or other materials relied upon by the grand-jury leading to the indictment of Mark Handy for perjury and tampering with physical evidence in September of 2018." (Exhibit 1). The requested grand jury materials are part of an ongoing criminal prosecution, Commonwealth of Kentucky v. Mark Handy, Jefferson Circuit Case 18-CR-2871. The Commonwealth is represented in that matter by Special Prosecutors Shane Young and James Lesousky. Pursuant to Fed R. Civ. P. 45(d)(3)(A)(iii), the Commonwealth moves to Quash the subpoena on the basis that the subpoena would require the Commonwealth to disclose information which is privileged or protected.

Kentucky law provides that grand jury materials and transcripts are secret, and with the exception of a duty to provide a transcript or recording to the person indicted, may not be

1

disclosed to other individuals. (Ky. R. Crim. P. 5.24). A violation of the rule is punishable as contempt of the court. (Id). Without a court order requiring the disclosure, the Commonwealth may not disclose the requested materials.

Although the materials are protected under the Commonwealth's Criminal Rules, the Commonwealth recognizes that this court is not bound by that authority. The applicable federal rule regarding privilege is FRE 501 which states, "The common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court." Common law has long recognized grand jury secrecy and the protection against disclosure:

> Although now set forth in Fed. R. Crim. P. 6, the secrecy of grand jury proceedings has long been engrained in our judicial system. Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye. The rule of grand jury secrecy was imported into our federal common law and is an integral part of our criminal justice system.

*Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 219, 99 S. Ct. 1667, 1673, 60 L. Ed. 2d 156 (1979). (*internal citations omitted*). Kentucky's rule regarding secrecy of grand jury proceedings is an application of the long recognized federal common law, and therefore should be recognized under FRE 501 as a privileged or protected from disclosure in this case.

Further, when state grand jury proceedings are subject to disclosure in federal civil proceedings, comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continuing need for secrecy. *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 644 (7th Cir. 1980), see also, *Brunson v. City of Dayton*, 163 F.Supp.2d 919 (S.D. Ohio 2001).

2

The supervisory court of the grand jury is in the best position to determine the need to secrecy in the state proceedings. The supervisory court is familiar with the work done by the special grand jury and the matter pending in state court and is in a unique position to determine the need for continued secrecy in those proceedings.

No matter which court makes a determination regarding the disclosure of grand jury materials, the burden is on the plaintiffs to demonstrate the necessity of the information. Disclosure of secret grand jury proceedings is only appropriate in cases where the private party seeking disclosure can show that the need for it outweighs the public interest in secrecy. *Petrol Stops Northwest*, 441 U.S. at 222–223. The plaintiffs have made no showing of a need in this case. The plaintiffs have not established that testimony and materials heard by the state grand jury cannot be gained through depositions and civil process in this case. Without the court determining that the plaintiffs had made the requisite preliminary showing of the necessity of the information, the subpoena should be quashed.

Wherefore, the Commonwealth of Kentucky respectfully requests this court quash the subpoena for transcripts, recordings, or other materials relied upon by the grand jury in the indictment of Mark Handy.

Respectfully submitted,

/s/ Shane Young_____
Special Prosecutor
Commonwealth's Attorney
9th Judicial Circuit
54 Public Square
Elizabethtown, KY 42701
syoung@prosecutors.ky.gov
(270) 766-5170
(270) 401-1657

CERTIFICATE OF SERVICE

This is to certify that the foregoing motion to quash was electronically filed with the Clerk of the Court on this 12th day of April 2019. Notice of this filing will be sent to counsel of record via the Court's CM/ECF system. Parties may access this filing through the Court's CM-ECF system.

/s/ Shane Young_____
Special Prosecutor