

# MIKE O'CONNELL
## JEFFERSON COUNTY ATTORNEY

531 Court Place, Suite 900
Louisville, KY 40202

(502) 574-6333
Fax (502) 574-5573

Julie Lott Hardesty
First Assistant

August 16, 2019

Hon. Colin H. Lindsay
United States Magistrate Judge
United States District Court
Western District of Kentucky
Gene Snyder United States Courthouse
601 W. Broadway, Rm. 208
Louisville, KY 40202

Dear Magistrate Judge Lindsay:

The Louisville Defendants[1] write in advance of the joint telephone conference currently scheduled for September 5, 2019 to address some misstatements made by Plaintiffs Hardin and Clark in their letter of July 24, 2019 and provide the Court with some additional facts so that it may have the full picture.

### An evidentiary hearing is unnecessary as there is no active LMPD investigation.

Plaintiffs wrote to the Court to request leave to request an evidentiary hearing regarding alleged discovery violations by the Louisville Defendants. Specifically, Plaintiffs allege that the Louisville Defendants failed to disclose an alleged active investigation into the murder of Rhonda Warford[2] by the Louisville Metro Police Department ("LMPD"). Ultimately, Plaintiffs disbelieve the undersigned's statement assuring them that LMPD had/has no active investigation into the Warford murder.

Plaintiffs further allege that the Louisville Defendants failed to conduct a thorough and complete review of documents within the Louisville Defendants' possession for discovery production. Misinforming the Court of unrelated discovery disputes, Plaintiffs argue a pattern of abuse by the Louisville Defendants and their counsel.

Even after Louisville Defendants provided an explanation to Plaintiffs with a timeline of how they came to be in possession of the discovery that sparked this fire and what they knew at

---

[1] This includes Defendants Louisville/Jefferson County Metro Government, James Woosley, Jim Griffiths, James Clark, Robert Ennis, Charles Edelen, and Kelly Jones.
[2] Rhonda Warford was the victim for whose murder the Plaintiffs were convicted of in the Meade County Circuit Court.

what time, Plaintiffs still felt it necessary to make this a burden for the Court to handle. Plaintiffs have provided you the email containing the explanation from the Louisville Defendants, which is now being adopted and incorporated into a sworn affidavit from Peter Ervin. *See*, Exhibit A.

When the Louisville Defendants responded to Plaintiffs Joint Requests for Production, they were unaware of any ongoing investigation into the death of Rhonda Warford. Further, knowing that the murder investigation of Warford was never an LMPD investigation, Louisville Defendants had no reason to think that LMPD would open an active investigation, especially considering the murder and the prosecution of Plaintiffs had occurred in another county. It was this backdrop upon which the Louisville Defendants responded to Plaintiffs' Joint Request for Production of Documents.

Counsel for the Louisville Defendants requested and received a copy of the full investigative file from LMPD in February 2018. In September 2018, a specific search for records showing any involvement of James Whitley and Clifford Capps with LMPD was conducted; no records were found. The nonexistence of such records further reinforced the belief that there was no ongoing investigation.

Plaintiffs rely on "oral and written representations" from the Kentucky OAG to assert that the Louisville Defendants are conducting an undisclosed investigation into the Warford murder. To support their position, Plaintiffs provide you with one of the almost 100 pages the Kentucky OAG produced in response to a subpoena. Additional documentation from the Kentucky OAG illustrates that LMPD was **not** opening an investigation into the Warford murder but rather, was only providing a minimal assistance to the Kentucky OAG's investigator. *See*, Exhibit B.

Plaintiffs further attempt to characterize the Louisville Defendants' ultimate disclosure of the recordings to have occurred only after they produced the Kentucky OAG's production in response to the subpoena and a specific request for the disclosure of alleged investigatory materials. However, the Louisville Defendants supplemented the Rule 26 Initial Disclosures before Plaintiffs had produced the Kentucky OAG's subpoena documents.

