**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:17-CV-419-CRS-CHL**

**JEFFREY DEWAYNE CLARK, et al.,**                               **Plaintiffs,**

v.

**LOUISVILLE JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**                                    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motions to Quash filed by Defendant, Mark Handy ("Handy"), and Movant, Commonwealth of Kentucky (the "Commonwealth"). (DNs 84, 85.) Plaintiffs Clark and Hardin filed a response in opposition to the Motions (DN 87), and Handy filed a reply in support (DN 89). Therefore, this matter is ripe for review.

For the reasons set forth below, Handy's and the Commonwealth's Motions to Quash (DNs 84, 85) are **GRANTED**.

**I.     BACKGROUND**

This case involves Plaintiffs' convictions for the murder of Rhona Sue Warford by a Meade County, Kentucky jury in 1995. (DN 78-1, at PageID # 587.) Handy, at that time a homicide detective with Louisville Metro Police Department, assisted the Meade County Sheriff's Office in investigating the murder. (*Id.* at 588.) After they each spent twenty-two years in prison, Plaintiffs' convictions were vacated. (*Id.*; DN 83, at PageID # 608-09.) Plaintiffs have now filed suit against Handy and other Defendants alleging "that Handy and other Defendants caused their wrongful conviction by fabricating inculpatory evidence and suppressing exculpatory evidence." (DN 83, at PageID # 609-10.) Plaintiffs have alleged that Handy falsified statements he attributed to Plaintiffs and falsely testified to those same statements at trial. (*Id.* at 610.) Plaintiffs alleged in

both their Complaint and their response to Handy's Motion to Stay Discovery, which the Court will decide by separate order, that Handy has a history of this type of misconduct. (*Id.* at 610-11; DN 39, at PageID # 241, 249-50.)

Handy is current being prosecuted for perjury and tampering with physical evidence as a result of his role in the investigation and prosecution of Keith West ("West") and Edmund Chandler ("Chandler"). *Commonwealth v. Handy*, No. 18-CR-2871, Jefferson Circuit Court, Jefferson County, Kentucky (filed Sept. 26, 2018). On April 2, 2019, counsel for Plaintiff Clark issued a subpoena to the office of the special prosecutor in *Commonwealth v. Handy* requesting a copy of "[a]ny and all grand-jury transcripts, recordings, or other materials relied upon by the grand-jury leading to the indictment of Mark Handy for perjury and tampering with physical evidence in September of 2018." (DNs 84-2, 85-1.) Both Defendant Handy and the Commonwealth, upon whom the subpoena was served, have moved to quash the subpoena. (DNs 84, 85.)

The Commonwealth argued that in Kentucky, grand jury materials and transcripts are kept secret pursuant to the Kentucky Rules of Criminal Procedure and that any disclosure not provided for by law is punishable as contempt of Court. (DN 85, at PageID # 635-36.) While recognizing that this Court is not bound by Kentucky's Rules of Criminal Procedure, the Commonwealth argued that Kentucky's rules regarding grand jury secrecy are simply an application of the common law principle that grand jury proceedings should be secret. (*Id.* at 636.) The Commonwealth argued that "comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his requests and has ruled on the continuing need for secrecy." (*Id.*) Further, the Commonwealth asserted that even if this Court was not inclined to direct Plaintiff Clark to seek relief in state court, Clark had not

2

established that the testimony and materials heard by the grand jury cannot be gained through depositions and other civil discovery tools in this case. (*Id.* at 637.) Given that Clark had not made the requisite showing of necessity, the Commonwealth asked this Court to quash the subpoena. (*Id.*)

Handy argued that the subpoena improperly sought disclosure of protected materials. (DN 84, at PageID # 626.) Handy likewise cited that grand jury proceedings are kept secret pursuant to Kentucky Rule of Criminal Procedure 5.24(1). (*Id.* at 627.) Handy echoed the Commonwealth's argument that this Court should direct Plaintiff Clark to petition the state circuit court for disclosure of the materials as directed in a similar case in the Eastern District of Kentucky. (*Id.* at 627-28.)

In response, Plaintiffs argued that forcing them to seek disclosure of the grand jury transcripts in state court would bring this litigation "to a standstill." (DN 87, as PageID # 676-77.) Plaintiffs argued that grand jury transcripts and materials are properly disclosed upon a showing of particularized need and cited authority to support their argument that the need to impeach witnesses, test credibility, or refresh recollection were particularized needs. (*Id.* at 677-78.) Plaintiffs asserted that their prosecutions were the result of routine practices by the Meade County Sheriff's Office and the Louisville Metro Police Department "to pursue wrongful prosecutions and wrongful convictions through reckless and profoundly flawed investigations and fabricated evidence." (*Id.* at 679-80.) Because Defendant Woosley and other witnesses in this matter testified before the grand jury, Plaintiffs argued that the transcripts were necessary to impeach, refresh the recollection, or test the credibility of these witnesses. (*Id.* at 680-81.) Plaintiffs also argued that

3

Defendant Handy would have access to the grand jury materials, thereby putting them on an unlevel playing field in preparing for depositions.[1] (*Id.* at 681-82.)

