UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-419-CRS-CHL

**JEFFREY DEWAYNE CLARK, et al.,**                                           **Plaintiffs,**

v.

**LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, et al.,**                                           **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Stay All Discovery Directed to Him Pending Resolution of His Criminal Trial filed by Defendant, Mark Handy ("Handy"). (DN 78.) Plaintiffs filed a response in opposition (DN 83), and Handy filed a reply (DN 86). Therefore, this matter is ripe for review.

For the reasons set forth below, Handy's Motion to Stay (DN 78) is **GRANTED IN PART** and **DENIED IN PART**.

**I.  BACKGROUND**

This case involves Plaintiffs' convictions for the murder of Rhona Sue Warford by a Meade County, Kentucky, jury in 1995. (DN 78-1, at PageID # 587.) Handy, at that time a homicide detective with Louisville Metro Police Department, assisted the Meade County Sheriff's Office in investigating the murder. (*Id.* at 588.) After they each spent twenty-two years in prison, Plaintiffs' convictions were vacated. (*Id.*; DN 83, at PageID # 608-09.) Plaintiffs have now filed suit against Handy and other Defendants alleging "that Handy and other Defendants caused their wrongful conviction by fabricating inculpatory evidence and suppressing exculpatory evidence." (DN 83, at PageID # 609-10.) Plaintiffs have alleged that Handy falsified statements he attributed to Plaintiffs and falsely testified to those same statements at trial. (*Id.* at 610.) Plaintiffs alleged in

both their Complaint and their response to the Motion to Stay that Handy has a history of this type of misconduct. (*Id.* at 610-11; DN 39, at PageID # 241, 249-50.)

The Court initially stayed this matter to permit resolution of Plaintiffs' criminal proceedings. (DN 34.) Shortly after that stay was lifted, on September 26, 2018, Handy was indicted for perjury and tampering with physical evidence related to his role in the investigations of Edwin Chandler ("Chandler") and Keith West ("West"). *Commonwealth v. Handy*, No. 18-cr-2871, Jefferson Circuit Court, Jefferson County, Kentucky (filed Sept. 26, 2018). While Handy was indicted nearly a year ago, the Jefferson Circuit Court has not yet set a trial date in the case. The case is set for pretrial conference on October 8, 2019 and oral argument on a pending Motion to Sever on November 14, 2019.

In the instant Motion to Stay, Handy argued that this Court should stay discovery as to him to prevent him from suffering a penalty for asserting his Fifth Amendment privilege against self-incrimination. (DN 78-1, at PageID # 589-90.) Handy asserted that he will be forced to assert his Fifth Amendment privilege should discovery proceed in this case before his criminal case concludes. (*Id.* at 595.) He argued that forcing the Parties to reconvene a deposition at a later date after his criminal proceedings were resolved would waste time and resources. (*Id.* at 596.) Handy admitted in his motion that the current criminal charges against him relate to the investigation and prosecution of non-parties West and Chandler but argued that Plaintiffs have put his conduct with respect to West and Chandler at the center of their Complaint. (*Id.* at 593.) Handy also argued that "the same policies and practices are at issue in both the civil and criminal cases." (*Id.*) Handy argued that in the meantime "the Plaintiffs may continue to develop their case in other ways, either through their own independent investigation, or by pursuing discovery against the remaining defendants." (*Id.* at 597.)

In response, Plaintiffs argued that Handy's state court criminal proceedings are not related to any investigative actions that led to Plaintiffs' arrests and wrongful convictions. (DN 83, at PageID # 613-14.) However, Plaintiffs acknowledged that any overlap is "murky" because though Handy's state court criminal proceedings themselves are not related to the investigation of Plaintiffs, Plaintiffs intend to use "Handy's longstanding and notorious pattern and practice of misconduct, including misconduct during the Chandler and West investigations" to support their *Monell* claim. (*Id.* at 614.) Plaintiffs argued that given the current status of Handy's state criminal prosecution and the length of time it is expected to continue, a stay is not warranted. (*Id.* at 614-15.) They asserted that any delay prejudices them given the amount of time that has already elapsed between their wrongful convictions and the instant case. (*Id.* at 615-16.)

In his reply, Handy characterized Plaintiffs arguments as seeking a tactical advantage by putting him in the position of choosing between his Fifth Amendment privilege and defending against the "frivolous claims" asserted in this matter. (DN 86, at PageID # 644.) Handy also emphasized that he was seeking a narrow stay that would not prevent Plaintiffs from proceeding with discovery as to other Defendants. (*Id.* at 647-48.)

## II. DISCUSSION

### A. Legal Standard

"[N]othing in the Constitution requires that a civil action be stayed in the face of a pending or impending criminal indictment." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Accordingly, district courts have broad discretion in determining whether a civil action should be stayed due to pending or impending criminal proceedings. *Id.* In determining whether to stay civil proceedings, the Sixth Circuit has held that a district court should consider the following factors:

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
(2) the status of the case, including whether the defendants have been indicted;
(3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay;
(4) the private interests of and burden on the defendants;
(5) the interests of the courts; and
(6) the public interest.

