## AIN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **JEFFREY DEWAYNE CLARK and GARR KEITH HARDIN,** ) ) ) | |
| ) | HON. JUSTIN R. WALKER |
| **Plaintiffs,** ) ) | |
| ) | MAG. COLIN H. LINDSAY |
| v. ) ) | |
| **LOUISVILLE JEFFERSON COUNTY METRO GOVT, et al.,** ) ) ) ) | Case No. 17-CV-419-JRW-CHL |
| **Defendants.** | |

## MOTION FOR ADDITIONAL TIME TO CONDUCT
## THE DEPOSITION OF MARK HANDY

Plaintiffs, through their counsel, respectfully move the Court for an order allowing Plaintiffs additional time to take the deposition of Defendant Mark Handy pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure. For one, had Plaintiffs' cases not been consolidated, they would each be entitled to 7 hours to depose Handy—for a total of 14 hours. Moreover, as the most active detective, Handy played a central role in the investigation, arrest, and prosecution of both Plaintiffs. He is also the key witness in several other cases that are critical to Plaintiffs' municipal liability claims against the City of Louisville, including the case in which he recently pled guilty to perjury. For these reasons, Plaintiffs need additional time to ensure Handy can be questioned on all relevant topics. Plaintiffs thus respectfully request the Court permit them to depose Handy over two days for a total of 14 hours.

1

## Background

Plaintiffs Garr Keith Hardin and Jeffrey Clark were wrongfully convicted in 1995 of the murder of Rhonda Sue Warford—a crime they did not commit. (D.E. 38 (Am. Compl.)). They spent twenty-two years of their life wrongfully incarcerated for that crime, until recent DNA testing conclusively demonstrated their innocence. (Am. Compl. ¶ 16). As the Court is aware, Mr. Hardin and Mr. Clark's § 1983 lawsuit alleges that their wrongful convictions were the result of egregious misconduct by several actors—including, most notably, Mark Handy—as well as systemic failure in training, supervision, and discipline by the City of Louisville. (Am. Compl. ¶ 2.)

Defendant Mark Handy was the most active investigator on the Warford murder for the Louisville Metropolitan Police Department ("LMPD"). As such, he was involved in nearly every critical step of the investigation: He was present for and conducted multiple interviews of Mr. Hardin and Mr. Clark; he was involved in the search of Mr. Clark's car and in Mr. Clark's arrest; and he conducted interviews with numerous third-party witnesses, including several key witnesses against Mr. Clark and Mr. Hardin. Critically, Plaintiffs have alleged that Handy committed numerous acts of misconduct throughout his investigation including fabricating that Mr. Hardin told him that he practiced Satanic animal sacrifice and wanted to move onto human sacrifice (Am. Compl. ¶¶ 7, 51–55), conspiring with other Defendants to develop the false theory that the murder had been a Satanic ritual killing (Am. Compl. ¶ 5), along with Defendant Joseph Greer, threatening Mr. Clark

with a pistol in an attempt to coerce a false confession from him (Am. Compl. ¶¶ 66–69), conspiring with other Defendants to manipulate the victim's time of death after learning that Mr. Hardin and Mr. Clark had alibis for the timeframe they initially believed she had been killed (Am. Compl. ¶¶ 87–93), suppressing exculpatory evidence and intentionally failing to investigate Mr. Clark and Mr. Hardin's alibis (Am. Compl. ¶¶ 51, 94–96), and fabricating inculpatory evidence—including by feeding non-public facts about the crime to third party witnesses (Am. Compl. ¶ 51).

Plaintiffs have also alleged that Handy's egregious misconduct in this case was not an isolated incident, but rather part of a long-standing and well-known pattern in the LMPD at the time of fabricating inculpatory evidence and destroying or concealing exculpatory evidence. (Am. Compl. ¶¶ 46-50, 113–15). Handy engaged in precisely the same misconduct alleged here in at least two other homicide cases—causing the wrongful convictions of Edwin Chandler and Keith West. (Am. Compl. ¶¶ 149–71). In Mr. Chandler's case, as here, Handy fabricated a false inculpatory statement from an innocent suspect and also fed non-public facts to third-party witnesses.[1] Similarly, in Mr. West's case, Handy suppressed exculpatory physical evidence and fed non-public facts to other witnesses.

