# IN THE UNITED STATES OF DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| JEFFREY DEWAYNE CLARK, and GARR KEITH HARDIN <br><br> Plaintiffs, <br><br> v. <br><br> LOUISVILLE JEFFERSON COUNTY METRO GOV'T, ET AL. <br><br> Defendants. | Case No. 3:17-cv-419-DJH |

## MEMORANDUM IN SUPPORT OF PERRY T. RYAN'S MOTION TO QUASH PLAINTIFFS' SUBPOENAS

Comes now, Perry T. Ryan, Assistant Attorney General (hereinafter "Ryan"), by and through counsel, and in support of his Motion to Quash Plaintiffs' Subpoenas, states as follows:

### BACKGROUND

The Plaintiffs in this action have sent notice to Ryan's counsel of their intent to serve upon Ryan, a non-party, a subpoena duces tecum commanding his production of a broad array of documents (attached as exhibits 1-3 are copies of the subpoenas and a Rider for ease of reference) relating to Plaintiffs' underlying murder prosecution and conviction in the Meade County Circuit Court as well as another subpoena to testify at a deposition. Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii) and(iv), Ryan moves to quash the subpoenas because the subpoenas command his production of documents and disclosure of information and material largely irrelevant to this proceeding which is also either: (i) outside of his custody and control; (ii) subject to the attorney work product privilege or the attorney-client privilege; or (iii) relating to proceedings confidential under Kentucky law, and compliance with the subpoenas would impose an undue and completely

unnecessary burden on him.

As required by Fed. R. Civ. P. 45(e)(2)(A)(2), the following items have been located by Ryan that are within his custody and control that would be subject to the instant subpoenas if not privileged as described herein: (i) various emails and computer files.

## STANDARD OF REVIEW

Among the appropriate factors for the Court to consider with regard to a motion to quash are whether there are other viable means to obtain the same evidence, and to what extent the information sought is relevant, non-privileged, and crucial to the moving party's case. *Bogosian v. Woloohojian Realty Corp.,* 323 F.3d 55, 66 (1st Cir. 2003) (*citing Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726, 729-30 (8th Cir. 2002) and *Gould, Inc. v. Mitsui Mining & Smelting Co., Ltd.*, 825 F.2d 676, 680, n. 2 (2nd Cir. 1987)). The Court may consider the movant's non-party status when weighing the burdens imposed in connection with the subpoena at issue. *S.E.C. v. Seahawk Deep Ocean Technology, Inc.*, 166 F.R.D. 268, 269 (D. Conn. 1996).

## ARGUMENT

Ryan objects to the Plaintiffs' command to produce all parts of the prosecution file from Kentucky's Office of the Attorney General not previously produced by that office, any documents or material relating to his representation of the Commonwealth of Kentucky ("Commonwealth") as prosecutor, the production of any documents related to any confidential attorney disciplinary investigation and the demand to testify at a deposition, as both the production and testimony are protected from disclosure by the either the attorney work product privilege, attorney-client privilege, or are confidential under Kentucky law. Further, the information sought is irrelevant to the issues to be decided in this case, is not within Ryan's custody or control or available from other sources and production by way of a subpoena constitutes an undue burden on Ryan.

It should first be pointed out that Ryan, in addition to being a non-party to the instant

litigation, had no involvement in the investigation, prosecution and conviction of the Plaintiffs of the murder charges which relate to and give rise to the allegations in the Complaint in this case. Ryan's involvement with the murder cases was as an attorney for the Commonwealth employed by the Office of the Attorney General and occurred entirely post-conviction. He has absolutely no first-hand knowledge of any facts relevant to the fundamental issue to be decided in this case, that being whether or not law enforcement had probable cause to arrest Plaintiffs following an investigation in the early 1990's.

Second, Ryan does not have custody or control of the Office of the Attorney General's prosecution files. He is not aware of how the Office of the Attorney General gathered and produced the documents that it previously produced to Plaintiffs in 2019 or the bases upon which that office made its objections to the production of any other documents that may be contained within those files. He is not authorized by the Office of the Attorney General to produce any material from any prosecutorial file nor to provide any information relating to any third-party regarding any matter in which he is involved as an attorney for the Commonwealth outside of the scope of that necessary to perform his duties in that function. Further, and as described below, all documents that comprise communications or materials prepared or gathered by Ryan within the scope of his duties are subject to the work product privilege.

The United States Supreme Court has recognized the existence of the attorney work product privilege since 1947. *See Hickman v. Taylor*, 329 U.S. 495 (1947). It "is distinct and broader than the attorney-client privilege." *United States v. Nobles*, 422 U.S. 225, 238 (1975). Though Ryan is not a party to the present litigation, "[n]onetheless, courts have recognized that 'the inapplicability of Rule 26(b)(3) does not preclude granting similar immunity under the common-law work-product doctrine or the 'good cause' balancing test that is incorporated in Federal Rule of Civil Procedure 26(c)." *Allied Irish Banks, P.L.C. v. Bank of America, N.A.*, 252

F.R.D. 163, 173 (S.D. N.Y. 2008); *see also O'Connell v. Cowan*, 332 S.W.3d34, 44 (Ky. 2010) ("the work product privilege would likewise apply to information sought in a deposition [of a non-party]"). "Although the work product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital." *Nobles*, 422 U.S. at 238.

