**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:17-CV-00419-GNS-CHL**

**JEFFREY DEWAYNE CLARK, et al.,**                                                                 **Plaintiffs,**

**v.**

**LOUISVILLE JEFFERSON COUNTY**
**METRO GOVERNMENT, et al.,**                                                                      **Defendants.**

## ORDER

On September 8, 2021, nonparty Perry T. Ryan ("Ryan") filed a motion to quash subpoenas issued by the Plaintiffs on grounds that the subpoenas implicated attorney-client privilege and the work product doctrine and were unduly burdensome. (DN 207.) Any response to that motion was due on or before September 29, 2021. LR 7.1(c). On September 30, 2021, Plaintiffs filed a motion to strike Ryan's motion to quash alleging that Ryan did not meet and confer with Plaintiffs prior to resorting to motion practice as required by LR 37.1. (DN 214.) Plaintiffs specifically cited Fed. R. Civ. P. 12(f)(2) in support of their motion. (*Id.* at PageID # 1321). However, by its plain language, that rule only provides for the filing of motions to strike *pleadings*; a motion to quash is not a pleading. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); Fed. R. Civ. P. 7(a) (defining pleadings); *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966) (noting that Fed. R. Civ. P. 12(f) "specifically relates to matters to be stricken from pleadings but does not make provision for testing the legal sufficiency of affidavits by a motion to strike"); *Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 118 (6th Cir. 2003) (noting that there is "much support" for construing Rule 12(f) to apply only to pleadings). Plaintiffs provide no other authority to support that it is proper for this Court to strike a motion. If the Court were to reconstrue Plaintiff's

requested relief, the only appropriate conclusion would be to construe it as a response to the motion to quash requesting that the same be denied. However, Plaintiff's failed to timely request that relief, and their motion does not contain a showing of excusable neglect for their failure to do so as required. Fed. R. Civ. P. 6(b)(1)(B); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Accordingly, Plaintiffs' motion will be denied.

However, as stated in the Court's September 27, 2018, order, "[n]o motion pertaining to discovery may be filed without first having a joint telephonic conference with Magistrate Judge Lindsay arranged through his Chambers." (DN 69.) A motion to quash is a discovery motion. While the Court's normal practice would be to deny a motion filed without compliance with this requirement without prejudice, given that Ryan is a nonparty and did not necessarily have notice of the same, the Court will not do so here. Instead, Ryan and the Parties are directed to jointly contact the undersigned's Case Manager as set forth below to schedule a telephonic status conference regarding the discovery dispute underlying the motion to quash.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (DN 214) is **DENIED**.

IT IS FURTHER ORDERED that on or before **October 18, 2021**, Ryan and the Parties shall jointly contact the undersigned's Case Manager, Theresa Burch, via e-mail at theresa_burch@kywd.uscourts.gov to schedule a telephonic status conference regarding the dispute underlying the motion to quash (DN 207).

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record
October 4, 2021