IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| JEFFREY DEWAYNE CLARK ) | |
| and ) | |
| GARTH KEITH HARDIN ) | |
| ) | |
| Plaintiffs. ) | Case No. 3:17-cv-419-GNS |
| ) | |
| v. ) | |
| ) | |
| ) | |
| LOUISVILLE JEFFERSON ) | |
| COUNTY METRO GOVERNMENT, ET AL ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENT TO MOTION TO QUASH**

Comes the witness, Perry T. Ryan, by counsel, and as authorized by the Court supplements his previously filed and pending Motion to Quash as follows. At the telephonic conference on October 27, the Court invited Mr. Ryan to supplement his Motion to Quash to address any matters raised at the hearing not already addressed in the Motion. During the conference some question was raised regarding whether Mr. Ryan actually represented any client in the underlying criminal litigation which could be consulted and could grant permission for his production of confidential documents and testimony in this proceeding. The Court also asked Mr. Ryan to provide a specific legal basis for seeking a Court order before producing documents or testimony regarding otherwise confidential client information. Also, circumstances have changed since the hearing regarding materials requested by the Plaintiff in Item #12 of the Rider to his Subpoena Duces Tecum which require amendment to Mr. Ryan's

1

objections to production of those materials. Each of these issues is addressed below in this Supplement. In all other respects, Mr. Ryan reiterates and incorporates herein all of his arguments in his previously filed Motion to Quash.

Mr. Ryan, at all times during the Kentucky state court criminal litigation against the Plaintiffs in this case, acted as Assistant Attorney General as appointed by the Kentucky Attorney General pursuant to *KRS 15.100(2)*. The Attorney General, and his appointees represent the Commonwealth of Kentucky,

> …in all cases in the Supreme Court or Court of Appeals wherein the Commonwealth is interested, and shall also commence all actions or enter an appearance in all cases, hearings, and proceedings in and before all other courts, tribunals, or commissions in or out of the state, and attend to all litigation and legal business in or out of the state required of the office by law, or in which the Commonwealth has an interest, and any litigation or legal business that any state officer, department, commission, or agency may have in connection with, or growing out of, his, her, or its official duties, except where it is made the duty of the Commonwealth's attorney or county attorney to represent the Commonwealth. *KRS 15.020(3)*.

In the underlying litigation, Mr. Ryan acted as appellate counsel in representation of the Commonwealth of Kentucky and later in assistance to the Commonwealth's Attorney who was handling the Plaintiffs' (Defendants in the criminal case) Motion for New Trial and the bringing of additional indictments for perjury and kidnapping. There should be no question that Mr. Ryan's client at all times was the Commonwealth of Kentucky.

Mr. Ryan has looked to the Attorney General and his office for direction as to whether or not the Commonwealth wishes to waive confidentiality such that he may produce documents and testify in this proceeding as commanded by the Plaintiff's subpoenas. He has not been given the authority of the client to do so. It is not unheard of for attorneys to be unable to obtain a client's permission to waive confidentiality. In fact, it is not even uncommon in matters of estate administration to be required to assert confidentiality, which survives death, on behalf of

deceased former clients. The Rules of Professional Conduct for lawyers address a lawyer's duties in this situation quite clearly.

Unlike some federal courts, the United States District Court for the Western District of Kentucky has not expressly adopted any professional standards to govern the conduct of attorneys. However, to apply for admission to the Bar of this Court an attorney must be admitted to practice before the Supreme Court of Kentucky and be in good standing with that Court. *Local Rule 83.1(a)*. Additionally, an attorney seeking permission to practice in a particular case in this Court must file a written consent to be subject to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct. *Local Rule 83.2(a)*. Finally, if it appears to the Court that an attorney practicing before the Court has violated the rules of the Kentucky Supreme Court governing professional conduct, the Court may order an attorney to show cause why the Court should not discipline the attorney. *Local Rule 83.3(c)*. These rules combined imply that the Kentucky Rules of Professional Conduct are the "persuasive authority, if not governing standards, for practice before this Court." *Carlsen v. Thomas,* 159 F.R.D. 661, 664 (E.D.Ky.1994).

