# IN THE UNITED STATES OF DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| JEFFREY DEWAYNE CLARK, ) <br> and ) <br> GARR KEITH HARDIN ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LOUISVILLE JEFFERSON ) <br> COUNTY METRO GOVT, ET AL. ) <br> ) <br> Defendants. ) | Case No. 3:17-cv-419-DJH |

## MOTION TO STRIKE ED MONARCH, ESQ. AS WITNESS FROM PLAINTIFFS' SECOND SUPPLEMENTAL RULE 26 DISCLOSURES

Comes now the Defendant Robert Thurman ("Mr. Thurman" or "Defendant"), by counsel, and submits the following Motion to Strike Ed Monarch, Esq. as Witness from Plaintiffs' Second Supplemental Rule 26 Disclosures. In support of this Motion, Mr. Monarch states he is counsel of record for Mr. Thurman, and his inclusion as a witness by Plaintiffs is simply baseless and meritless. Mr. Monarch has no information or knowledge of facts which could support his being called as a witness at the trial of this case. Further, naming Mr. Monarch as a witness creates the potential for disruption of this Defendant's pretrial preparation, as well as the potential for disruption of any trial date the Court may set. As grounds for this Motion, Mr. Monarch has attached hereto a Declaration of Counsel that affirms he does not have the requisite knowledge necessary to testify as to any fact at issue in this case and should be stricken from Plaintiffs' Second Supplemental Rule 26 Disclosures.

**BACKGROUND**

As the Court is aware, this case arises out of the 1992 murder of Rhonda Sue Warford and investigation into Mr. Hardin and Mr. Clark's involvement in that crime. Mr. Clark and Mr. Hardin were tried and found guilty of Ms. Warford's murder by a jury seated by the Meade Circuit Court, Meade County, Kentucky in 1995. The late Honorable Samuel H. Monarch, Jr., Mr. Monarch's father, presided over Mr. Clark and Mr. Hardin's trial.

The current civil action was filed in 2017. Mr. Clark and Mr. Hardin allege that they are innocent of Mr. Warford's murder and, instead, that they were the victims of a complex, intergovernmental conspiracy involving the Louisville (now Metro) Police Department, the Meade County Sheriff's Office, the Kentucky State Police, the 46th Judicial District Commonwealth Attorney's Office, and the Commonwealth of Kentucky Attorney General's Office to prosecute them for Ms. Warford's murder. Mr. Clark and Mr. Hardin further allege they were targeted by these various branches of government because they were "Satan worshippers." Thousands of pages of discovery have been exchanged among the parties, and dozens of witnesses have been deposed.

McBrayer PLLC represents Robert Thurman, a Kentucky State Police forensic serologist, who testified at the 1992 trial regarding the appearance of hair samples found on Ms. Warford's dead body. Mr. Monarch entered his appearance on Mr. Thurman's behalf on April 12, 2021. [DN 189]. Prior to Mr. Monarch entering his appearance for Mr. Thurman, there had been no reference to him in any aspect of this litigation. Mr. Monarch had not been listed as a person with knowledge of the relevant events by any party. Mr. Monarch's name did not arise in any deposition, he had not been identified by any party in discovery, and his name did not appear on

any exhibit.  No objections were filed to Mr. Monarch's Entry of Appearance as counsel in this case.

The parties have petitioned the Court numerous times for extensions to complete fact discovery.  The most recent Amended Scheduling Order [DN 229] extended fact discovery through February 3, 2022.  On the day fact discovery closed, Plaintiffs' counsel supplemented their Rule 26 witness disclosure to list forty-one (41) additional witnesses, including Mr. Monarch. (See Plaintiff's Second Supplemental Rule 26 Disclosures, attached as Exhibit A).

Based upon conversations with Plaintiffs' counsel, they believe they are not likely to call Mr. Monarch as a witness at trial, but the mere fact that he is listed gives rise to the possibility that he could be subpoenaed, deposed, subject to motions for removal as counsel, or other procedural steps that could disrupt trial and pretrial preparations.  Apparently, Plaintiffs' counsel believes Mr. Monarch, through his late father, may have first-hand knowledge about the investigation or trial, or that outside of his role as an attorney investigating this matter, Mr. Monarch may have heard statements of witnesses as to facts at issue in this case.  Yet, there has not been a shred of evidence, documentation, or information of any kind  provided to support any such belief.

