IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| JEFFREY DEWAYNE CLARK and<br>GARR KEITH HARDIN,<br><br>   Plaintiffs,<br><br>v.<br><br>LOUISVILLE JEFFERSON COUNTY<br>METRO GOVT, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)   Case No. 17-CV-419-GNS-CHL<br>)<br>)<br>)<br>)<br>)<br>) |

I, James Barton Adams Jr., declare as follows:

1. I am a licensed attorney in the Commonwealth of Kentucky.

2. I represented Jeffrey Clark at the 1995 criminal trial in Meade Circuit Court for charges stemming from the murder of Rhonda Sue Warford.

3. Clark always told me he was innocent and had nothing to do with Ms. Warford's murder or disappearance.

4. The case against Clark and his co-defendant Garr Keith Hardin was highly circumstantial. I did not expect there would be a conviction based on the evidence presented.

5. I have been made aware of misconduct by Handy in other homicide investigations, including the Edwin Chandler and Keith West cases, including misconduct that led to Detective Handy's recent criminal conviction. At the time of the Hardin/Clark criminal trial I was not aware of this misconduct or evidence of this misconduct, beyond the allegations about taping in the West case and deletion of the video in the Chandler case which were published in the newspaper before the trial and/or raised on the record at the trial.

6. If I had had the evidence of Handy's misconduct at the time I would have used it to impeach him at trial.

7. At the time of Clark's 1995 trial, I was unaware Sheriff Joe Greer was skeptical of jailhouse informant Clifford Capps' statement against Clark and Hardin because that information was never disclosed to me. If this information had not been withheld from me, I would have used it at trial to try to impeach Capps' credibility.

8. At the time of Clark's 1995 trial, I was unaware that Capps had a reputation of dishonesty within the Meade County Sheriff's Department because that information was never disclosed to me. If this information had not been withheld from me, I would have used it at trial to try to impeach Capps' credibility.

9. At time of Clark's 1995 trial, I was unaware that Capps had lied to law enforcement officials in other criminal investigations predating Clark's 1995 trial because that information was never disclosed to me. If this information had not been withheld from me, I would have used it at trial to try to impeach Capps' credibility.

10. At the time of Clark's 1995 trial, I knew that prosecutors did not call Capps to testify at a criminal trial in Colorado. Because it was not disclosed to me, however, I had no knowledge of the circumstances surrounding the decision not to utilize Capps as a witness in the Colorado trial. If this information had not been withheld from me, I would have used it at trial to impeach Capps' credibility.

11. Prior to Clark's 1995 trial, neither Sheriff Greer nor the Commonwealth – or anyone else - disclosed to me Capps' letter to Kevin Justis asking Justis to fabricate a false statement against Clark and Hardin. The letter significantly impacted Capps' credibility. If the letter had been disclosed, I would have interviewed Justis and called him to testify at trial regarding the circumstances surrounding and the substance of the letter from Capps. I would have also cross-examined Capps and impeached his credibility at trial about the circumstances surrounding and the substance of the letter.

12. On January 27, 2020, I gave a deposition in Clark's civil litigation where I was asked multiple questions about Capps. Those questions caused me to think further about whether I had attempted to speak with Capps before trial. Accordingly, I spoke with Nicole Pang, an attorney who was working with me at the time of the Clark and Hardin investigation and trial. Attorney Pang confirmed for me that I had, in fact, sent out an investigator to speak with Capps and that the investigator was unable to obtain a statement from Capps at that time. I attached an errata sheet to my deposition with this information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __25TH__ day of January 2023 in ____Louisville____, Kentucky.

_____
JAMES BARTON ADAMS