UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. 3:17-CV-00419-DJH


JEFFREY DWAYNE CLARK                                    PLAINTIFF

VS.        **DEFENDANTS MEADE COUNTY, MEADE COUNTY SHERIFF
           JOSEPH GREER, MEADE COUNTY SHERIFF'S DEPUTY ERNIE
           EMBRY, MEADE COUNTY SHERIFF'S DEPUTY CLIFF WISE
           AND MEADE COUNTY CORONER WILLIAM ADAM'S ANSWERS TO
               REQUEST FOR PRODUCTION OF DOCUMENTS**

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, ET. AL.                               DEFENDANTS

and

GARR KEITH HARDIN                                       PLAINTIFF

VS.

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, ET. AL.


                 * * * * * * * * * * * *

     Come the Defendants, MEADE COUNTY, MEADE COUNTY SHERIFF

JOSPEH GREER in his individual and official capacities, MEADE

COUNTY SHERIFF'S DEPUTY ERNIE EMBRY in his individual capacity,

MEADE COUNTY SHERIFF'S DEPUTY CLIFF WISE in his individual capacity

and MEADE COUNTY CORONER WILLIAM ADAMS in his individual capacity,

by counsel, and where an individual Defendant is not identified

the Response is a collective Response; however, certain Responses

will be identified by the individual and they state as follows:

## PRELIMINARY STATEMENTS

1.  The discovery requested is overly broad and seeks disclosure of information and documentation which is irrelevant and not calculated to lead to the discovery of admissible evidence. In addition, the Defendant will provide responses only in accordance with and pursuant to the provisions of the Federal Rules of Civil Procedure and in accordance with the customary meaning of a term's usage, not necessarily the meaning dictated by the Plaintiffs, in their discovery requests.

2.  The discovery requests seek facts and information which have been obtained by the Defendant through his attorney and accordingly protected by the attorney-client privilege and the privilege of the attorney's work product.

3.  The Defendant have not completed the investigation of the facts relating to this case and has not completed preparation for the trial of this case which is unscheduled as of the date of this Response. Any response tendered herein is based solely upon the information in the possession of the Defendant at the time of the preparation of the Responses. As discovery is continued pursuant to statute, rule, order of Court or stipulation, the investigation of the Defendants' attorneys and agents will continue and as required by said authorities will be provided to Plaintiff. With regard to the facts upon which the Defendants rely in defense of this action, it reserves the right at the time of trial, or at any

other time in this proceeding, to introduce any and all evidence from any source whatsoever which may be discovered, and testimony from any witnesses whose identity may later be discovered.

4. Except for specific and explicit facts admitted herein, no incidental or implied admissions are in any way intended. The fact that the Defendants have attempted to respond or have responded to any of the requests should not be taken as an admission that they accept, or admit, the existence of any facts as set forth or assumed in the request, or that such response constitutes admissible evidence. Rather, the Defendants are simply attempting to fulfill their obligation pursuant to the Federal Rules of Civil Procedure.

5. If any information or facts have been unintentionally omitted from these Responses, the Defendants reserve the right to assert that omitted information without prejudice to them.

6. These preliminary statements are incorporated by reference into each of the following Responses set forth below.

7. Defendants object to the instructions and definitions insofar as they request Defendants to provide information that is not requested by the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

1. Identify and produce true and correct certified copies of any and all documents generated by, or in the custody of, Meade County concerning the investigation of the

Rhonda   Sue   Warford   Murder,   and   the   investigation, prosecution,  and  incarceration  of  Jeffrey  Clark  and  Garr Keith   Hardin   for   those   murders,   including   without limitation:

    **a.**   the  complete  MCSO  investigative  files  regarding  the Rhonda  Sue  Warford  Murder,  reproduced  in  their  original form with index and cover pages;

**RESPONSE: Counsel has informed all parties that he recently located what he believes to be the original case file of the Meade County Sheriff's Office, he did not take possession or duplicate its content and the parties have agreed to meet at the Meade County Sheriff's Office on September 14, 2018 to review and decide how to produce its content.**

**Additionally, counsel for the Identified Defendants has been provided a complete copy of the file maintained by the Attorney General's Office, Perry Ryan, pertaining to the prosecution of Jeffrey Clark and Garr Keith Hardin. It is believed this file is in the possession of Plaintiffs and would be duplicative if produced; however, said file is AVALIABLE FOR VIEWING AND INSPECTION AT THE OFFICE OF THE UNDERSIGNED. This Response will be supplemented after September 14, 2018 if necessary.**

**Lastly, many of the requested documents are associated with the February 26, 2018 Clark/Hardin Motion for New Trial, and identified in a Table of Contents, Exhibits pages 1-965. A copy of the "Table of Contents" is attached as a reference so Plaintiff's may determine if they are in possession of the identified documents.  Attached is the "Table of Contents" and identified as MCSO 0001-0002 on the enclosed disc.**

