IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JEFFREY DEWAYNE CLARK and ) <br> GARR KEITH HARDIN, ) <br> ) <br>           **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> LOUISVILLE JEFFERSON COUNTY ) <br> METRO GOVT, et al., ) <br> ) <br>           **Defendants.** ) | HON. GREG N. STIVERS <br><br> HON. COLIN H. LINDSAY <br><br> Case No. 17-CV-419-GNS-CHL |

## **PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO MEADE COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Garr Keith Hardin and Jeffrey Clark request leave to file a sur-reply to address the Meade County Defendants' newly raised argument that Plaintiff's response motion "asserted new theories of liability that were nether [sic] alleged in Plaintiffs' Complaints nor in their discovery responses. Dkt No. 337 at 6. Defendants' argument wholly mischaracterizes Plaintiffs' cited factual support as entirely new claims. In doing so, Defendants present a new argument in their reply brief in violation of Plaintiffs' Fed. R. Civ. P. 56(c) right to notice and a reasonable opportunity to respond to defendants' summary judgment motion. *See Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010). Defendants also incorrectly allege Plaintiffs' response motion failed to address the preclusive effect of Clark's federal habeas denial as argued in Defendants' motion for summary judgment, thus waiving the argument. Dkt No. 337 at 9. Both arguments reflect a gross mischaracterization of the Plaintiffs' Amended Complaints and their response motion.

Sur-replies may be allowed in certain circumstances, especially "when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to new evidence has been vitiated." *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 16-CV-24 (CHB), 2022 WL 15722630, at *3 (W.D. Ky. May 24, 2022) (quotations omitted) (granting leave to file sur-reply that was "directly responsive to the new information and characterizations in Defendants' reply brief"); *see also, e.g.*, *Best v. James*, No. 20-CV-299 (RGJ), 2023 WL 145007, at *2 (W.D. Ky. Jan. 10, 2023) (granting leave to file sur-reply addressing "inaccuracies and new arguments in plaintiffs' reply"); *Davis v. Trigg County, KY*, No. 16-CV-68 (TBR), 2016 WL 7105931, at *3 (W.D. Ky. Dec. 5, 2016) (granting leave to file sur-reply to afford Plaintiffs "an opportunity to respond to [] arguments" raised but "not relied upon" in defendants' original motion); *B.L. v. Schuhmann,* No. 18-CV-151 (RGJ) (CHL), 2020 WL 6293582, at *5 (W.D. Ky Oct. 27, 2020) (court granted Louisville Metro leave to file a sur-reply where plaintiffs' reply "rais[ed] new arguments"). Courts have also found that good cause for a sur-reply also exists "where a party seeks to 'clarify misstatements' contained in the reply brief. *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019) (quoting *Guyton v. Exact Software N. Am.*, 2015 WL 9268447, at *4 (S.D. Ohio Dec. 21, 2015)). Even in the absence of good cause, Courts may grant leave to file where the non-moving party will suffer no prejudice, such as undue delay, by the filing of the sur-reply. *See id*.

Plaintiffs seek an opportunity to address Defendants' new argument and clarify their misstatements. Plaintiffs file this request for leave within two weeks of Defendants' reply and attach their sur-reply to further promote efficiency and avoid undue delay. Accordingly, Plaintiffs respectfully request that the Court grant them leave to file the attached sur-reply.

Dated: March 7, 2023

Respectfully submitted,

/s/ Katie McCarthy
Barry Scheck
Nick Brustin
Anna Benvenutti Hoffmann
Emma Freudenberger
Katie McCarthy
Owanaemi Briggs
Sophia Villarreal
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York 10013

/s/Larry Simon
Larry D. Simon (Ky. Bar No. 64355)
Attorney at Law
American Life Building, Suite 200
471 West Main Street
Louisville, KY 40202

***Attorneys for Plaintiff Garr Keith Hardin***

/s/Elliot Slosar
Arthur Loevy
Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson-Staples
Margaret Campbell
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607

***Attorneys for Plaintiff Jeffrey Clark***

## CERTIFICATE OF SERVICE

      I, Lucia Geng, hereby certify that on March 7, 2023, I filed the foregoing document via the Court's CM/ECF System and thereby served a copy on all counsel of record.

/s/ Lucia Geng

*Paralegal*

Neufeld Scheck & Brustin, LLP