| | |
|---|---|
| **JEFFREY DEWAYNE CLARK and GARR KEITH HARDIN,** ) ) | |
| ) | HON. GREG N. STIVERS |
| **Plaintiffs,** ) ) | |
| ) | HON. COLIN H. LINDSAY |
| v. ) | |
| ) | Case No. 17-CV-419-GNS-CHL |
| **LOUISVILLE JEFFERSON COUNTY METRO GOVT, et al.,** ) ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFFS' SUR-REPLY TO MEADE COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Garr Keith Hardin and Jeffrey Clark file the foregoing motion to address two issues raised by Meade County Defendants for the first time in their summary judgment reply brief.

**First, Plaintiffs did not assert any new claims.**

In their reply, Meade County Defendants claim Plaintiffs have "assert[ed] new theories of liability that were neither alleged in Plaintiffs' Complaints nor in their discovery responses." Dkt. No. 337 at 6. To make this argument, Defendants cite cases barring assertion of new claims for the first time in response to summary judgment. *See, e.g., Tucker v. Union Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 787–88 (6th Cir. 2005) (holding plaintiff whose complaint was based on violations of a collective bargaining agreement could not assert new legal for promissory estoppel for the first time in opposition to summary judgment). But it is undisputed Plaintiffs do not seek to assert any new *claims*—the legal claims they assert for fabrication of evidence and suppression of exculpatory evidence were clearly pled in the complaint. Dkt. Nos. 38 & 39 (Am. Compls.) Count I (Due Process Violation based on "deliberately withheld

1

exculpatory evidence" and "fabricated false reports, false testimony, and other evidence"); Count II ("Fourth, Fifth, and Fourteenth Amendments Fabrication of False Evidence").

Nor is there any merit to Defendants' charge that Plaintiffs improperly raised new theories, as Plaintiffs' evidence of fabricated witness statements and suppression of impeachment evidence of Capps fall squarely within the allegations raised in the Amended Complaints. The Sixth Circuit rejected a similar argument in *Bard v. Brown County*, 970 F.3d 738, 749–50 (6th Cir. 2020). The Sixth Circuit held a plaintiff adequately preserved claims that corrections officials caused the accidental self-strangulation of pretrial detainee left in a hobble strap around his neck by including allegations in her complaint that he "died as a result of homicidal strangulation." 970 F.3d 738, 749–50 (6th Cir. 2020). The court rejected defendants' argument that plaintiff improperly asserted a new theory at summary judgment: even if she "did not develop the specific self-strangulation theory until later…the parameters of her § 1983 claim, which focused on the officers' actions inside cell 15 that led to Goldson's death, were the same at summary judgment as they were when she filed her Amended Complaint." *Id.*; *see also Grinnell v. City of Taylor*, No. 21-2748, 2022 WL 1562291, at *4–7 (6th Cir. May 18, 2022) (rejecting argument that plaintiff was barred from asserting a failure to intervene claim on summary judgment—even though that claim was not separately enumerated in the complaint—where complaint alleged that defendants "were obligated to stop" the beating but did not).

Just as in *Bard*, Plaintiffs have not expanded beyond the parameters of the claims laid out in the complaints, and further "articulation of [Plaintiffs'] theory…at the summary-judgment stage" did not "subject defendants to unfair surprise." *Bard*, 970 F.3d at 750. Count II of the Amended Complaints plainly states that Defendants "fabricated evidence, including without limitation, false police reports, false forensic reports, and fabricated statements attributed to Clark,

Hardin, and *witnesses*." Am. Compls. ¶ 188 (emphasis added). The Complaints further assert that the fabricated admissions of sacrificing animals and Satanic rituals became the "linchpin of the case against Hardin and Clark" and that the other Defendants "falsified or distorted additional evidence" to convince the prosecution and the jury that Hardin and Clark had sacrificed the victim as part of a ritual. Am. Compls. ¶¶ 7–8. Plaintiffs clearly reference the fabricated statements of Amy Remsburg as an *example* of Defendants fabricating this sort of witness statement, not as the exclusive incidence. Am. Compls. ¶¶ 9 ("For example, MCSO lead investigator Sheriff Joseph Greer…manufacture[d] an inculpatory statement…."). Similarly, the Amended Complaints make clear the *Brady* allegations concerning Clifford Capps lack of credibility, including in the section entitled "Defendants withhold exculpatory evidence destroying Capps' Credibility." Am. Compls. ¶¶ 81–88; *see also* ¶ 11 (discussing conspiracy between Greer and Capps); ¶ 77 (defendants "suppressed evidence" relating to Capps); ¶ 140 (discussing "subsequent discoveries about the reliability of [Capps]" as a basis for Plaintiffs' exonerations).

Moreover, Defendants were provided ample notice of Plaintiffs' theories throughout fact discovery and so cannot possibly be prejudiced by any purported "surprise." For one, the particular witnesses in question—Clifford Capps, Mary Warford, Michelle Rogers, and Crystal Barnes— were all deposed in discovery and questioned by both sides. Defendant Greer was also questioned about these claims and given an opportunity to provide explanations for the discrepancies and about his prior relationship with Clifford Capps and knowledge of Capps' unreliability. *See, e.g.* Dkt. No. 317-19, at 321:24–323:3; 41:17–20; 54:9–17; 44:9–19; 98:16–24; 99:5–7; 99:1–4; 100:16–101:16; 82:20–83:14; 100:1–15. And both sides' police practices experts addressed these witnesses in their reports. *See* Dkt. No. 314-86 (Fisher Report), at 8–9 (section entitled "Mary Warford, Michelle Rogers, Crystal Barnes"), 10–11(section entitled "Clifford Capps"); Dkt. No.

