IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| JEFFREY DEWAYNE CLARK and GARR KEITH HARDIN, | ) ) ) | |
| Plaintiffs, | ) ) | HON. GREG N. STIVERS |
| v. | ) ) ) | HON. COLIN H. LINDSAY |
| | ) | Case No. 17-CV-419-GNS-CHL |
| MEADE COUNTY, et al., | ) ) | |
| Defendants. | ) | |

## MOTION IN LIMINE TO EXCLUDE STATEMENTS OF AMY HATFIELD, NEE REMSBURG, AGAINST PLAINTIFF HARDIN

NOW COMES Plaintiff Keith Hardin, by and through his attorneys, and, for the reasons set forth within, hereby files this Motion to Exclude Statements of Amy Hatfield, nee Remsburg. In support, Plaintiff states as follows:

Courts "may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Supreme Court has defined unfair prejudice as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (internal quotation omitted). "Otherwise relevant evidence may permissibly be excluded if it serves to inflame the passions of the jury." *Sutkiewicz v. Monroe Cnty. Sheriff,* 110 F.3d 352, 360 (6th Cir. 1997).

Plaintiff Hardin anticipates that Defendants will try to introduce unsubstantiated allegations by Amy Hatfield, nee Remsburg ("Remsburg"), in an attempt to impermissibly show Plaintiffs are guilty by appealing to the emotions of the jury. At her deposition, Defendants

1

elicited testimony from Ms. Remsburg that Plaintiff Clark purportedly engaged in domestic abuse, such as putting a gun in her mouth while she held their child, and that Plaintiff Clark had previously made violent statements, including about how best to kill an animal. *See, e.g.*, Dkt. No. 339 at 23, 26 (Defendants Thurman's reply to summary judgment detailing Ms. Remsburg's statements); Dkt. No. 337 at 17 (Meade County Defendants' reply to summary judgment detailing Ms. Remsburg's statements and their purported significance). Defendants have also listed Ms. Remsburg on their witness lists and have designated her deposition testimony. Dkt. Nos. 406, 408. These unsubstantiated statements are inadmissible against Plaintiff Hardin. They have no probative value as to Plaintiff Hardin's guilt or innocence and they are precisely the kind of unduly prejudicial evidence Rule 403 was created to exclude. Ms. Remsburg's statements have "an undue tendency to suggest decision on an improper basis," *see, e.g.*, *Old Chief*, 519 U.S. at 180, and would inflame the passions and prejudices of the jury. The only way such statements could come in at trial are as affirmative evidence introduced by Plaintiffs of Ms. Remsburg's bias against Plaintiff Clark. Accordingly, Plaintiff Hardin moves to exclude Ms. Remsburg's statements as evidence against him.

## CONCLUSION

WHEREFORE, Plaintiff Hardin respectfully requests that this Court exclude statements of Amy Hatfield, nee Remsburg against him.

Dated: May 1, 2024               Respectfully submitted,

/s/ *Sophia Villarreal*
Barry Scheck
Nick Brustin
Anna Benvenutti Hoffmann
Emma Freudenberger
Katie McCarthy
Sophia Villarreal
Rhianna Rey

NEUFELD SCHECK BRUSTIN
HOFFMANN & FREUDENBERGER, LLP
200 Varick Street, Suite 800
New York, New York 10014

 /s/Larry Simon
Larry D. Simon (Ky. Bar No. 64355)
Attorney at Law
American Life Building, Suite 200
471 West Main Street
Louisville, KY 40202

***Attorneys for Plaintiff Garr Keith Hardin***

3

## CERTIFICATE OF SERVICE

      I, Lucia Geng, hereby certify that on May 1, 2024, I filed the foregoing motion via the Court's CM/ECF System and thereby served a copy on all counsel of record.

/s/ Lucia Geng
*Paralegal*
Neufeld Scheck Brustin Hoffmann
    & Freudenberger, LLP
