UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00419-GNS-CHL

JEFFREY DEWAYNE CLARK; and
GARR KEITH HARDIN                                                                                    PLAINTIFFS

v.

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, KENTUCKY et al.                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Robert Thurman's Motion to Stay (DN 397). The motion is ripe for adjudication. For the reasons stated below, Defendant's motion is **GRANTED**.

**I.     BACKGROUND**

The facts of this case are set forth in this Court's previous decisions and need not be recited in detail here. Plaintiffs Jeffrey Dewayne Clark ("Clark") and Garr Keith Hardin ("Hardin") (jointly "Plaintiffs") allege that they were wrongfully convicted of and incarcerated for the murder of Rhonda Sue Warford ("Warford"), a 19-year-old woman who was found stabbed to death in Meade County on April 5, 1992. (Am. Compl. ¶¶ 1, 40, 124, DN 38; Am. Compl. ¶¶ 1, 40, 124, DN 39 [collectively hereinafter Am. Compls.]). In 2015, Plaintiffs' convictions were vacated, and in 2017, they brought various federal and state civil rights claims against Meade County, Kentucky, and Louisville-Jefferson County, Kentucky, along with various officers, investigators, and others involved in the murder investigation.[1] (Am. Compls. ¶¶ 24-39, 133, 176-267).

---

[1] Defendants James Clark, Kelly Jones, Robert Ennis, Charles Edelen, James Griffiths, Ernie Embry, Mark Handy, Jim Woosley, and Louisville Metro Government have since been dismissed

After years of discovery, Defendant Robert Thurman ("Thurman"), forensic serologist for the Kentucky State Police, moved for summary judgment on the basis of qualified immunity, which the Court granted except as to Hardin's *Brady v. Maryland*, 373 U.S. 83 (1963), claim that Thurman withheld evidence because he did not produce his observation notes from his analysis of the hairs that were found on Warford's body. (Mem. Op. & Order 2, 27, DN 390). Defendants Meade County, Meade County Sheriff Joseph Greer, Meade County Sheriff's Deputy Cliff Wise, and Meade County Coroner William Adams (collectively "Meade County Defendants") also moved for summary judgment, which the Court granted in part and denied in part. (Mem. Op. & Order 49-51, DN 388). A trial with both Plaintiffs, Thurman, and the Meade County Defendants, is set to begin on June 25, 2024. (Order 2-3, DN 393). Thurman appealed the order denying in part his motion for summary judgment and now requests that all proceedings be stayed pending his appeal. (Notice Appeal 1, DN 394; Def.'s Mem. Supp. Mot. Stay 4, DN 397-1).

## II. JURISDICTION

The Court has subject matter jurisdiction over this action through federal question jurisdiction and supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1331, 1367(a).

## III. STANDARD OF REVIEW

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants . . . ." *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The decision "ordinarily rests with the sound discretion of the District Court." *Id.*

---

from this action. (*See* Am. Agreed Order, DN 275; Agreed Order, DN 283; Agreed Order, DN 284; Agreed Order, DN 325; Agreed Order, DN 331; Agreed Order, DN 373).

"[T]he filing of a notice of appeal regarding qualified immunity acts as an automatic stay of the trial of a case . . . ." *Blair v. City of Cleveland*, 148 F. Supp. 2d 919, 921 (N.D. Ohio 2000) (citing *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991)). Indeed, "[c]aselaw from this circuit supports staying all proceedings pending an appeal of a denial of qualified immunity to fewer than all defendants if doing so will foster judicial economy and judicial administration." *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *4 (E.D. Mich. Mar. 12, 2021) (collecting cases); *accord Virgil v. City of Newport*, No. CV 16-224-DLB-EBA, 2021 WL 3172923, at *5 (E.D. Ky. July 27, 2021); *Mockeridge v. Alcona Cnty. by Bd. of Comm'rs*, No. 1:21-CV-12896, 2024 WL 492686, at *7 (E.D. Mich. Feb. 7, 2024).[2]

## IV. DISCUSSION

Plaintiffs concede that the trial on the claims against Thurman should be stayed, but they contend that the claims against the Meade County Defendants should proceed to trial because Thurman's appeal will not impact them, so judicial economy would not be served by a stay. (Pls.' Resp. Mot. Stay 6-7). Plaintiffs argue that because the claims do not overlap, *Virgil*, 2021 WL 3172923, at *5-6, in which a sister court stayed proceedings against a municipal defendant pending individual defendants' interlocutory appeal on qualified immunity, is inapposite, and a stay is not appropriate. (Pls.' Resp. Mot. Stay 6-7). The argument is not well taken. "A stay is 'an exercise of judicial discretion,' the propriety of which depends on the circumstances of a particular case."

---

[2] Some courts in this Circuit determine whether to grant a stay of proceedings by considering the same factors as whether to grant a preliminary injunction. *See, e.g.*, *Little v. City of Saginaw*, 678 F. Supp. 3d 936, 939 (E.D. Mich. 2023). This practice originates from a line of cases that use the factors to determine whether to stay an injunction. *See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The parties do not cite any binding Sixth Circuit authority that instructs the district court to use that standard in this context. Accordingly, the Court will consider the impact on judicial economy and administration. *See Sexton*, 2021 WL 949541, at *2 (declining to use the preliminary injunction factors to determine whether a stay is appropriate in this context).

*United States v. Bothra*, No. 2:18-CR-20800, 2019 WL 9077345, at *1 (E.D. Mich. Feb. 12, 2019) (*quoting Nken v. Holder*, 556 U.S. 418, 433 (2009)). Moreover, judicial economy is served by avoiding "duplication, waste, and additional expense." *See Sexton*, 2021 WL 949541, at *4.

Allowing the trial to proceed against the Meade County Defendants would doubtless waste resources. If Thurman's appeal is unsuccessful, the case will be tried a second time with much of the same evidence as the first trial, which will have dozens of witnesses and numerous experts. (*See* Pls.' Witness List, DN 409; Defs.' Witness List, DN 406). The claim against Thurman for allegedly withholding evidence requires Plaintiffs to prove that there is a "reasonable probability . . . that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *McNeill v. Bagley*, 10 F.4th 588, 598 (6th Cir. 2021) (quoting *Jells v. Mitchell*, 538 F.3d 478, 507 (6th Cir. 2008)). Plaintiffs must "sufficiently undermine[] confidence in the outcome of the trial[,]" so Thurman's case would necessarily overlap with, at minimum, Plaintiffs' *Brady* claim against the Meade County Defendants, which will also require extensive evidence of Plaintiffs' criminal trial. *Id.* (quoting *Jells*, 538 F.3d at 502); (Am. Compls. ¶¶ 81-86). Accordingly, Defendant's motion is granted. *See Monson v. Ghougoian*, No. 18-10638, 2023 WL 2249958, at *1 (E.D. Mich. Feb. 27, 2023) (noting that a second trial in the same case wastes judicial resources and supports granting a motion to stay); *Speers v. Cnty. of Berrien*, No. 4:04-CV-32, 2005 WL 1907525, at *3 (W.D. Mich. Aug. 10, 2005) (explaining that "sound judicial administration compels" a stay because of the expense of multiple trials, multiple defendants, and multiple instances of duplicative and overlapping testimony).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Stay (DN 397) is **GRANTED**. The jury trial is remanded from the Court's calendar, and all pretrial deadlines are stayed pending the finality of Thurman's appeal.

Greg N. Stivers, Chief Judge
United States District Court

May 3, 2024

cc: counsel of record