Plaintiffs believe the late disclosure of the interview recordings prevented them from effectively deposing Capps and Meade County Defendant Cliff Wise. Specifically, Plaintiffs assert that the audio recording of Capps' interview disclosed that Meade County Defendant Cliff Wise had helped Capps out of tickets in the months leading up to Plaintiffs' criminal trial – a "benefit" never disclosed to the prosecutor in advance of Plaintiffs' criminal trial in 1995.

However, there was no prejudice to Plaintiffs. Capps' deposition had to suspended due to his physical inability to continue and thus, Plaintiffs will have an opportunity to depose him on this matter. Further, the Plaintiffs did question Meade County Defendant Wise on this matter and he testified that he did not recall such situations.[3]

The Louisville Defendants would also like to correct Plaintiffs' representation that Louisville advised them it was in possession of the "Louisville Metro prosecution file." The Louisville Defendants' response to the Plaintiff's First Joint Request for Production of Documents

---

[3] Additionally, the undersigned disputes that Capps' stated in his interview that Wise would help him out of tickets as stated by Plaintiffs, but that is a factual issue not relevant here.

2

stated it had possession of the "Office of the Attorney General's prosecution file" and believed "this file is also in the possession of the Plaintiffs and would be duplicative if produced."

Louisville went on to advise Plaintiffs that "said file is available for viewing and inspection at the office of the undersigned." Plaintiffs have made no request to view and/or inspect this file. Further, as the Meade County Commonwealth Attorney was the prosecuting agency, Louisville Metro would have no prosecution file.

Finally, Plaintiffs attempt to liken this issue with a previous case involving an allegedly similar issue, *Porter v. Louisville Metro, et al.*, 12-CV-829 (CRS). As current counsel for the Louisville Defendants were not involved with that case, they cannot speak to what occurred there but are unable to see how it is relevant. However, it appears from the opinion Plaintiffs provided at their Exhibit E, the Louisville Defendants in *Porter* had made it known that there was an ongoing investigation and were claiming some discovery was privileged based on the on-going investigation privilege.

Even if there was some reason that the procedural history of the *Porter* case is relevant to the issue before the Court today, it is an entirely different situation. In the instant matter, there is a disagreement about whether LMPD is even conducting an investigation; not, as in the *Porter* case, whether some discovery is privileged due to an ongoing investigation.

### Subpoenaed Grand Jury Testimony Surreptitiously Obtained

As the Court is aware, Plaintiffs subpoenaed the grand jury materials from the office of the special prosecutor in *Commonwealth v. Mark Handy* on April 2, 2019. Defendant Mark Handy and the Commonwealth of Kentucky both moved to quash the subpoena in this matter. Following a telephonic status conference on June 5, 2019 in which the pending Motions to Quash were discussed, the Court issued an Order on June 7 stating those motions were under advisement of the Court. (*See*, DN 93).

On July 16th, Elliot Slosar and Amy Staples, part of Plaintiff Clark's legal counsel, advised counsel for the Louisville Defendants that they had subpoenaed Louisville Defendant James Clark to testify in the case of *Commonwealth v. Keith West* in Jefferson Circuit Court on July 19th. Mr. Slosar and Ms. Staples represent Keith West in his post-conviction relief proceedings.

Upon the undersigned's review of the case of *Commonwealth v. Keith West*, it was discovered that on July 2, 2019, without notice to the parties of this action or advisement to this Court, Plaintiff Clark's counsel filed a Motion for Release of Grand Jury Materials in *Commonwealth v. Mark Handy* requesting the state court to order the special prosecutor to produce the grand jury materials. The requested grand jury materials are the same materials Plaintiffs' subpoenaed in the instant matter, which is currently under advisement of this Court. (*See*, DN 93).

The Jefferson Circuit Court granted Plaintiff Clark's counsel's Motion for Release of the Grand Jury Materials on July 8, 2019 and the Plaintiffs are now in possession of these materials. This was not disclosed to the parties in this action nor, to our knowledge, the Court.