Handy filed a reply in which he largely distinguished authorities relied upon by Plaintiffs and emphasized that here, Plaintiff Clark sought disclosure of grand jury materials from "a completely separate[ ] and disconnected prosecution." (DN 89, at PageID # 700.) Handy also emphasized that there were other ways Plaintiffs could obtain information regarding the testimony before the grand jury, including through depositions, "without breaching the sanctity of the grand jury:" (*Id.*)

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 45 governs the scope of subpoenas served upon third parties. Rule 45 allows a party to command a non-party to attend a deposition, produce documents, or permit an inspection of premises. Fed. R. Civ. P. 45(a)(1). Rule 45 requires the Court to quash or modify a subpoena that "requires disclosure of a privileged or protected matter" if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii). It also requires the Court to quash or modify a subpoena when it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

### B. Analysis

The subpoena at issue in this case seeks disclosure of Kentucky grand jury proceedings. "It has long been recognized that grand juries require a generous zone of secrecy in order to perform their investigative functions." *United States v. Rutherford*, 509 F.3d 791, 795 (6th Cir.

---

[1] During a September 5, 2019 telephonic status conference, the Court was advised that counsel for Plaintiff Clark had likewise obtained the grand jury materials requested in the subpoena by virtue of their post-conviction representation of West. (DNs 102, 103, 105.) Counsel for Plaintiff Clark represented that they had obtained those materials pursuant to a protective order that prevented them from releasing those materials to the Parties in this case, even counsel for consolidated Plaintiff Hardin. (DNs 103, 105.)

4

2007) (quoting *In re Grand Jury Subpoenas*, 454 F.3d 511, 515 (6th Cir. 2006)). *See also Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."). Keeping grand jury proceedings secret serves several important interests, including

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n.6 (1958) (quoting *United States v. Rose*, 215 F.2d 617, 628 (3d Cir. 1954)). *See also Douglas Oil*, 441 U.S. at 218-29. Despite Plaintiffs argument otherwise, the interest in secrecy generally persists even after the resulting criminal case has closed. *See, e.g.*, *Procter & Gamble Co.*, 356 U.S. at 682 ("The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow."); *Douglas Oil*, 441 U.S. at 222 ("[T]he courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries."). In keeping with these interests, Kentucky Rule of Criminal Procedure 5.24(1), the counterpart to Fed. R. Crim. P. 6(e) regarding the grand jury, provides that "all persons present during any part of the proceedings of a grand jury shall keep its proceedings and the testimony given before it secret," though the Rule, like its federal counterpart Fed. R. Crim P. 6(e)(3), does recognize exceptions. Ky. R. Crim. P. 5.24(1); Fed. R. Crim. P. 6(e)(3). For example, Ky. R. Crim P. 5.24(1) states that the secrecy of grand jury

proceedings is "subject to the authority of the court at any time to direct otherwise." Ky. R. Crim. P. 5.24(1).

Because the determination of whether to release grand jury materials implicates the above interests, some courts have held that the court who supervised the grand jury is in the best position to determine the balance of interests in a particular case because "the supervisory court has first-hand knowledge of the need for secrecy in those particular proceedings." *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 644 (7th Cir. 1980). Courts have further held that

> when state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continuing need for secrecy. Otherwise the potential threat of disclosure orders in subsequent federal civil litigation would seriously weaken the state court's control over the secrecy of this essential component of its criminal justice system.

*Id.* Courts in the Sixth Circuit have likewise found that principles of comity are implicated by a subpoena such as the one served by Plaintiffs here. *See Lawrence for Estate of Hoffman v. Madison Cty.*, No. 5:13-CV-383-GFVT-REW, 2015 WL 13636281, at *6 (E.D. Ky. Feb. 24, 2015) ("The Court, recognizing the principles of comity at play, will thus not order production on this record. Plaintiff can pursue access through Madison Circuit Court, and the Court defers to that court's view on the propriety of releasing a transcript of a grand jury it impanels."); *Brunson v. City of Dayton*, 163 F. Supp.2d 919, 921-23 (S.D. Ohio 2001) ("Principles of comity demand that the judge of the Montgomery County Common Pleas Court, who supervised the Grand Jury which investigated the shooting of Brunson, be afforded the first opportunity to decide whether the testimony and exhibits presented before it can be released.").

Given these authorities, like the courts in *Lawrence* and *Brunson*, this Court will quash the present subpoena and require Plaintiffs to apply to the appropriate Kentucky court to obtain the

materials sought.  The Court recognizes Plaintiffs concerns about further delay being injected into these proceedings but given recent deadline extensions (DN 105) and the fact that Plaintiff Clark's counsel was able to obtain the grand jury materials once already for use in a separate proceeding (DNs 100, 102, 105), the Court finds these concerns unavailing.

Given this ruling, the Court need not address at this time whether Plaintiffs have shown a particularized need for the grand jury materials.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that Handy's Motion to Quash (DN 84) and the Commonwealth's Motion to Quash (DN 85) are **GRANTED**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

September 11, 2019