*Id.* In addition to these factors, a district court should also consider "the extent to which the defendant's [F]ifth [A]mendment rights are implicated" and "whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* (quoting *Keating v. Office of Thrifty Supervision*, 45 F.3d 322, 324 (9th Cir. 1989) and *Int'l Bd. of Elec. Workers v. AT&T Network Sys.*, 879 F.2d 864 (6th Cir. 1989) (unpublished)). The burden to demonstrate a stay is on the party seeking the stay. *Id.*

### B. Analysis

Applying the six factors set forth above to the instant case, the Court finds that a stay of all discovery to Handy is not warranted. Instead, the Court will stay all discovery to Handy that relates specifically to his participation in the investigation and prosecution of West and Chandler from which arose the pending criminal charges against him.

As to the first factor, the overlap between the two cases, the Court finds insufficient overlap to justify a stay of all discovery as to Handy. The criminal charges against Handy relate to his actions in the investigation and prosecution of individuals who are not parties to this action and who were not involved in the investigation and prosecution of Plaintiffs herein. Therefore, the Court finds it inappropriate to stay all discovery to Handy. Handy's argument that "the same policies and practices are at issue in both the civil and criminal cases" such that he will be unable to answer even general questions without asserting his Fifth Amendment privilege is unavailing

4

here. (DN 78-1, at PageID # 593.) As one district court in the Eastern District of Kentucky observed, Handy's position

> is not unusual. Federal civil statutes "frequently overlap with the criminal laws." So parallel civil and criminal proceedings are often a possibility. Parallel proceedings are "unobjectionable" unless the movant can show "substantial prejudice to the rights of the parties involved." And [defendant] does not allege any significant prejudice beyond the typical choice whether to invoke his Fifth Amendment rights—a choice defendants must often make, even in the absence of an extra civil proceeding.

*United States v. Conn*, No. 11-157-ART, 2016 WL 4803970, at *7 (E.D. Ky. Sept. 9, 2016) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980)). However, given Handy's arguments and Plaintiffs own concession related to Plaintiffs intent to use Handy's actions in the investigation and prosecution of West and Chandler, the Court finds the first factor weighs in favor of a stay only as to discovery to Handy that bears on those matters.

As to the second factor, the status of the criminal proceeding, Handy has been indicted which at least partially weighs in favor of a stay. This is not a case in which there is merely a pending criminal investigation of unknown status against a party in a civil action. Courts have held that a stay in a civil case is most appropriate where a party to the civil case has already been indicted. *See E.M.A. Nationwide*, 767 F.3d at 628 (quoting *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mechanical*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)); *Boerste v. Ellis, LLC*, No. 3:17-cv-298-GNS, 2017 WL 6377976, at *3 (W.D. Ky, Dec. 12, 2017). Even though Handy has been indicted, there is no trial date set in his criminal action or any way for the Court to estimate when the criminal charges against Handy will be resolved. Especially given the lack of overlap discussed above, the Court finds this uncertainty about when the criminal proceedings against Handy will resolve to weigh against a stay in this matter. The Court is mindful of its directive to "administer" litigation in a "just, speedy, and inexpensive manner." Fed. R. Civ. P. 1. Accordingly, the Court will not impose a stay of all discovery given the indefinite length of

Handy's criminal prosecution. Therefore, the Court finds that the second factor weighs only in favor of a stay as to any discovery related to the investigation and prosecution of West and Chandler for which Handy has been specifically indicted.

As to the third factor, the Plaintiffs' interests, the Court finds the Plaintiffs interests weigh against any stay of discovery to Handy. Whether Handy agrees or not, Plaintiffs have alleged that Handy was the "prime mover" of the investigations and prosecutions of them, that he took "part in nearly all major investigation steps," and gave "key, false testimony at Plaintiffs' trial." (DN 83, at PageID # 610.) Given Handy's alleged centrality to Plaintiffs' claims and given the passage of time described in Plaintiffs' response, the Court finds this factor easily weighs against any stay of discovery.

As to the fourth factor, the defendant's interest, as observed above, given at least partial overlap between the criminal prosecution of Handy and this instant case, this factor weighs in favor of a stay of all discovery. Though Handy has cited no authority compelling a stay simply because he might choose to invoke his Fifth Amendment privilege, the Court recognizes that given the partial overlap, it is likely he might choose to invoke his Fifth Amendment privilege at least as to some questions posed to him.

Both the fifth factor, the Court's interest, and the sixth factor, the public interest, weigh in favor of a stay at least as to that discovery which directly implicates the criminal charges against Handy. While any stay impedes the Court's interest in "speedy" litigation to an extent, a partial stay of discovery keeps the case moving forward at least in some respects. Keeping at least some discovery moving forward as to Handy and all discovery as to the other Defendants is in both the Court's and the public's interest.

As four factors weigh in favor of a partial stay, the Court will grant Handy's Motion in part in so far as it will stay all discovery to Handy related to the investigation and prosecution of West and Chandler for which Handy is currently being prosecuted.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that Handy's Motion to Stay (DN 78) is **GRANTED IN PART** and **DENIED IN PART**. All discovery to Handy related to the investigation and prosecution of West and Chandler for which Handy is currently being prosecuted is **STAYED** pending further Order of the Court.

IT IS FURTHER ORDERED that to assist the Court in determining when to lift the stay, Handy shall file periodic status reports regarding the progress of the criminal action. Handy's first status report is due on or before **October 15 , 2019**. Handy shall file subsequent status reports every **sixty (60) days** thereafter until the stay is lifted.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

September 11, 2019