---

[1] As the Court is aware, in 2018, Handy was indicted on one count of perjury in the first degree and one count of tampering with evidence in the Criminal Division of the Jefferson Circuit Court, based on his misconduct that lead to the wrongful conviction of Edwin Chandler and Keith West. *See* Def. Mark Handy's Report on Status of Criminal Proceedings (D.E. 135). On June 2, 2020, Handy pled guilty to one count of perjury. His sentencing is currently scheduled for July 28, 2020. *Id.* Plaintiffs will also need to question Mr. Handy regarding these recent, highly relevant proceedings during his deposition.

Additionally, although Handy has asserted that he would assert his Fifth

The details of Handy's misconduct in these two cases (and other cases Plaintiffs may discover during their ongoing review of Handy's old case files, which the City produced just last month) are central to Plaintiff's municipal liability claims, as similar misconduct in at least three other homicide cases and caused the convictions of three other innocent men, Edwin Chandler, Keith West, and William Gregory. *Id.* ¶¶ 149-71. Plaintiffs have alleged that Handy's practice of fabricating inculpatory evidence and concealing or destroying exculpatory evidence to convict innocent people was widely known to his supervisors and within the LMPD, and that LMPD acted with deliberate indifference to Handy's routine, extreme misconduct and failed to train, supervise, discipline, or otherwise remediate Handy's misconduct. (Am. Compl. ¶¶ 168-71).

Because of Handy's extensive and critical role in both this case and other relevant cases, Plaintiffs' counsel anticipated the need for additional time with him and reached out to Handy's counsel to request an additional seven-hour day of questioning. After Handy's counsel indicated that he would not consent to any additional time, Plaintiffs informed all parties of their intention to seek more time from the Court, and this motion followed.

## Legal Standard

Although Rule 30(d)(1) of the Federal Rules of Civil Procedure generally limits a deposition to a single day of 7 hours, the Rule on its face provides for

---

Amendment rights at his deposition before his criminal prosecution concluded, Plaintiffs' understanding is that, once Handy's sentencing is completed, he will answer questions at his deposition.

4

extension beyond that presumptive limit "if needed to fairly examine the deponent[.]" Fed. R. Civ. P. 30(d)(1); *accord Pogue v. NorthWestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 3044763, at *11 (W.D. Ky. July 18, 2017). Indeed, under the Rule, courts "*must* allow additional time" if it is necessary for a fair examination of the witness. Fed. R. Civ. P. 30(d)(1) (emphasis added). "Thus, the Court has an obligation to permit additional time, if the circumstances require that a fair examination of the deponent run longer." *MRP Prop., LLC v. United States*, No. 17-cv-11174, 2020 WL 1640161, at *2 (E.D. Mich. Apr. 2, 2020); *see also* Fed. R. Civ. P. 30 Ad. Comm's Notes, 2000 Amendments (additional time to be granted on a showing of "good cause").

In assessing whether there is good cause to grant additional time, the Advisory Committee's Notes to Rule 30 set out a "variety of factors" that courts are to consider including whether "the examination will cover events occurring over a long period of time," and, "[i]n multi-party cases, the need for each party to examine the witness." Fed. R. Civ. P. 30 Ad. Comm's Notes, 2000 Amendments. These factors are not exclusive; rather, the Rule "broadly requires the Court to allow additional time 'if needed to fairly examine the deponent[.]'" *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13-CV-01316-JMS, 2015 WL 4458903, at *3 (S.D. Ind. July 21, 2015) (quoting Fed. R. Civ. P. 30(d)(1)); *accord Blackmon v. Bd. of Cnty. Com'rs of Sedgwick Cnty., Kan.*, 2011 WL 663195 (D. Kan. 2011).