"The more considered view appears to be that work product protection applies (1) to materials prepared for any litigation … and that (2) because the rule applies equally to one-time litigants and repeat players, the protection survives the termination of the litigation for which it was prepared … and that under the rationale of *Hickman*, non-parties should be able to assert the work product privilege claims even though Rule 26(b)(3) is phrased only in terms of the parties." *Fed. Elec. Comm'n v. Christian Coalition*, 179 F.R.D. 22, 24 (D.D.C. 1998) (internal citations omitted). Therefore, as a blanket proposition, any materials prepared by Ryan in anticipation of litigation in the Office of the Attorney General file are protected by the privilege.

Furthermore, the work product privilege extends to the information sought during a deposition. *O'Connell*, 332 S.W.3d at 44. As such, the Court should bar the deposition of Ryan. An attempt to depose a prosecutor requires special scrutiny due to the potential for misuse and harassment of the attorney. *Id*. Additionally, public policy supports the effective functioning of a prosecutor's office and stands against requiring prosecutors to become subjected to oral discovery regarding their work product. *Id*. A court should only allow a prosecutor to be deposed as a last resort. *Id*. at 45. While the above-mentioned authority derives from the Supreme Court of Kentucky and state procedural law, it is important to note the relevant Kentucky Rules of Civil Procedure closely follow their federal counterpart. *Id*.at 42.

Allowing Ryan to be deposed would be an unwarranted invasion into the mental processes directly related to his role as a prosecutor. Ryan's involvement in the underlying murder case was

primarily limited to an appellate role, after all of the events comprising the criminal investigation, prosecution, and trial that give rise to all of Plaintiffs' claims in this litigation had concluded. There is simply no compelling need for Ryan to supply deposition testimony and, as a result, such would subject him to an undue burden.

There are very limited circumstances in which limited disclosure of portions of a prosecutorial file is proper. "In *Hickman*, the Court introduced a two-tiered protection for the work product of attorneys: nonprivileged facts gathered by an attorney in preparation of litigation can be discovered upon a showing of 'adequate reasons,' but materials reflecting an attorney's opinions, judgments, or thought processes are entitled to a higher level of protection." *Christian Coalition*, 179 F.R.D. at 24, (*citing Hickman*, 329 U.S. at 512). Though the Supreme Court "recognized that discovery of nonprivileged facts would be necessary in some cases … the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reason to justify production through a subpoena or court order." *Id*. (*citing Hickman*, 329 U.S. at 512).

As a threshold matter, there has been no showing as to the necessity of discovery of the prosecutorial file materials or other communications of Ryan in this matter. The information not subject to privilege is available from other sources, if not already in the possession of the Plaintiffs. Even in the event that anything Ryan could testify to would be relevant, it would be unnecessary and improper to require Ryan to turn over the Office of the Attorney General's entire file, even if such was within his custody, possession or control, much less sit for a deposition. As such, the Plaintiffs are unable to advance any "adequate reasons" why these materials should be provided by Ryan, and Ryan should not be subject to providing deposition testimony.

The subpoena duces tecum also requests that Ryan provide all documents "relating to any

disciplinary actions and/or complaints filed against you as an Assistant Attorney General or Special Prosecutor, and any responses and pleadings filed on your behalf." To be clear, Ryan never was appointed Special Prosecutor but appeared many years after the events giving rise to this litigation by virtue of KRS 15.190 to assist then Commonwealth's Attorney David Williams. Such a request of this non-party witness is clearly made for no purpose other than harassment or undue burden. However, pursuant to Kentucky Supreme Court Rule 3.150, in the event that there were such an action or proceeding in a status "prior to a rendition of a finding of a violation of [Kentucky's Rules of Professional Conduct]…and the recommendation of the imposition of a public sanction", the proceeding would be confidential. This Court should preclude any attempt by the Plaintiffs' to elicit from Ryan any information or material that would be confidential under the Rules of the Kentucky Supreme Court. The subpoena also commands the production of any communications between him and the law firm of his undersigned counsel. Without any need for lengthy discussion, all such communications are covered by the attorney-client privilege.

## CONCLUSION

The courts of the United States and Kentucky have unequivocally held that full access to the work product of an attorney, particularly that of a prosecutor, is seldom warranted. *See generally, Hickman*, 329 U.S. at 511; *O'Connell*, 332 S.W.3d at 42-43. The subpoena issued in this matter requests materials that are exempt from disclosure under the attorney work product privilege. Further, Ryan submits that the Plaintiffs are unable to demonstrate a compelling need for the disclosure of this information. Requiring Ryan to be deposed and to provide such information that is either confidential or accessible through other means and from other sources is unduly burdensome.

WHEREFORE, for the foregoing reasons, Perry T. Ryan, a non-party to this action, requests that the Court quash the Plaintiffs' subpoena duces tecum and subpoena for deposition testimony.

        Respectfully submitted,

*/s/ Cary B. Howard, Jr.*
CARY B. HOWARD, JR.
**McBRAYER PLLC**
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
Facsimile: (859) 960-2992
choward@mcbrayerfirm.com
KBA #89864


*/s/ Luke Morgan*
LUKE MORGAN
**McBRAYER PLLC**
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
Facsimile: (859) 960-2992
lmorgan@mcbrayerfirm.com
KBA #83181