Kentucky's Rules of Professional Conduct are contained within its Supreme Court's Rule SCR 3.130. SCR 3.130(1.6) specifically addresses a lawyer's obligation to ensure the confidentiality of all "information relating to the representation of a client" and states as follows:

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:

(1) to prevent reasonably certain death or substantial bodily harm;

3

>(2) to secure legal advice about the lawyer's compliance with these Rules;
>(3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding, including a disciplinary proceeding, concerning the lawyer's representation of the client; or
>(4) to comply with other law or a court order.

In this case, as is described in more detail in the Motion to Quash already of record, virtually all of the requested documents and anticipated testimony of Mr. Ryan constitutes "information relating to the representation of a client." Comment 11 to the Rule states,

>A lawyer may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure. Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law. In the event of an adverse ruling, the lawyer must consult with the client about the possibility of appeal to the extent required by Rule 1.4. Unless review is sought, however, paragraph (b)(4) permits the lawyer to comply with the court's order.

It is true that the commentary to the Rules is intended as a guide to interpretation rather than being itself authoritative. In this case, Comment 11 makes clear, though, that attorneys like Mr. Ryan who are issued a subpoena demanding production of information relating to the representation of a client, when unable to obtain client permission to produce such information are required by the rule to assert all nonfrivolous claims objecting to the production and to seek a ruling of the Court prior to complying with such a demand. His Motion to Quash has been filed in order to comply with the Rule and to protect the interest of the Commonwealth.

As is described in detail in the Motion to Quash already of record, the law of Kentucky and the position of the Attorney General are patently clear that opinion work product of criminal prosecutors, which most of the requested documents and anticipated testimony would contain, is not discoverable in civil proceedings. *O'Connell v. Cowan*, 332 S.W.3d 34 (Ky. 2010). Only

in situations where critical information cannot be obtained from other sources, and only upon a showing of compelling need can a prosecutor be compelled to provide such work product. *Id* at 43. Here, all of the reasons underlying the policy elucidated by the Kentucky Supreme Court in *Cowan* apply, especially since the Plaintiffs remain subject to future investigation and potential prosecution for the murder charges which were dismissed without prejudice to refile.

Also, as already discussed in the Motion to Quash, Mr. Ryan was not involved in the underlying criminal case until years after the investigation and prosecution of the murder charges that form the factual basis for the Amended Complaint in this litigation. Anything he could possibly produce or say would be either irrelevant or second or third-hand information, almost certainly obtainable through other sources.

Finally, addressing the materials requested by the Plaintiff in Item #12 of the Rider to his Subpoena Duces Tecum, since the telephonic conference the status of a matter initiated by the filing of a Bar Complaint with the Kentucky Bar Association ("KBA") by the Innocence Project, Inc. has changed such that it is no longer subject to the confidentiality provisions of SCR 3.150. However, there remain several strong reasons to preclude the production of materials related to that matter. First, the matter is not final. Second, the matter is entirely unrelated as it concerns conduct relating to the bringing of subsequent indictments decades after the Plaintiffs herein were convicted of murder. And third, producing all documents relating to that non-final proceeding will unduly prejudice not only Mr. Ryan but also his Co-Respondent, who is neither a party or witness in this case.

The demands of Plaintiffs' subpoenas placed upon Mr. Ryan do not appear to be a good faith attempt to obtain relevant evidence, at least not any evidence that cannot be easily obtained from other sources. Rather, they appear to be an attempt to unduly burden, embarrass or harass

Mr. Ryan and the Court should grant his Motion to Quash both the Plaintiffs' Subpoena Duces Tecum and the Subpoena to appear at a deposition.

Respectfully submitted,

*/s/ Cary B. Howard, Jr.*
CARY B. HOWARD, JR.
**McBRAYER PLLC**
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
Facsimile: (859) 960-2992
choward@mcbrayerfirm.com
KBA #89864

*/s/ Luke Morgan*
LUKE MORGAN
**McBRAYER PLLC**
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 231-8780
Facsimile: (859) 960-2992
lmorgan@mcbrayerfirm.com
KBA #83181

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2021, the foregoing document was electronically filed through the Electronic Case Filing System (ECF), which will provide notice of electronic filing to all counsel of record.

*/s/ Cary B. Howard, Jr.*
**Counsel for Perry T. Ryan**