At the time of Ms. Warford's 1992 stabbing murder and the subsequent investigation, Mr. Monarch attended law school in Louisville, Kentucky. At the time Mr. Clark and Mr. Hardin were tried and convicted of her murder, Mr. Monarch was in the private practice of law in Louisville, Kentucky.  (See Declaration of Charles Edward Monarch, attached as Exhibit B, ¶ 7).  Mr. Monarch did not represent any party to the underlying trial, he had no affiliation with any of the police agencies currently named as defendants and had no role in Plaintiffs' criminal trial. (Monarch Decl., ¶¶ 9 - 10.)

Conversely, Judge Monarch had no role in the litigation now before this Honorable Court. He died on November 23, 2017, a few months after this lawsuit was filed. Mr. Monarch had no conversation with Judge Monarch regarding the facts supporting the conviction of Keith Hardin and Jeff Clark for the stabbing murder of Rhonda Sue Warford. Mr. Monarch was not involved in the 2015 motion practice that resulted in Judge Bruce Butler, Judge Monarch's successor to the bench of the Meade Circuit Court, entering an Order that set aside without prejudice Mr. Clark and Mr. Hardin's conviction on jury verdict.

Mr. Monarch has not visited in the personal home of any person listed in Plaintiffs' Second Supplemental Rule 26 Disclosures, no person listed there has visited his home, he has no business or financial connections to any person listed there, and Mr. Monarch has not represented, nor provided legal counsel, to any person listed as a witness by Plaintiffs. Further, outside of this case, Mr. Monarch has no independent knowledge of the underlying police investigation, the court proceedings, or the post-conviction proceedings forming the basis of this lawsuit. (Monarch Decl., ¶ 17.)

## STANDARD

FRE 602 states:

**RULE 602.  NEED FOR PERSONAL KNOWLEDGE**
A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may consist of the witness's own testimony.  This rule does not apply to a witness's expert testimony under Rule 703.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Civ. P. 602; *see also Stiles v. Grainger Cty., Tenn.*, 819 F.3d 834, 846 (6th Cir. 2016) (in which the witness's testimony was

4

excluded on grounds that her factual testimony was based upon hearsay rather than personal knowledge).

## ARGUMENT

Plaintiffs' counsel added Mr. Monarch to their witness list with no good faith basis or belief that he has any personal knowledge of the matter that would be relevant to the legal and factual issues now before this Court. Based on the facts and information before the Court, and as set out in Mr. Monarch's attached Declaration, Plaintiffs' inclusion of Mr. Monarch as a witness in this matter is meritless and should be stricken.

Additionally, it also should be pointed out that pursuant to Rule 11(b), Plaintiffs' counsel has made certain representations to the Court by virtue of placing Mr. Monarch's name on their Rule 26 disclosure witness list. To wit, Rule 11(b) states:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; …
>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; ….

Counsel for Mr. Thurman is not moving this Honorable Court for sanctions at this point, despite the clear concern that Mr. Monarch was listed for Plaintiffs' counsel's strategic motives. Yet Rule 11 is relevant to the Court's consideration for another reason, as the signing of Plaintiffs' supplemental CR 26 compliance places the burden on *Plaintiffs' counsel* to state both the substance of their investigation into the belief that Mr. Monarch has personal, independent knowledge of the matter and the good-faith basis for listing Mr. Monarch as a witness. Respectfully, the

Defendant submits there was no such investigation, and there was no good-faith basis. Even putting aside the appropriateness of sanctions, Mr. Monarch's name should be stricken from Plaintiffs' Second Supplemental Rule 26 Disclosures based upon FRE 602 and Rule 11 of the Federal Rules of Civil Procedure.

    Respectfully submitted,

*/s/ Chris J. Gadansky*
Chris J. Gadansky, Esq. (KBA# 89186)
Ed Monarch, Esq. (KBA# 84898)
James McKiernan, Esq. (KBA# 96089)
Peter J. Rosene, Esq.  (KBA# 97756)
**McBRAYER PLLC**
500 West Jefferson Street, Suite 2400
Louisville, KY 40202
Phone: (502) 327-5400
***Counsel for Defendant Robert Thurman***

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2022, the foregoing document was electronically filed through the Electronic Case Filing System (ECF), which will provide notice of electronic filing to all counsel of record.

*/s/ Chris J. Gadansky*
***Counsel for Defendant Robert Thurman***