    **b.**   the  complete  investigative  files  from  any  other agency  of  Meade  County  regarding  the  Rhonda  Sue  Warford Murder;

**RESPONSE: See the attached file, absent photographs of Bill Adams, then Coroner for Meade County and identified as MCSO**

4

**000003 - 00000180 on the enclosed disc. The photographs of the Adams file are duplicative of photographs provided in response to Interrogatory 1f.**

c.    the complete forensic investigative files;

**RESPONSE: See Response to 1A.**

d.    crime reports, investigative reports and supplements, notes, witness statements;

**RESPONSE: See Response to 1A.**

e.    memo books, notebooks, and notes from all investigating officers, identified by officer name and shield number;

**RESPONSE: See Response to 1A.**

f.    photographs, including true and accurate color copies of any photographs of physical evidence or testing procedures;

**RESPONSE: See Response to 1A; and the photographs in included on the enclosed disc; and identified as MCSO 000266- 000649.**

g.    audiotapes and videotapes, including but not limited to audio or video recordings of Jeffrey Clark, Garr Keith Hardin, Amy Remsburg, and Clifford Capps;

**RESPONSE: See Response to 1A.**

h.    affidavits, warrants, and transcripts, including but not limited to transcripts of any grand jury proceedings;

**RESPONSE: See Response to 1A; and see the attached transcripts of the Grand Jury proceedings in possession of the undersigned**

counsel included on the enclosed disc and identified as MSCO 000181 - 000265.

i. signed or unsigned waiver of rights documents or forms;

**RESPONSE: See Response to 1A.**

j. laboratory reports, preliminary reports, and supplements;

**RESPONSE: See Response to 1A**

k. all documents relating to trace evidence testing or examination, forensic hair examination or testing, serological testing or examination, latent fingerprint examination or testing, and the determination of the time of the victims' deaths;

**RESPONSE: See Response to 1A.**

l. audit reports, case reviewer reports and notes, and peer review reports and notes;

**RESPONSE: None**

m. inventories, vouchers, chain of custody documents, and letters of transmittal;

**RESPONSE: See Response to 1A.**

n. logs, including but not limited to evidence logs, testing logs, employee hour logs, and any other logs relating to the testing and maintenance of physical evidence;

**RESPONSE: See Response to 1A.**

**o.**   electronic mail or other data;

**RESPONSE: None.**

**p.**   interdepartmental   memoranda   and   any   other communications   between   investigative   agencies, including but not limited to the MCSO, the LMPD, crime lab, and members of the news media;

**RESPONSE: See Response to 1A.**

**q.**   medical examinations;

**RESPONSE: See Response to 1A.**

**r.**   news reports;

**RESPONSE: Any such reports in the possession of said Defendants are available for viewing and inspection at the office of the undersigned counsel.**

**s.**   documents concerning any other suspects, from April 2, 1992, to the present; and

**RESPONSE: See Response to 1A.**

**t.**   any and all documents prepared by any employee, agent, or official of Meade County.

**RESPONSE: See Response to 1A.**

2.   Identify and produce true and correct certified copies of any and all documents generated by, or in the custody of, the Louisville Jefferson County Metro Government concerning the investigation of the Rhonda Sue Warford Murder,   and   the   investigation,   prosecution,   and

incarceration of Jeffrey Clark and Garr Keith Hardin for those murders, including without limitation:

    **a.**   the complete LMPD investigative files regarding the Rhonda Sue Warford Murder, reproduced in their original form with index and cover pages;

    **b.**   the complete investigative files from any other agency of Louisville Jefferson County Metro Government regarding the Rhonda Sue Warford Murder;

    **c.**   the complete forensic investigative files;

    **d.**   crime reports, investigative reports and supplements, notes, witness statements;

    **e.**   memo books, notebooks, and notes from all investigating officers, identified by officer name and shield number;

    **f.**   photographs, including true and accurate color copies of any photographs of physical evidence or testing procedures;

    **g.**   audiotapes and videotapes, including but not limited to audio or video recordings of Jeffrey Clark, Garr Keith Hardin, Amy Rembsburg, and Clifford Capps;

    **h.**   affidavits, warrants, and transcripts, including but not limited to transcripts of any grand jury proceedings;

    **i.**   signed or unsigned waiver of rights documents or

forms;

**j.** laboratory reports, preliminary reports, and supplements;

**k.** all documents relating to trace evidence testing or examination, forensic hair examination or testing, serological testing or examination, latent fingerprint examination or testing, and the determination of the time of the victims' deaths;

**l.** audit reports, case reviewer reports and notes, and peer review reports and notes;

**m.** inventories, vouchers, chain of custody documents, and letters of transmittal;

**n.** logs, including but not limited to evidence logs, testing logs, employee hour logs, and any other logs relating to the testing and maintenance of physical evidence;

**o.** electronic mail or other data;

**p.** interdepartmental memoranda and any other communications between investigative agencies, including but not limited to the LMPD, the MCSO, crime lab, and members of the news media;

**q.** medical examinations;

**r.** news reports;

**s.** documents concerning any other suspects, from April

2, 1992, to the present; and

**t.** any and all documents prepared by any employee, agent, or official of Louisville Jefferson County Metro Government.