3

290-1 (Ryan report) ¶¶ 55-62 (describing Rogers' testimony), 68–70 (describing Barnes testimony), 71–75 (describing Warford testimony), 258–317 (describing Greer testimony including testimony that he was skeptical of Capps' statement and did not document that skepticism anywhere; describing questioning about statements attributed by Greer to Warford, Rogers, and Barnes, including Greer's testimony that these witnesses were not telling the truth when they denied having provided the statements included in his report). Meade County's expert, Jack Ryan, also testified about these theories in his deposition. *See, e.g.*, Dkt. No. 290-2 (Ryan Dep.), at 151–157; 156:19–157:14 (Ryan testimony that Greer falsely reporting information as having come from witnesses would be a fabrication).

In short, Defendants' argument that Plaintiffs have suddenly put forward "new theories of liability" is wholly misplaced and provides no basis for the Court to ignore evidence of their misconduct laid out in Plaintiffs' response.

### Second, Plaintiffs' response addressed the preclusive effect of the federal habeas decision and did not waive any arguments

In their reply, Meade County Defendants also assert that Plaintiffs failed to address "the preclusive effect of Clark's federal Writ of Habeas Corpus" and, as a result, have waived any such argument. Dkt. No. 337 at 9. Not so. In their response to Defendants' motion for summary judgment, Plaintiffs pointed out both that there is "no prior judgment to which preclusion can attach, where, as here, Plaintiffs' criminal convictions have been vacated," and that collateral estoppel cannot apply where the issues in the § 1983 suit are "not identical" to those litigated before. Dkt. No. 317 at 28–30.

Although Plaintiffs responded to Defendants' collateral estoppel arguments in as much detail as the page limitations permitted, given Defendants' focus in their reply on the estoppel

4

effect of the prior habeas decisions, Plaintiffs respectfully direct the Court's attention to relevant law making plain Defendants' legal argument is incorrect.

Specifically, the exact same argument Defendants make now was advanced by Louisville—and rejected by the court—in *Chandler v. Louisville Jefferson County Metro Government*, No. 3:10-CV-470-H, 2011 WL 781183, at *2 (W.D. Ky. Mar. 1, 2011). There, like here, defendants argued plaintiff was collaterally estopped from asserting § 1983 wrongful conviction claims because he had lost similar arguments in habeas litigation, and while his conviction had been vacated, the habeas decisions had not. Considering the same law Plaintiffs cited in their response (including *Dodrill v. Ludt*, 764 F.2d 442, 444 (6th Cir. 1985)), Judge Heyburn rejected this argument:

> In their consideration of Plaintiff's habeas petition, Judges Gambill and Simpson reviewed the state court proceedings and rulings which are now vacated. They made no *de novo* findings or rulings, but rather, in an effort to make a determination regarding the reasonableness of the state court's decision, reviewed the state court findings and rulings which are now literally banished to judicial netherland. Considering the nature of habeas proceedings, particularly the deference given to state court findings of fact and law, this Court is unconvinced that a federal court's habeas rulings based upon discredited and vacated state proceedings are worthy of preclusive effect. Consequently, the Court will deny Moving Defendants' motion to dismiss Plaintiff's claims related to the allegedly coerced confession premised on those grounds.

*Chandler*, 2011 WL 781183, at *2; *see also Glenn v. City of Hammond*, No. 2:18-CV-150-TLS-JEM, 2021 WL 4078063, at *8–9 (N.D. Ind. Sept. 7, 2021) (holding state and federal collateral proceedings reviewing now-vacated convictions have no preclusive effect in later § 1983 wrongful conviction suit); *Dukes v. City of Albany*, 289 F. Supp. 3d 387, 393 (N.D.N.Y. 2018) ("[A] vacated criminal conviction cannot have preclusive effect. Furthermore, the judgment of any court tasked with a review of that now-vacated criminal conviction likewise has no preclusive effect."); *Siggers v. Alex*, No. 19-CV-12521, 2021 WL 4391170, at *4-6 (E.D. Mich. Sept. 24, 2021).

5

Dated:  March 7, 2023

                                                  Respectfully submitted,

/s/Katie McCarthy
Barry Scheck
Nick Brustin
Anna Benvenutti Hoffmann
Emma Freudenberger
Katie McCarthy
Owanaemi Briggs
Sophia Villarreal
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York 10013


/s/Larry Simon
Larry D. Simon (Ky. Bar No. 64355)
Attorney at Law
American Life Building, Suite 200
471 West Main Street
Louisville, KY 40202

***Attorneys for Plaintiff Garr Keith Hardin***

/s/Elliot Slosar
Arthur Loevy
Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson-Staples
Margaret Campbell
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607

***Attorneys for Plaintiff Jeffrey Clark***