This creates a litany of issues as the parties attempt to move forward with discovery in this matter. First, one or more of the Louisville Defendants testified before the subject grand jury. Plaintiff should not be permitted to examine those defendants without the defendants having seen

3

their prior sworn testimony; this has already caused the delay in deposing a Louisville Defendant. Secondly, the bell cannot be un-rung; Plaintiff Clark's counsel cannot simply ignore any knowledge they have gained as a result of their review of the subpoenaed grand jury materials as they proceed in this case. Unless the Court denies the Motions to Quash in this matter, the Louisville Defendants are apprehensive and uncertain as to the best way to proceed without being on the same playing field as to the knowledge gleaned from the subpoenaed grand jury materials.

This should not be taken as any indication of the Louisville Defendants' position on the relevance or importance of said materials; however, Plaintiffs did subpoena them so there is some belief, at least on their part, of the relevance. If the grand jury materials do turn out to be relevant, half of the combined Plaintiffs' legal team having knowledge while the rest of the parties do not seems quite unfair in moving forward on this matter. This will also create an issue if the Court decides to grant the Motions to Quash.

Sincerely,

*Annale R. Taylor*

Peter F. Ervin
Annale R. Taylor
Assistant Jefferson County Attorneys

cc: All Counsel (via ECF)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NO. 3:17-cv-00419-DJH

JEFFREY DEWAYNE CLARK and
GARR KEITH HARDIN                                                                PLAINTIFFS

v. **AFFIDAVIT OF ASSISTANT JEFFERSON COUNTY ATTORNEY PETER ERVIN**

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, *ET AL*                                                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Comes the Affiant, Peter F. Ervin, and after having first been duly sworn, states as follows:

1. I, Peter F. Ervin, am over eighteen (18) years of age and am competent to testify as to the matters set forth herein from my personal knowledge and from that as reported to me by co-counsel Annale R. Taylor, Assistant Jefferson County Attorney.

2. I am currently an Assistant Jefferson County Attorney in the Jefferson County Attorney's Office of Louisville, Kentucky and have been for the time relevant to the matters set forth herein.

3. I wrote the email dated July 10, 2019 at 4:25 p.m., which is attached to this Affidavit as Exhibit A.

4. That the facts stated within Exhibit A are true and accurate to the best of my knowledge.

5. That the facts within Exhibit A is incorporated herein.

6. Further, the Affiant sayeth naught.

                                                                    _____
                                                                    Peter F. Ervin

1


EXHIBIT A

COMMONWEALTH OF KENTUCKY   )
COUNTY OF JEFFERSON        )

Subscribed, sworn, and acknowledged before me by Peter F. Ervin this 16th day of August, 2019.

_____
Notary Public – State at Large

My commission expires: Sept 12, 2020

2

# Taylor, Annale

**From:** Ervin, Peter F.
**Sent:** Wednesday, July 10, 2019 4:26 PM
**To:** Len Kamdang; Keith Bond
**Cc:** Rick Sawyer; Elliot Slosar; Abner, David B (Justice); Amy Staples; Andrew Garverich; Anna Benvenutti Hoffmann; Brammell, William, H; Cody D Weber (KSP); Dana Grant; Emma Freudenberger; Jason Morgan; Jason R. Hollon; Langston Glaude; Larry Simon; Larry Simon; Nick Brustin; Pellino, Andrew, D; Robin L (KSP); Steve Amato; Taylor, Annale; Wicker, Kent J.; dasamwaru@dbllaw.com; dpritchard@mmlk.com; dsamwaru@dbllaw.com; dwalker@mmlk.com; Johnson, Judi L; kcampbell@dbllaw.com; Kimberly Kidd; nbrothers@clblegal.com; pfervin3@yahoo.com; pfulkerson@clblegal.com; rvedder@mmlk.com
**Subject:** RE: HARDIN/CLARK v. LOUISVILLE et al - Pending Requests and Additional Issues