**Argument**

Plaintiffs have amply met the good cause standard for additional time here for several reasons. First and foremost, there are two Plaintiffs in this case—Garr Keith Hardin and Jeffrey Clark. As the Advisory Committee's Notes to Rule 30 describe, "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time[.]" *Id.* Just so here: although the cases have been consolidated in the interests of efficiency and judicial economy (*see* D.E. 31, 34), Plaintiffs' cases are prosecuted by separate counsel and include some overlapping and some distinct claims. Had the cases not been consolidated, each Plaintiff would be entitled to question Handy for 7 hours, or 14 hours total. *See* Fed. R. Civ. P. 30(d)(1). Courts have consistently permitted additional time in these circumstances, as instructed by the Advisory Committee Notes. *See, e.g.*, *McBride v. Medicalodges, Inc.*, No. 06-cv-2535, 2008 WL 1774674, at *2 (D. Kan. Apr. 16, 2008) ("Plaintiffs have good reason for additional time to question [the witness]. They correctly point out that, had their cases not been consolidated, each plaintiff would presumably have been able to depose [the witness] for seven hours."); *Marshall v. GE Marshall, Inc.*, No. 09-cv-198, 2012 WL 405714, at *1 (N.D. Ind. Feb. 8, 2012) ("Each defendant is entitled to depose the plaintiff on each of the claims and the numerous documents. Although defense counsel must avoid duplicative questioning, the issues and discovery are voluminous enough to warrant additional time.").

Second, more time is necessary given Handy's central role in both the underlying investigation in this case and in several other cases critical to Plaintiffs'

6

municipal liability claims. In this investigation alone, Handy committed or participated in nearly every allegation of misconduct over the course of many years—from the Warford murder in April 1992 to Plaintiffs' wrongful convictions in March 1995 and throughout their post-conviction proceedings until their exoneration in 2018. Courts routinely grant additional time for the examination of such critical witnesses. *See, e.g.*, *Dow Chem. Co. v. Reinhard*, No. 07-cv-12012, 2008 WL 1735295, at *4 (E.D. Mich. Apr. 14, 2008) (granting an "additional single day of seven hours" based on the witness's "central role in the events giving rise to [the] claims"); *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, No. 14-cv-0006, 2016 WL 11033846, at *3 (N.D. Ind. Nov. 4, 2016) (granting additional time because the witness was "[a]t the heart of the…issues in this case, as her role spanned four years…, her name is included in a plethora of documents and communications, and this is a complex case…."); *McBride*, 2008 WL 1774674, at *2 (finding good cause for additional time as witness "appears to be a key player, directly involved in the claims of all three Plaintiffs"); *Lassiter v. Hidalgo Med. Servs.*, No. 17-cv-0850, 2018 WL 3377707, at *2 (D. N.M. July 11, 2018) (finding good cause to extend deposition of "principal witness").

Tellingly, only one other witness in this case had involvement remotely comparable to Handy's in the underlying investigation—Defendant Joseph Greer— and after one day of deposition the parties reached an agreement to permit him to be deposed for an additional 3 hours on a separate day. See Fed. R. Civ. P. 30 Ad. Comm's Notes, 2000 Amendments (noting that "[i]t is expected that in most

instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court" and that "preoccupation with timing is to be avoided"). Although there is far more reason that more time is necessary with Handy, as Greer had no involvement whatsoever in other cases relevant to Plaintiffs' municipal liability claims, Handy's counsel has refused to consent to any additional time for his deposition.

By comparison, Handy is a critical witness in at least two other cases—Chandler and West—which reveal a pattern of the same misconduct by Handy and deliberate indifference by his same supervisors.[2] These additional cases are also complex and involve many thousands of pages of documents, many of which will need to be made into exhibits and shown to Handy during the course of his deposition. This line of questioning is essential to Plaintiffs' municipal liability claims but will necessarily require substantial time with Handy. Indeed, Plaintiffs must be able to explore not only Handy's involvement in the initial investigation and prosecution in those cases (which spanned from 1992 to 1997) but also his testimony and representations in post-conviction proceedings to date, including his current criminal prosecution for perjury in the Chandler case.