**RESPONSE: a-t: Not Applicable**


3. Identify and produce true and correct certified copies of any and all documents generated by, or in the custody of, Defendant Mark Handy, Meade County, and/or Louisville Jefferson County Metro Government documenting the polygraph examinations conducted by Defendant Handy leading to arrests in homicide investigations by the LMPD or any other agency.

**RESPONSE: See Response to 1A. Additionally, the requested documentation should be provided by other Defendants.**

4. Identify and produce true and correct certified copies of any and all documents generated by, or in the custody of, Meade County and/or Louisville Jefferson County Metro Government concerning any involvement of Clifford Capps in MCSO and/or LMPD law enforcement operations including without limitation:

**a.** Capps's complete criminal "rap sheet";

**RESPONSE: Object to the form of the question and the reference to "rap sheet." Without waiving said objection, see Response to 1A. Furthermore, none any of these Answering Defendants have access to the requested information outside of what may**

have been obtained in or about 1992-95.

*Robert K. Bond*
ROBERT K. BOND

**b.** documents concerning his activities as an informant, whether registered or unregistered, for the MCSO and/or the LMPD;

**RESPONSE: See Response to 1A.**

**c.** any agreement entered into between the MCSO and/or the LMPD and Capps;

**RESPONSE: See Response to 1A.**

**d.** true and correct copies of any and all documentation, including but not limited to notes or transcripts, of any employee of the MCSO and/or LMPD advocating for leniency or favorable treatment of Capps in connection with a crime or violation; and

**RESPONSE: See Response to 1A.**

**e.** any plea negotiations or offers made between 1992 and 1995.

**RESPONSE: See Response to 1A. Additionally, any and all such requested information/documentation would be in the possession of the Office of the Commonwealth Attorney.**

5.   Identify and produce true and correct certified copies of any and all organizational charts or other documents reflecting the chain of command in the LMPD and MCSO between 1992 and the present, specifically including

those documents pertaining to Mark Handy, James Clark, Kelly
Jones, Robert L. Ennis, Charles Edelen, Jim Woosley, James
W. Griffiths, Joseph Greer, Ernie Embry, and Cliff Wise.

> **RESPONSE: MEADE COUNTY: Not Applicable**
> **JOE GREER: I did not have an Organizational Chart**
> **for the Meade County Sheriff's Office.**
> **CLIFF WISE: Not Applicable**
> **ERNIE EMBRY: Not Applicable**
> **BILL ADAMS: Not Applicable**

6.    Identify and produce true and correct certified
copies of any and all documents relating to the hiring,
employment, performance, discipline, and remediation of Mark
Handy, James Clark, Kelly Jones, Robert L. Ennis, Charles
Edelen, Jim Woosley, James W. Griffiths, Joseph Greer, Ernie
Embry, Cliff Wise, from the dates each first applied for any
position at the MCSO or the LMPD to the present, including
without limitation the following:

a.    complete personnel files;

> **RESPONSE: MEADE COUNTY: Not Applicable**
> **JOE GREER: I did not maintain personnel files on**
> **my Deputies.**
> **CLIFF WISE: Not Applicable**
> **Ernie Embry: Not Applicable**
> **BILL ADAMS: As Coroner, I did not maintain a**
> **personnel file on myself.**

b.    complete materials related to applications for
employment with the MCSO or LMPD, including applications
submitted and any materials generated or obtained during
background evaluations or other evaluation of those

applications;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

c. all records and communications concerning promotions or changes of assignment, including but not limited to applications for promotion to detective, the results of any promotion-related examinations, and records or communications relating to precinct assignments or transfers;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

d. complete training records, including but not limited to all syllabi, course descriptions, records of attendance at any in-house or outside training courses, and training-related evaluations, proficiency evaluations and testing results;

**RESPONSE: MEADE COUNTY: Not Applicable**
**JOE GREER: This information would be available from the Department of Criminal Justice who maintains any and all documentation associated with training for law enforcement officials in the Commonwealth of Kentucky.**
**CLIFF WISE: None**
**ERNIE EMBRY: None**
**BILL ADAMS: Not Applicable**

e. complete medical and psychological records, including pre-employment testing or evaluation and any follow-up or subsequent testing or evaluation after being hired, and any necessary authorizations therefore

signed and executed by the individual defendants;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

**f.** to the extent not identified above in subpart (e), any and all documents relating to any psychological testing or screening of any kind performed on each Defendant Officer (a) before you were hired by the LMPD and/or MCSO; and (b) during your employment with the LMPD and/or MCSO.