Counsel,

At the beginning of today's deposition of Clifford Capps, we provided a copy of recordings made during an investigation conducted by the Kentucky Attorney General's Office. Following the adjournment of the deposition, plaintiffs' counsel made a statement for the record regarding the timeliness of the disclosure of this material. For the record, counsel for Metro and related defendants was not aware of the recordings at the time it filed its initial disclosures. Nor were they aware of the recordings at the time they responded to written discovery served by the plaintiffs. On inquiry, after roomer of an ongoing investigation, on March 18, 2019, counsel learned that there was no ongoing LMPD investigation into the murder of Rhonda Sue Warford, but that the KyOAG was investigating with assistance of an LMPD officer. On April 24, 2019, counsel attempted to determine the nature of information that LMPD may be in possession of. On June 5, 2019, counsel had their first opportunity to meet with LMPD personnel and obtain the materials they possessed in relationship to the KyOAG investigation. The attorney managing the discovery materials in this matter left for a 2 week vacation shortly thereafter without any opportunity to identify or digest the materials. On July 3, 2019, counsel provided Amended Disclosures identifying the materials which were produced today. Peter

Peter F. Ervin
Assistant County Attorney
Office of Mike O'Connell, Jefferson County Attorney
531 Court Place, Suite 900
Louisville, Kentucky 40202
(502) 574-6621

**From:** Len Kamdang <len@nsbcivilrights.com>
**Sent:** Tuesday, July 9, 2019 2:26 PM
**To:** Keith Bond <rkbond@clblegal.com>
**Cc:** Rick Sawyer <rick@nsbcivilrights.com>; Elliot Slosar <elliot@loevy.com>; Abner, David B (Justice) <dabner@ky.gov>; Amy Staples <amy@loevy.com>; Andrew Garverich <agarverich@clblegal.com>; Anna Benvenutti Hoffmann <Anna@nsbcivilrights.com>; Brammell, William, H <bbrammell@dbllaw.com>; Cody D Weber (KSP) <cody.weber@ky.gov>; Dana Grant <dgrant@dbllaw.com>; Emma Freudenberger <emma@nsbcivilrights.com>; Ervin, Peter F. <Peter.Ervin@louisvilleky.gov>; Jason Morgan <jmorgan@mmlk.com>; Jason R. Hollon <jhollon@mmlk.com>; Langston Glaude <langston@nsbcivilrights.com>; Larry Simon <larrysimonlawoffice@gmail.com>; <larrylawyerguy@aol.com>; Nick Brustin <nick@nsbcivilrights.com>; Pellino, Andrew, D <apellino

*EXHIBIT Affidavit A*

1

Scott, James O (KYOAG)
_____

**From:** Heck, Jon (KYOAG)
**Sent:** Monday, May 14, 2018 9:21 PM
**To:** Scott, James(Jay) (KYOAG)
**Subject:** Re: RE:

That sounds good. I'll see you in the morning.

Sent from my iPhone

On May 14, 2018, at 6:42 PM, Scott, James(Jay) (KYOAG) <James.Scott@ky.gov> wrote:

> Jon,
> I will be at the Louisville office all day Tuesday. I will arrive in the morning around 7am. If you are dropping off any documents just leave them in my office chair if I am not there or you can send them to me electronically. Thanks Jay
>
> **From:** Heck, Jon (KYOAG)
> **Sent:** Monday, May 14, 2018 9:04 AM
> **To:** Wright, Michael A (KYOAG)
> **Cc:** Scott, James(Jay) (KYOAG)
> **Subject:**
>
> Mike
> As planned, Jay and I met with members of LMPD on Friday, May 11, 2018. Present for LMPD was Major Todd Kessinger, Lt. Emily McKinley, Sgt. Dan Miracle and Det. Brian Peterson. Major Kessinger reiterated what I was told last week by Sgt. Miracle, that LMPD is prepared to assist in an investigation of James Whitely but will not be the lead agency. It is there opinion that since an arrest was made and the suspects were subsequently convicted there case is closed. I spoke with Jay at the Louisville office after the meeting. He will get up to speed on the case execute the warrant if so directed by the office. We planned to meet with you (and hopefully John Moberly) to discuss how this office wished for him to proceed.
> Jon

1