---

[2] Moreover, Plaintiffs recently received from Defendants over 60,000 pages of additional homicide files that Handy worked on as a detective. Plaintiffs' review of those files may uncover additional cases in which Handy engaged in the same pattern of misconduct by fabricating inculpatory evidence and/or concealing and destroying exculpatory evidence to secure convictions. If so, Plaintiffs will need to devote yet more time to questioning Handy about those cases.

As recognized by the Advisory Committee, Handy is precisely the sort of witness for whom additional time should be granted. *See* Fed. R. Civ. P. 30 Ad. Comm's Notes, 2000 Amendments ("If the examination will cover events occurring over a long period of time, that may justify allowing additional time."); *see also Indianapolis Airport Auth.*, No. 1:13-CV-01316-JMS, 2015 WL 4458903, at *4 (S.D. Ind. July 21, 2015) (holding that "testimony included events...spanning several years…indisputably…weighs in favor of extending the deposition"); *accord Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, No. CV 11-2405, 2017 WL 2256888, at *2 (E.D. La. May 23, 2017).

Nor is Handy's centrality limited to his own misconduct. Plaintiffs have alleged that, in addition to committing misconduct himself, Handy worked closely with the other individual Defendants in this case—including but not limited to Joseph Greer, James Griffiths, Charles Edelen, and Jim Woosley—to wrongfully prosecute and convict Mr. Hardin and Mr. Clark. (Amend. Compl. ¶¶ 62, 64, 69, 70, 113-115). Therefore, Plaintiffs will need to question Handy about not only his own involvement, but also his interactions with the other Defendants in this case—in particular his supervisors (who also supervised him in the Chandler and West cases). Given the broad scope of the misconduct, the many people involved, and the long timeline over which this misconduct occurred, Plaintiffs cannot adequately question Mr. Handy on these topics within the usual 7 hours. *See Indianapolis Airport Auth.*, 2015 WL 4458903, at *4 (holding that that where a deponent is "a

9

central witness to the case and his testimony will involve a large volume of documentary evidence," that favors granting additional time for a deposition).

In sum, because there are two Plaintiffs in this action, and in light of the complexity and long timeframe of Handy's misconduct in this case, the centrality of Handy to Plaintiffs' allegations, and the complexity and scope of the municipal liability allegations about which Plaintiffs will need to question Handy, Plaintiffs cannot complete Handy's deposition within the ordinary 7 hours. Plaintiffs have therefore amply met the good cause standard to grant additional time to question Handy. *See* Fed. R. Civ. P. 30 Ad. Comm's Notes, 2000 Amendments. Plaintiffs seek only an additional seven-hour day or 14 hours total—no more than Plaintiffs would have had if their cases had not been consolidated.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs a total of 14 hours over two days to depose Defendant Mark Handy.

**Respectfully submitted**,

/s/Nick Brustin
Barry Scheck
Nick Brustin
Anna Benvenutti Hoffmann
Katie McCarthy
Kate Fetrow
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York 10013

/s/Larry Simon
Larry D. Simon (Ky. Bar No. 64355)

10

Attorney at Law
Kentucky Home Life Building, 17th Flr
239 South Fifth Street
Louisville, KY 40202

***Attorneys for Plaintiff Garr Keith Hardin***

/s/Elliot Slosar
Arthur Loevy
Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson Staples
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607

***Attorneys for Plaintiff Jeffrey Clark***

Attorney at Law
Kentucky Home Life Building, 17th Flr
239 South Fifth Street
Louisville, KY 40202

***Attorneys for Plaintiff Garr Keith Hardin***

/s/Elliot Slosar
Arthur Loevy
Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson Staples
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607

***Attorneys for Plaintiff Jeffrey Clark***

## **CERTIFICATE OF SERVICE**

      I, Kate Fetrow, hereby certify that on July 15, 2020, I filed the foregoing motion via the Court's CM/ECF System and thereby served a copy on all counsel of record.

                                    <u>/s/Kate Fetrow</u>
                                    Neufeld Scheck & Brustin, LLP