**RESPONSE: Object to the form of the question. Without waiving said objection, the appropriate Response for each Answering Defendant is set out in 6A.**

ROBERT K. BOND

**g.** all documents relating to background investigations conducted at any time prior to hiring and through retirement;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

**h.** all documents relating to performance evaluations;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

**i.** all documents relating to salary, payment, and expense records and reports;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

**j.** all documents relating to any civilian complaints, irrespective of whether the complaint(s) were

substantiated;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

**k.** all documents relating to any MCSO or LMPD internal allegations, complaints, or investigations of misconduct, irrespective of whether the complaint(s) were substantiated, including without limitation complete Internal Affairs files;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

**l.** any document created by or in the possession of any departmental supervisor regarding any allegation of misconduct of any kind, or any action taken in response to such an allegation;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

**m.** any and all documents reflecting any criticism, discipline, or remediation, in any form, concerning misconduct by Mark Handy, James Clark, Kelly Jones, Robert L. Ennis, Charles Edelen, Jim Woosley, James W. Griffiths, Joseph Greer, Ernie Embry, and Cliff Wise;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

**n.** all documents concerning civil or criminal lawsuits involving misconduct allegations against Mark Handy, James Clark, Kelly Jones, Robert L. Ennis, Charles

Edelen, Jim Woosley, James W. Griffiths, Joseph Greer, Ernie Embry, and Cliff Wise;

**RESPONSE: MEADE COUNTY: Not Applicable**
          **JOE GREER: None**
          **CLIFE WISE: None**
          **ERNIE EMBRY: None**
          **BILL ADAMS: None**

**o.** all documents concerning civil or criminal lawsuits involving allegations of official misconduct in which Mark Handy, James Clark, Kelly Jones, Robert L. Ennis, Charles Edelen, Jim Woosley, James W. Griffiths, Joseph Greer, Ernie Embry, and Cliff Wise was a witness;

**RESPONSE: MEADE COUNTY: Not Applicable**
          **JOE GREER: None**
          **CLIFE WISE: None**
          **ERNIE EMBRY: None**
          **BILL ADAMS: None**

**p.** all documents concerning allegations of misconduct against Mark Handy, James Clark, Kelly Jones, Robert L. Ennis, Charles Edelen, Jim Woosley, James W. Griffiths, Joseph Greer, Ernie Embry, and Cliff Wise from any source;

**RESPONSE: MEADE COUNTY: Not Applicable**
          **JOE GREER: None**
          **CLIFF WISE: None**
          **ERNIE EMBRY: None**
          **BILL ADAMS: None**

**q.** all requests for leave of absence, disability, or early retirement;

**RESPONSE: The appropriate Response for each Answering Defendant is set out in 6A.**

**r.** all requests for authorization to engage in employment outside of the MCSO or LMPD; and

**RESPONSE: MEADE COUNTY: Not Applicable**
**        JOE GREER: Not Applicable**
**        CLIFE WISE: Not Applicable**
**        ERNIE EMBRY: Not Applicable**
**        BILL ADAMS: Not Applicable**

**s.** any and all documents relating to awards, decorations, commendations or other positive citations bestowed for any positive acts or qualities for these individual defendants.

**RESPONSE: MEADE COUNTY: Not Applicable**
**        JOE GREER: I received an award for Drug**
**        Intervention from the United Stated Army.**
**        CLIFF WISE: None**
**        ERNIE EMBRY: None**
**        BILL ADAMS: Not Applicable**

**7.** To the extent not requested above, identify and produce true and correct certified copies of any and all documents reflecting allegations from any source that Mark Handy, James Clark, Kelly Jones, Robert L. Ennis, Charles Edelen, Jim Woosley, James W. Griffiths, Joseph Greer, Ernie Embry, and Cliff Wise:

**Defendants objects that the request for all documents and things that were "not requested above" is vague, overbroad, and fails to request items with the "reasonable particularity" required by Fed.R.Civ.P.34(b)(1)(B). The near-limitless sweep of this request makes it inherently overbroad, unduly burdensome, and vague. By demanding that Defendants produce all documents and things that were "not**

requested above" to the Responses to the above Request, Plaintiff's essentially shift the burden to Defendants to divine what Plaintiffs are seeking. In so doing, Plaintiffs have propounded an improper and unanswerable Request.

Courts have routinely rejected such requests as overbroad. *See e.g., W. Res. Inc. v. Union Pac. R.R. Co.,* No. 00-2043-CM, 2002 WL 1822432, at *3-*4 (D. Kan. July 23, 2002)(holding that use of broad terms such as "relating to" provides no basis upon which an individual or entity can reasonably determine what documents may be responsive); *Contracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 655, 665-66 (D.Kan. 199)(holding that use of term "relating to" in a request for production is "facially overbroad" because the phrase "does not modify a specific type of document, but rather all documents"); *Doricent v. Am. Airlines, Inc.,* Civ. No. 91-12084Y, 1993 WL 437670, at *7 &n.5 (D. Mass. Oct. 19, 1993)(nothing that the phrase "relating to" has "frequently been held improper when found in document request since it does not apprise the recipient of the scope of the documents sought to be produced" and observing that "as all life, like law, is a seamless web, employment of the phrase 'relating to' is essentially meaningless").

In short, Rule 34 does not authorize or permit a free-range into what documents a party believes are important, but instead specifically mandates that a request for production "describe with reasonable particularity each item or category of items" to be produced.

ROBERT K. BOND

**a.**    pressured, intimidated, coerced, manipulated, misled, assaulted, threatened, or otherwise used improper techniques with any crime suspect or witness; or

RESPONSE:  MEADE COUNTY: Not Applicable
            JOE GREER: None
            CLIFF WISE: NONE
            ERNIE EMBRY: NONE
            BILL ADAMS: NONE

**b.**    acted or failed to act to prevent such misconduct; or

**RESPONSE: MEADE COUNTY: Not Applicable**
           **JOE GREER: None**
           **CLIFF WISE: NONE**
           **ERNIE EMBRY: NONE**
           **BILL ADAMS: NONE**

c.  engaged in the fabrication of evidence or gave untrue sworn testimony, whether or not the allegation was substantiated, from the time that each joined the MCSO or LMPD to the present, including without limitation any charges, statements, notes, reports, memoranda, bench notes, or correspondence, transcripts, findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal

complaints originating from civilians or law enforcement personnel.

**RESPONSE: MEADE COUNTY: Not Applicable**
           **JOE GREER: None**
           **CLIFF WISE: NONE**
           **ERNIE EMBRY: NONE**
           **BILL ADAMS: NONE**

8. Produce true and correct photographs of Mark Handy, James Clark, Kelly Jones, Robert L. Ennis, Charles Edelen, Jim Woosley, James W. Griffiths, Joseph Greer, Ernie Embry, and Cliff Wise from when each joined the MCSO or LMPD, and from around 1992.

**Response: Efforts have been made to locate the requested document, but to date, none have been produced. The effort**

**will continue and if located, then this Answer will be properly supplemented.**

9. Identify and produce true and correct certified copies of any and all documents concerning training (whether internal or external) received by MCSO and LMPD officers, investigators, detectives and supervisors, from 1985 to 1995, with respect to the following categories:

    **a.** conducting criminal investigations, particularly of homicides;

    **b.** identifying and eliminating individuals as suspects;

    **c.** conducting eyewitness identification procedures, including without limitation photo arrays and line-ups;

    **d.** documenting investigative work and suspect and witness statements;

    **e.** record keeping;

    **f.** interrogating or interviewing suspects and witnesses, specifically including any training in the Inbau & Reid technique or method of interrogation;

**RESPONSE: a-f: This information would be available from the Department of Criminal Justice who maintains any and all records regarding training of law enforcement officers in the Commonwealth of Kentucky.**

    **g.** coercing, threatening, pressuring, or intimidating witnesses or suspects;

**RESPONSE: No such training exists.**

h.     offering promises, rewards, or inducements to witnesses or suspects;

i.     communications with prosecutors;

j.     conducting and documenting polygraph examinations;

k.     the documentation and disclosure of exculpatory and impeachment information to prosecutors pursuant to *Brady v. Maryland, Giglio v. United States,* and their progeny;

l.     supervision of detectives and officers;

m.     supervising serious felony investigations;

n.     providing day-to-day supervision of detectives; and

o.     reporting, investigating, remediating, and tracking employee misconduct.

**RESPONSE: h-o: This information would be available from the Department of Criminal Justice who maintains any and all records regarding training of law enforcement officers in the Commonwealth of Kentucky.**

10.    To the extent not already disclosed, identify and produce true and correct certified copies of any and all documents reflecting MCSO or LMPD policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, no matter when implemented or promulgated, in effect at any point between 1985 and 1995, concerning the following:

a.     conducting interviews of witnesses, potential witnesses, persons-of- interest, suspects, and defendants;

**b.** the use of video or audio recording during interviews of witnesses, potential witnesses, persons-of-interest, suspects, and defendants;

**c.** the documentation and disclosure of interviews of witness, potential witnesses, persons-of-interest, suspects, and defendants;

**d.** the documentation and disclosure of exculpatory and impeachment information to prosecutors pursuant to *Brady v. Maryland, Giglio v. United States,* and their progeny;

**e.** gathering, examining, testing, and using physical and forensic evidence;

**f.** conducting and documenting polygraph examinations;

**g.** supervision of detectives and officers; and

**h.** reporting, investigating, remediating, and tracking employee misconduct.

**RESPONSE: MEADE COUNTY a-h: Not Applicable**
**JOE GREER a-h: I did not maintain any written Policies and Procedures while the Sheriff for Meade County, Kentucky.**
**CLIFF WISE a-h: Not Applicable**
**ERNIE EMBRY a-h: Not Applicable**
**Bill Adams a-h Not Applicable**

11. Identify and produce true and correct certified copies of any and all documents reflecting criminal investigations or prosecutions of James Whitley, including without limitation:

22

**a.**   all files regarding any arrest of Whitely, or regarding any incident during which Whitely was detained by the MCSO or LMPD;

**b.**   all files regarding the investigation or prosecution of every crime with which Whitely was charged;

**c.**   a true and correct copy of every statement Whitely gave to any MCSO or LMPD employee;

**d.**   a list of cases or incidents in which Whitely was involved in any way, including but not limited to: as a complainant, witness, informant, suspect, person of interest;

**e.**   true and correct copies of any and all testimony Whitely gave in any judicial proceeding;

**f.**   true and correct copies of any and all agreements between Whitely and the MCSO, LMPD, or its agents;

**g.**   any communication between the MCSO, LMPD or any other Meade County or Louisville Jefferson County Metro Government agency and other law enforcement agencies; and

**h.**   true and correct copies of any and all documentation, including but not limited to notes or transcripts, of any employee of the MCSO or LMPD advocating for leniency or favorable treatment of

Whitely in connection with a crime or violation.

**RESPONSE: a-h:** Objection to the question as overbroad, unduly vague and unduly burdensome. Without waiving said objection, unless the incident in question took place in Meade County, Kentucky, any and all information requested would not be in the possession of these Answering Defendants. A review of CourtNet under the name of James Whitely provided a criminal history identifying only one charge in Meade County, Kentucky, a traffic ticket (99-T-00559). A review of that case number reveals the charges to be nineteen miles per hour over the speed limit and a failure to wear a seat belt with said citation issued by the Muldraugh Police Department. Additionally, reference 1A regarding the "Table of Contents" that identifies pgs. 191-278.

ROBERT K. BOND

12.   Identify and produce true and correct certified copies of any and all documents reflecting communications between Meade County, Louisville Jefferson County Metro Government, MCSO, LMPD, and any other Meade County or Louisville Jefferson County Metro Government agency regarding Jeffrey Clark, Garr Keith Hardin, Mark Handy, with any of the following entities:

**a.**   Office of the Attorney General;

**Response: See Response to 1A.**

**b.**   Office of the Commonwealth's Attorney; and

**Response: See Response to 1A.**

**c.**   any news media.

**Response: See Response to 1A.**

13.    Identify and produce true and correct copies of any communication, including but not limited to email and text communication, between named defendants about this case, including the investigation of the Rhonda Sue Warford murder, the criminal trials, appeals, and post-conviction proceedings of Jeffrey Clark and Garr Keith Hardin, and the present civil rights lawsuit, or in the time since the case was filed in any way relating to the Rhonda Sue Warford murder, Jeffrey Clark, or Garr Keith Hardin.

**RESPONSE: As to text communication, no such documentation exist.**

**Regarding email:**
**MEADE COUNTY: Not Applicable**
**JOE GREER: If we had email communication available at the time it would have been provided by Brandenburg Telephone Company. I can not remember using email at the time and have no such documentation in my possession; however, inquiry may be made of Brandenburg Telephone Company to determine if any such communication exist.**
**CLIFF WISE: None**
**ERNIE EMBRY: None**
**BILL ADAMS: None**

14.    To the extent not otherwise requested above, identify and produce true and correct certified copies of any and all documents pertaining to Jeffrey Clark or Garr Keith Hardin.

**RESPONSE: Object to the form of the question. These Answering Defendants have responded specifically to any and all Request for Production of Documents. In addition, see Response to Interrogatory Number 8.**

*Robert K. Bond*

ROBERT K. BOND

**15.** Identify and produce true and correct certified copies of any and all documents that you will use to support your defenses as to liability or damages at trial.

> **RESPONSE: It is yet to be determined what documentation will be utilized at trial and this Response will be properly supplemented and compliant with any Order of the Court.**
>
> **Defendants further object to this Request as improper because it requires Defendants to provide a list of witness for trail prematurely, violates the attorney work product doctrine because it would reveal counsel's mental impressions and conclusions. See *Garcia v. Hous. Auth. Of New Orleans,* Civ No. 12-1863, 2013 WL 4875075, at *4 (E.D.La. Sept. 11, 2013)(a party's obligation to identify witnesses is controlled by the scheduling order); *John H. Carter Co. v. FB & D Techs., Inc.,* Civ. No. 93-1716, 1994 WL43761, at *1 (E.D.La. Feb. 7, 1994)(list of trial exhibits and witnesses to be produced pursuant to scheduling order, not in response to interrogatory); *EEOC v. Tecumseh Prods. Co.,* No. C-78-1004, 1980 WL 2199, at *2 (W.D. Tenn. Nov. 28, 1980) (upholding Magistrate's findings that request for names of trial witness was premature and that request for a summary of their anticipated testimony was improper). Plaintiff also objects because he is not an attorney and is not in a position to determine which witnesses will need to be called to prove his case; for this reason, he has retained attorneys to make these types of decisions for him.**

*Robert K. Bond*

ROBERT K. BOND

**16.** Any insurance contracts or indemnification agreements from 1992 through 2018 that may cover the liability of any of the Defendant Officers, Meade County, City of Louisville, or Louisville Jefferson County Metro

Government for the claims Plaintiffs make in this case.

**RESPONSES: Any applicable Policy has been requested and this Response will be properly supplemented upon receipt.**

17.   All Documents that support or relate to any of your responses to any of Plaintiffs Interrogatories or Requests for Admission in this case.

**RESPONSE: Not Applicable**

18.   All Documents referenced in the Fed. R. Civ. P. 26(A)(1) disclosures.

**RESPONSE: Any and all such documentation referenced is available for viewing and inspection.**

19.   All Documents obtained from third parties (including but not limited to via third party subpoena in this litigation), including but not limited to employment records, medical records, prison/jail records, or any other records that relate to, support, or rebut any of the allegations or claims in Plaintiffs' Complaint.

**RESPONSE: As to documentation obtained within the course of this litigation, there has been none to date but in the event such documentation is produced then it will be provided to counsel. As to the remaining request, these Answering Defendants object to same.**

_Robert K. Bond_
ROBERT K. BOND

20.   All Documents obtained via FOIA or other means that

relate to, support, or rebut any of the allegations or claims in Plaintiffs' Complaint.

    **RESPONSE: None**

    21.   Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please seasonably supplement your Responses.

    **RESPONSE: It is yet to be determined what "demonstrative" aids or exhibits will be utilized at trial. This Response will be properly supplemented, as well as compliant with any Orders of the Court.**

    **Defendants further object to this Request as improper because it requires Defendants to provide a list of witness for trail prematurely, violates the attorney work product doctrine because it would reveal counsel's mental impressions and conclusions. See *Garcia v. Hous. Auth. Of New Orleans,* Civ No. 12-1863, 2013 WL 4875075, at \*4 (E.D.La. Sept. 11, 2013)(a party's obligation to identify witnesses is controlled by the scheduling order); *John H. Carter Co. v. FB & D Techs., Inc.,* Civ. No. 93-1716, 1994 WL43761, at \*1 (E.D.La. Feb. 7, 1994)(list of trial exhibits and witnesses to be produced pursuant to scheduling order, not in response to interrogatory); *EEOC v. Tecumseh Prods. Co.,* No. C-78-1004, 1980 WL 2199, at \*2 (W.D. Tenn. Nov. 28, 1980) (upholding Magistrate's findings that request for names of trial witness was premature and that request for a summary of their anticipated testimony was improper). Plaintiff also objects because he is not an attorney and is not in a position to determine which witnesses will need to be called to prove his case; for this reason, he has retained attorneys to make these types of decisions for him.**

ROBERT K. BOND

22.   All   Documents   Relating   to   any   Rule   26   expert witnesses   retained   by   Defendants   in   this   matter,   including but   not   limited   to:   (a)   all   Communications   to/from   said expert(s)   which   are   not   otherwise   protected   as   work   product under   Rule   26;   (b)   all   Documents   provided   to   and   relied   upon by   said   expert(s);   (c)   all   notes,   reports,   and   analysis   by said   expert(s);   (d)   all   bills   or   statements   of   the   hours   and compensation   paid   to   or   billed   by   the   witness   for   work   on this   matter;   and   (e)   any   transcripts   of   prior   testimony   or Rule   26   reports   of   said   expert(s).   To   the   extent   responsive Documents   become   available   as.   the   litigation   proceeds, please   seasonably   supplement   your   Responses.

**RESPONSE: As of this date, no such documentation exists. This Response will be properly supplemented, if necessary.**

23.   All   Documents   relating   to   the   Individual   Defendants total   financial   net   worth,   including   their   three   most   recent tax   returns.

**RESPONSE:   Objection.   The   financial   condition   of   the responding Defendants is not relevant to the claims asserted by the Plaintiffs in the Complaint. Please see *Queen v. City of Bowling Green* 1:16-CV-00131, 2017 WL4355689, (W.D.KY Sept. 9, 2017) and *Polylok v. Bear Onsite,* 3:12-CV-00535) 2017, WL110298 *(W.D.KY March 23, 2017).***

ROBERT K. BOND

24.   All Documents that support a defense by you in this litigation that an award of punitive damages would cause a financial hardship.

**RESPONSE: See Response to Request Number 23.**

25.   All physical evidence relating to any of the allegations in Plaintiffs' Complaint or Defendants' defenses thereto.

**RESPONSE: Please see Response to 1A.**

/s/ Robert K. Bond
ROBERT K. BOND
ANDREW GARVERICH
COLEMAN LOCHMILLER & BOND
P.O. BOX 1177
ELIZABETHTOWN, KY  42702-1177
(270) 737-0600
ATTORNEY FOR MEADE COUNTY, JOSEPH
GREER, ERNIE EMBRY, CLLIFF WISE,
AND WILLIAM ADAMS

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the Kentucky Courts of Justice e-filing system which will provide electronic service to the following:

Elliot Slosar
Jon Loevy
Arthur Loevy
Michael Kanovitz
Loevy & Loevy
Amy Robinson Staples
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
amy@loevy.com

Dennis Ogburn
Peter Frank Ervin
Michael J O'Connell
Annale E. Renneker
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY 40202
Peter.ervin@louisvilleky.gov

Larry D. Simon
Kentucky Home Life Building, 17th Floor
239 South Fifth St.
Louisville, KY 40202
larrysimonlawoffice@gmail.com

Rick Sawyer
Barry Sheck
Nick Brustin
Emma Freudenberger
Anna Benvenutti Hoffman
Neufeld Sheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
anna@nsbcivilrights.com

Timothy D. Lange
Susan K. Riversa
Benson, Risch, and Lange, PLLC
401 W. Main Street, Suite 2150
Louisville, KY 40202
tlange@timlange.com

Jason S. Morgan
Stephen G. Amato
Jason R. Hollon
Cody Webner
McBrayer McGinnis, Leslie
& Kirkland, PLLC
201 East Main Street, Ste. 900
Lexington, KY 40507
jmorgan@mmlk.com

                              */s/ Robert K. Bond*
                              ROBERT K. BOND

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. 3:17-CV-00419

JEFFREY DEWAYNE CLARK                                        PLAINTIFF

VS.                        **NOTICE OF SERVICE**

LOUISVILLE JEFFERSON COUNTY                                  DEFENDANTS
METRO GOVERNMENT, et al

And

GARR KEITH MARTIN                                            PLAINTIFF

VS.

LOUISVILLE JEFFERSON COUNTY                                  DEFENDANTS
METRO GOVERNMENT, et al

\* \* \* \* \* \* \* \* \* \* \* \*

Come the Defendants, MEADE COUNTY, MEADE COUNTY SHERIFF
JOSPEH GREER in his individual and official capacities, MEADE
COUNTY SHERIFF'S DEPUTY ERNIE EMBRY in his individual capacity,
MEADE COUNTY SHERIFF'S DEPUTY CLIFF WISE in his individual capacity
and MEADE COUNTY CORONER WILLIAM ADAMS in his individual capacity,
by counsel, and hereby give notice to the Court and counsels of
their Response to Plaintiffs' Requests for Production of
Documents.

*/s/ Robert K. Bond*
ROBERT K. BOND
ANDREW GARVERICH
COLEMAN LOCHMILLER & BOND
P.O. BOX 1177
ELIZABETHTOWN, KY  42702-1177
(270) 737-0600
ATTORNEY FOR MEADE COUNTY, JOSEPH
GREER, ERNIE EMBRY, CLLIFF WISE,
AND WILLIAM ADAMS

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the Kentucky Courts of Justice e-filing system which will provide electronic service to the following:

Elliot Slosar
Jon Loevy
Arthur Loevy
Michael Kanovitz
Amy Robinson Staples
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
amy@loevy.com

Dennis Ogburn
Peter Frank Ervin
Michael J O'Connell
Annale E. Renneker
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY 40202
Peter.ervin@louisvilleky.gov

Larry D. Simon
Kentucky Home Life Building, 17th Floor
239 South Fifth St.
Louisville, KY 40202
larrysimonlawoffice@gmail.com

Rick Sawyer
Barry Sheck
Nick Brustin
Emma Freudenberger
Anna Benvenutti Hoffman
Neufeld Sheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
anna@nsbcivilrights.com


Timothy D. Lange
Susan K. Riversa
Benson, Risch, and Lange, PLLC
401 W. Main Street, Suite 2150
Louisville, KY 40202
tlange@timlange.com

Jason S. Morgan
Stephen G. Amato
Jason R. Hollon
Cody Webner
McBrayer McGinnis, Leslie
& Kirkland, PLLC
201 East Main Street, Ste. 900
Lexington, KY 40507
jmorgan@mmlk.com


/s/ Robert K. Bond
ROBERT K. BOND