UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. 3:17-CV-00419-GNS

JEFFREY DEWAYNE CLARK and GARR KEITH HARDIN        PLAINTIFFS

VS.     **MEADE COUNTY DEFENDANTS' RESPONSE AND OBJECTION
TO PLAINTIFFS' MOTION FOR SUBSTITUTION**

MEADE COUNTY, et al        DEFENDANTS

*****************************

Comes the undersigned, counsel for Defendants, MEADE COUNTY, MEADE COUNTY SHERIFF'S DEPUTY CLIFF WISE and MEADE COUNTY CORONER WILLIAM ADAMS, and hereby submit their Response and Objection to Plaintiffs' Motion for Substitution where they seek to substitute "Kenneth Ray Greer, as legal successor of Joseph Greer" as the proper party defendant for the claims Plaintiffs formerly asserted against Meade County Sheriff, Joseph Greer. (DN 452).

**I.    FACTUAL BACKGROUND**

Defendant, former Sheriff Joseph Greer passed away on his 89th birthday on May 9, 2025. (DN 452-1; PageID #: 40111). Upon learning of his death, undersigned counsel promptly filed a Notice of Death with this Court on May 14, 2025. (DN 449). This Notice of Death was nearly identical to the Notice of Death that was previously filed for former Defendant, Ernie Embry four years earlier, on May 7, 2021 (DN 197).[1] Sixty-five days after the Notice of Death for Greer was filed, for the first time, Plaintiffs' counsel reached out to indicate they intended to substitute "Greer's estate"

---

[1] Notably, Plaintiffs did not allege the Notice of Death of Ernie Embry was deficient nor did they ever assert that the personal representative of Embry had to be served with the Notice of Death for it to be effective.

into the case, and requested to be informed who would be serving as the "personal representative" or "administrator" for Greer's Estate.[2] A prompt response was provided to Plaintiffs on the same date, notifying them that an Estate had not been opened for Greer, and to the best of the undersigned's knowledge and belief, the Greer family did not intend to open an estate. *Id.* When questioned by Plaintiffs who would be the best individual to serve as a "personal rep" for the estate, the undersigned recommended the Public Administrator. *Id*.

A week later, now 71-days after Greer's Notice of Death was filed, Plaintiffs changed tactics, asserting the Notice of Death for Joseph Greer was deficient[3] as it was not served on a "nonparty successor or representative". **Exhibit A.** Regardless of this perceived deficiency, Plaintiffs indicated they intended to move forward with substituting Greer's "legal successor." *Id*. At this point, Plaintiffs presumably decided an estate was not necessary to maintain their claims against Joseph Greer. Two days later, undersigned counsel reiterated that the family did not intend to open an estate, and disputed Plaintiffs' assertion that the Notice of Death was deficient, citing counsel to *Kotler v. Jubert*, 986 F.3d 147 (2d Cir. 2021). *Id*. No substantive response was received to this email. On July 29, 2025, the instant "Motion for Substitution of a Proper Party" was filed where Plaintiffs are attempting to nominate "Kenneth Greer, in his capacity as legal successor of Defendant, Joseph Greer", as the proper party defendant. (DN 452). At no time prior to the filing of this Response, has an Estate

---

[2] **Exhibit A:** Email Communications between Elliot Slosar, Andrew Garverich, and Katie McCarthy, July 17, 2025 – August 3, 2025.
[3] Notably, Plaintiffs did not provide a similar objection to the Notice of Death of Ernie Embry which was filed four years ago.

been created, or a personal representative appointed for the Estate of Joseph Greer, or has Plaintiffs filed a Motion for Extension of Time.

The Meade County Defendants submit Plaintiffs' Motion for Substitution is improper, and should be denied, as it fails to identify a proper substituted party who the Court has jurisdiction over pursuant to Kentucky law. Moreover, as Plaintiffs failed to file a proper Motion to Substitute within 90-days of Joseph Greer's Notice of Death as required by Federal Rule of Civil Procedure 25(a)(1), Plaintiffs claims against former Defendant, Joseph Greer "must be dismissed" in their entirety.

## II. ARGUMENT

Federal Rule of Civil Procedure 25(a)(1) states:

> **(1)** *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Prior courts have explained, when considering a Rule 25 motion, the three following questions must be addressed: "whether (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Cuoco v. Palisades Collection, LLC, No*. CIV.A. 13-6592 JLL, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014)(*citing Veliz v. Cintas Corp*., No. 03–1180, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008). Accordingly, these three separate questions will be addressed in turn.

### a. Plaintiffs' Motion to Substitute is not timely as they failed to identify a proper substituted party within the 90-day time period imposed by FRCP 25.

Section C of this brief explains in detail, with citation to proper authority, that Kenneth Greer, in his capacity as legal successor of Defendant, Joseph Greer, is an invalid legal entity that is not capable of being sued in the state of Kentucky. Thus, Plaintiffs have failed to nominate a proper party to be substituted as a Defendant. This section of the brief will address the sufficiency of Defendants' Notice of Death that was filed for Joseph Greer. (DN 449).

In Plaintiffs' Motion, they allege the Notice of Death filed by Defendants on May 14, 2025 was deficient as it did not "identify a successor in interest" and was not served on that individual in accordance with FRCP 4. (DN 452; PageID #: 40104). In support of this position, Plaintiffs direct this Court to nine separate cases, all of which involved jurisdictions ***outside*** of the Sixth Circuit. Notwithstanding the fact, that under Kentucky law, a personal representative or successor of Joseph Greer did not exist as a legal entity at the time the Notice of Death was filed,[4] based upon the Meade County Defendants' research, the Sixth Circuit has not addressed the issue of whether a Notice of Death and/or Suggestion of Death must identify the successor or representative of the deceased. *Est. of Pilgrim v. Gen. Motors LLC,* No. 2:20-CV-10562-TGB-DRG, 2022 WL 17477139, at *FN 1 (E.D. Mich. Dec. 6, 2022); and *Ware v. City of Fulton*, No. 5:20-CV-78-BJB-LLK, 2021 WL 5456994, at *FN 1 (W.D. Ky. Nov. 22, 2021). Instead, there is a split among the circuits where the "Second Circuit has argued, *with*

---

[4] As detailed in Section C below, under Kentucky law, a representative, or successor is defined as a personal representative of an estate, or the second/subsequent person or entity appointed by the district court to serve as the administrator.

*considerable force*\*, that the text of Rule 25 requires only service on existing parties—not the potential substitute—and that any concerns about unfair timing can be addressed by an extension of time under Rule 6." *Ware v. City of Fulton*, No. 5:20-CV-78-BJB-LLK, 2021 WL 5456994, at \*1 (W.D. Ky. Nov. 22, 2021) (emphasis supplied).

Upon review, the Second Circuit case of *Kotler v. Ubert*, 986 F.3d 147 (2d Cir. 2021), is the most relevant and analogous to the circumstances before this Honorable Court. In *Kotler*, a § 1983 claim was brought against multiple defendants, including former Superintendent John Donelli. *Id*. at 151. During the course of litigation, Superintendent Donelli died and a notice of death was filed of record on August 21, 2023. *Id*. at 152. After 90 days had passed following the notice of death, the claims against Superintendent Donelli were dismissed. *Id*. The claims were dismissed, over the objection of the Plaintiff, who asserted the "statement of death was deficient because it did not provide the executor's name or contact information, and the [Assistant Attorney General] should have assisted him in identifying the executor of the Donelli estate." *Id*. Upon appellate review, the Second Circuit specifically addressed whether a notice of death under FRCP 25 required a party to identify the decedent's legal representative or successor. *Id*. at 153. The Court decisively rejected Plaintiffs' arguments holding "we see nothing in the language of Rule 25 that imposes a service or identification requirement beyond the requirement that the "statement of death be served on the involved parties." *Id*. at 155. Accordingly, the 90-day "clock" began to run upon the filing of the statement of death'." *Id*. at 156.

-5-

While the Second Circuit acknowledged outside circuits required notice to be served on a decedent's nonparty representative,[5] the Court specifically distinguished those cases, by stating:

> Kotler argues that other courts of appeals have held that Rule 25(a) requires service of the statement of death on both the parties of record and the decedent's nonparty representative to trigger the 90-day substitution period as to anyone. But a majority of these cases from our sister circuits feature a ***deceased plaintiff's legal representative**** who, having ***never**** received service of a notice of death, attempts to revive the deceased plaintiff's dismissed lawsuit. A recurring theme of those cases is the perceived need to "alert[ ] the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired." We have no occasion to opine on the validity of those cases, where the non-party later seeking substitution did not, in fact, receive service under Rule 25(a). They do not feature the scenario we consider here: a party who actually received notice (properly served under Rule 25(a)) and sat on his hands while the 90-day window lapsed. Recall that, in *Unicorn Tales*, we held that a "party is given 90 days *from the time when it learns from compliance with Rule 25(a)(1)* of the death of an opposing party to take appropriate action."

\* *emphasis supplied*.

*Id*. at 154; See also *Unicorn Tales, Inc. v. Banerjee* 138 F. 3d 467 (2d Cir. 1998)(Rule 25 does not require the statement of death to identify the successor or legal representative); *Ray v. Koester*, 215 F.R.D. 533 (W.D. Tex. 2003)(same); and *McCord v. Williams*, Case No. 375, 1979 WL 208295 (Ohio Ct. App. May 16, 1979).

Furthermore, the Eleventh Circuit expanded on this holding in Silas *v. Sheriff of Broward Cnty.*, Fla., 55 F.4th 872 (11th Cir. 2022). In *Silas*, former Defendant,

---

[5] Five of cases the Second Circuit specifically distinguished, are cases that were cited in Plaintiffs' instant Motion to Substitute, including: *Sampson v. ASC Indus.*, 780 F.3d 679, 682-83 (5th Cir. 2015); *Atkins v. City of Chicago,* 547 F.3d 869, 873 (7th Cir. 2008); *Barlow v. Ground*, 39 F.3d 231, 233-34 (9th Cir. 1994); *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990); and *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)

Officer Paul Yesbeck died during the course of litigation. *Id*. at 874. A suggestion of death was filed of record notifying the parties of the death, and was not served on the deceased nonparty representative. *Id*. Plaintiff failed to file a proper Motion to Substitute within the time period imposed by the district court, and Plaintiff's claims against Silas were dismissed. *Id*. Similar to the current matter, in *Silas*, Plaintiff alleged the suggestion of death was deficient, as it was not served on Yesbeck's surviving spouse and children. *Id*. at 875. In soundly rejecting this argument, the Eleventh Circuit held

> [a]lthough Rule 25 does not define "nonparty," its context makes clear that the decedent's surviving family members do not need to be served with a suggestion of death ***unless they represent the decedent's estate***.* Rule 25 facilitates the substitution of a "proper party" to take the place of the decedent. FED. R. CIV. P. 25(a)(1). By requiring service of a suggestion of death on nonparties, the Rule encourages the existing parties to promptly identify which—if any—nonparties have the legal authority to step into the decedent's position in the case. Those nonparties must be notified to begin the 90-day period provided by Rule 25(a)(1). But they are a limited group. After all, nonparties cannot mean "every person in the United States who happens not to be a party to the lawsuit in question.

*\* emphasis supplied.*

*Id*. at 876.

In accordance with the Second and Eleventh Circuit's reasoning, in the instant matter, a proper Notice of Death of former Defendant, Joseph Greer was served on the parties of record on May 14, 2025. (DN 449). At this point, Plaintiffs were alerted that if they intended to preserve their claims against Joseph Greer a proper motion for substitution must be filed. At the time of filing the Notice of Death, an Estate did not exist for Joseph Greer, and neither Kenneth Greer, nor any of Joseph Greer's relatives, were appointed as personal representatives of the nonexistent estate.

Therefore, the 90-day time period mandated by FRCP 25 began to run upon the filing of the Notice of Death. Instead of addressing the issue and identifying Greer's personal representative, Plaintiffs waited until nearly three-quarters of the 90-day time period had run before reaching out to undersigned counsel to inquire about the identity of the administrator of Greer's estate. **Exhibit A.** After promptly learning that Greer's family did not intend to open an estate, Plaintiffs altered their strategy to falsely assert, for the first time, that the Notice of Death previously filed was insufficient. **Exhibit A**. Plaintiffs further elected not to follow the proper Kentucky probate procedure to establish an estate for Joseph Greer and have a personal representative appointed, in order to preserve their claims. Instead, they erroneously attempted to serve Kenneth Greer, a resident of Texas, as the "legal successor of Joseph Greer." As this Court is aware, no such entity exists in Kentucky law.

On July 25, 2025, not only were Plaintiffs informed that an estate had not been opened for Joseph Greer, therefore he had no personal representative or successor appointed as defined by Kentucky law, but they were also directly cited to the Second Circuit case[6] quoted above. **Exhibit A**. This case plainly instructs a litigant that the procedure for a party to follow to identify and properly appoint a personal representative, outside of the 90 day window imposed by FRCP 25, is to request an enlargement of time pursuant to FRCP 6(b). Yet, Plaintiffs failed to avail themselves of this relief. Instead, they erroneously stated in their Motion that the motion for substitution was filed within 90 days of the Notice of Death, which makes their motion timely. [DN 452; PageID #: 40105]. This identical argument was rejected by the

---

[6] *Kotler v. Ubert*, 986 F.3d 147 (2d Cir. 2021).

-8-

Eleventh Circuit Court in *Silas v. Sheriff of Broward Cnty.*, Fla., 55 F.4th 872 (11th Cir. 2022). In the current case, the 90-day clock expired on **August 12, 2025**. Therefore, any claims Plaintiffs formerly asserted against Defendant Joseph Greer "must be dismissed" as a matter of law.

> **b. Several of the pending claims against former Sheriff Joseph Greer were extinguished at the time of his death.**

As previously noted by the Sixth Circuit, "federal law does not tell us what to do when a plaintiff or defendant in a § 1983 action dies." *Est. of Andrews v. City of Cleveland, Ohio*, 112 F.4th 436, 439 (6th Cir. 2024). Instead, a Court must look to the forum state [here, Kentucky] to determine how to proceed. *Id*. In Kentucky, KRS § 411.140 provides the actions that survive the death of a person. Specifically, this statute provides:

> No right of action for personal injury or for injury to real or personal property shall cease or die with the person injuring or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. For any other injury an action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, in the same manner as causes of action founded on contract.

As established by this Court's Summary Judgment Order entered on January 4, 2024 (DN 388), the following claims remained against former Defendant, Sheriff Joseph Greer:

(1) *Brady* violation pertaining to Clifford Capps' letter [DN 388; PageID #: 34311].

(2) *Brady* violation pertaining to Clifford Capps' reputation for dishonesty [DN 388; PageID #: 34312].

    (3) Fabrication of evidence claim under the Fourteenth Amendment related to the Date of Death on the death certificate of Rhonda Warford [DN 388; PageID #: 34318].

    (4) Fabrication of evidence claim under the Fourteenth Amendment related to the Capps' recorded statement (DN 388; PageID #: 34319).

    (5) Malicious prosecution claim under Section 1983 (DN 388; PageID #: 34328).

    (6) Malicious prosecution claim under Kentucky law (DN 388; PageID #: 34329).

    (7) Conspiracy to deprive Plaintiffs of their Constitutional Rights (DN 388; PageID #: 34334).

    (8) Claim for punitive damages against Jospeh Greer (DN 388; PageID #: 34339).

Plaintiffs admit in their Motion that the state law malicious prosecution claim against Jospeh Greer should be dismissed. (DN 452; PageID # 40104).[7] The Meade County Defendants acknowledge that the Sixth Circuit opinion in *Price v. Montgomery County, Kentucky*, 72 F.4th 711, 718 (6th Cir. 2023), holds § 1983 claims do not abate under Kentucky law, and this includes a federal malicious prosecution claim.

However, the claims for punitive damages against Joseph Greer do not survive his death and should be dismissed.[8] The survivability of punitive damage claims in § 1983 actions are governed by the survivorship rules in the forum state. *Weatherford U.S., L.P. v. U.S. Dep't of Lab., Admin. Bd.*, 68 F.4th 1030, 1037 FN 3 (6th Cir. 2023); and

---

[7] Plaintiffs indicate they are agreeing to voluntarily dismiss the state law malicious prosecution claims against "Defendant Greer ***only***," however, the remainder of the state law malicious prosecution claims were dismissed voluntarily by the Plaintiffs as referenced in the Court's prior Summary Judgment (DN 388; PageID #: 34329). Thus, no state law malicious prosecution claims remain at this time.

[8] As acknowledged in this Court's prior Summary Judgment Order, Plaintiffs are not seeking any punitive damage claims against Meade County, but only *the individual Defendants.* (DN 388; PageID #: 34339).

*Haggard v. Stevens*, 683 F.3d 714, 717 (6th Cir. 2012).  While interpreting KRS § 411.184, the Kentucky Supreme Court has definitively ruled that a Plaintiff cannot recover punitive damages against a deceased's tortfeasor's estate. *Stewart v. Est. of Cooper*, 102 S.W.3d 913, 916 (Ky. 2003).  Hence, Plaintiffs punitive damage claims do not survive the death of Joseph Greer.

Thus, **_only if_** a proper party is substituted within the 90-day period mandated by FRCP 25, the current claims that survive Jospeh Greer's death, are the Section § 1983 claims.  However, as a proper party was not substituted, all of Plaintiffs claims against Joseph Greer "must be dismissed" in their entirety.

### c. Pursuant to Kentucky law, Kenneth Greer, in his capacity as legal successor of Defendant, Joseph Greer, is not a proper party who is capable of being sued.

At the filing of this Response an estate has **_not_** been opened for Joseph Greer. Plaintiffs allege in their Motion for Substitution, that Kenneth Greer, as legal successor of Defendant, Jospeh Greer, can be substituted as a proper party.   The Meade County Defendants disagree.

In Kentucky probate law, an estate must be opened to maintain a claim against a former defendant.  Since an estate has not been opened, Kenneth Greer, as legal successor of Jospeh Greer, is not a proper party whom the court has jurisdiction over. Therefore, Plaintiff's Motion to Substitute should be denied.  Moreover, given the 90 day period has elapsed from the time of submission of Joseph Greer's Notice of Death, and as Plaintiffs failed to file a proper Motion to Substitute within that time frame or file an appropriate Motion for Extension of Time, Plaintiffs claims against former Defendant, Joseph Greer "must be dismissed" in their entirety.

In Plaintiffs' Moton to Substitute they cite to a number of cases for the proposition that it is unnecessary to file suit against an estate in order to maintain the claim against a deceased individual. They argue, that the claim can simply be maintained by filing a Motion to Substitute the "legal representative" of the deceased party. However, notably, none of cases that Plaintiffs cite to are within the Sixth Circuit or more importantly, address Kentucky probate law. Therefore, they are inapplicable to the matter currently before this court.

The Federal Rules establish that "[c]apacity to sue or be sued is determined . . by the law of the state where the state where the court is located." FRCP 17(b). Thus, we look to Kentucky law to determine if a claim against a "legal representative" is proper. As explained by the Kentucky Supreme Court a "party defendant must actually or legally exist and be legally capable of being sued." *Jackson v. Est. of Day*, 595 S.W.3d 117, 122 (Ky. 2020) (*citing Ratliff v. Oney*, 735 S.W.2d 338, 341 (Ky. App. 1987). A lawsuit against a deceased party is a nullity. *Jackson,* 595 S.W.3d at 122*; Gailor v. Alsabi,* 990 S.W.2d 597, 600 (Ky. 1999); and *Powers v. Kentucky Farm Bureau Mut. Ins. Co.*, 694 S.W.3d 361, 368 (Ky. 2024). This is true even when a defendant dies during the course of litigation. *Ditto v. Mucker*, 663 S.W.3d 456, 458 (Ky. Ct. App. 2022). "When a party to an action dies while that action is pending, that action is abated and lies dormant until it is revived by a ***proper-successor*** in interest." *Est. of Benton by Marcum v. Currin*, 615 S.W.3d 34, 36 (Ky. 2021). The Court is charged with establishing whether the individual or entity that is being offered as a substituted party is appropriate. *Id*. at FN 16.

In *Mr. Roof of Louisville, LLC. v. Estate of Henry*, 681 S.W.3d 115 (Ky. 2023), the Kentucky Supreme Court addressed in detail how a claim against a deceased defendant must proceed. The Court held that a personal representative is a ***necessary party*** in any postmortem litigation. *Id*. at 125. Further, that Kentucky "case law, statutes and [Civil] [R]ules recognize that the administrator is the only party with the power to initiate or ***defend*** actions." *Id*. (*emphasis supplied*) The Court explained that "[i]n the context of estate administration, the term 'successor' is a term of art and refers to a second or subsequent person or entity appointed by the district court." *Id*. at 127. Thus, Plaintiffs cannot proceed with their claims against former Defendant, Joseph Greer, by naming Kenneth Greer as the "legal successor." No such entity exists in Kentucky. Therefore, their Motion for Substitution against Kenneth Greer is treated as a nullity.

The circumstances presented before this Court are analogous to what the Eleventh Circuit addressed in *Silas v. Sheriff of Broward County, Florida*, 55 F.4th 872 (11th Cir. 2022), when applying Alabama law. As described above, in *Silas*, a § 1983 claim was brought against officer Paul Yesbeck. *Id*. at. 874. One of the remaining Defendants filed a suggestion of death that was served on Plaintiff's counsel on June 18, 2021. *Id*. Under Alabama Code § 43-2-42, in order to maintain the claims against Yesbeck, Plaintiff was required to open an Estate for Yesbeck and appoint an "administrator ad litem as personal representative or executor of the estate."[9] Plaintiff initially filed a Motion to Substitute on August 30, 2021, to substitute the

---

[9] The cited Alabama Code is comparable to KRS § 395.040 and the requirements to maintain the claim are nearly identical to Kentucky, as provided in the above cited case law.

Estate of Paul Yesbeck as the proper party defendant, however, the district court denied the motion as premature given an estate had not been opened and a personal representative had not been appointed. *Id*. Plaintiff thereafter failed to file another motion for substitution within the time period required by the Court, and his claims against former defendant Yesbeck were dismissed. *Id*. at 875. On appeal, Plaintiff argued that because no estate existed for Yesbeck, Plaintiff was unable to substitute the proper party. *Id*. at. 877. The Eleventh Circuit fundamentally rejected this argument, stating:

> State law -in this case, Alabama law – controls the opening of an estate. Under Alabama law, where the decedent's survivors do not apply to administer the estate and forty days pass, they relinquish their right. ALA. CODE § 43-2-42(b).

*Id*. at 877.

There is a substantially similar process under Kentucky law. KRS § 395.040. In Kentucky, within 60-days after the death of an individual, if the decedent's survivors do not attempt to open the estate, another party can apply to be the administrator. If the Plaintiffs in this case were concerned, they could not open an Estate for Joseph Greer within the 90-day deadline prescribed by FRCP 25, they could have requested an extension to do so, within that time period per FRCP 6(b). However, Plaintiffs did not. When addressing an identical scenario, the Eleventh Circuit stated:

> Silas could have sought more time to file her motion for substitution in the event the state court failed to appoint an administrator of the estate before the 90-day window expired. *Id*. But Silas never did so. Only after the 90-day deadline passed and the district court dismissed the claims against Yesbeck did Silas object. Because Silas failed to take the requisite steps to open an estate before the 90-day period expired, the district court properly dismissed the claims against Yesbeck.

*Id*. at 877.

This Honorable Court formerly addressed a similar scenario in *Graham v. Todd Cnty.*, No. 1:20-CV-00210-GNS-HBB, 2022 WL 801281, at *1 (W.D. Ky. Mar. 15, 2022) and *Graham v. Todd Cnty.*, No. 1:20-CV-00210-GNS-HBB, 2024 WL 1446464, at *1 (W.D. Ky. Apr. 3, 2024).[10] In *Graham*, Plaintiff asserted claims against two defendants who died prior to the initiation of the lawsuit (Steven Silves and Laurin Morris). 2022 WL 801281, at *2 (W.D. Ky. Mar. 15, 2022). In attempting to properly name these individuals in his Complaint, Graham identified the Defendants as the Estate of Steven Silves and the Estate of Laurin Morris. *Id.* at *4. However, at the time the suit was filed, the Estate of Silves had been previously closed, and of particular significance, an Estate of Morris had never been created.[11] *Id.* This Court held that "there was no legal entity in existence and no administrator was appointed for either estate when the Complaint was filed." *Id.* at 5. Thus, the suit against those Defendants were treated as a nullity and as a result, were barred by the statute of limitations. *Id.*

In the current matter, the facts are remarkably similar. Here, no estate has ever been opened for Joseph Greer and a personal administrator was never appointed. Instead, Plaintiffs are attempting to name an entity (Kenneth Greer, as legal successor of Joseph Greer) that simply does not exist under Kentucky law. Moreover, the time period to file a proper Motion to Substitute pursuant to FRCP 25 expired on August 12, 2025. Thus, as there is "no legal entity in existence and no administrator was appointed for [the Estate of Joseph Greer]" when the 90 day time

---

[10] Of particular note, counsel for Plaintiff, Jeffrey Clark, was also counsel of record for the Graham Plaintiffs.
[11] Counsel for Graham opened an Estate for Morris on April 29, 2021, and a personal representative was not appointed until May 27, 2021.

period elapsed, Plaintiffs' claims against former Defendant, Joseph Greer are barred and "must be dismissed."

### III. CONCLUSION

In support of their Motion for Substitution, Plaintiffs cite law from a variety jurisdiction, however, the vast majority of their citations are from jurisdictions outside the Sixth Circuit. Furthermore, Plaintiffs fail to appreciate that the determination of whether an entity is capable of being sued, is controlled by the rules of the forum state, here Kentucky. At the time the Notice of Death was filed on behalf of former Defendant, Sheriff Joseph Greer, a personal representative or successor did not legally exist as no estate has ever been created for Joseph Greer. Thus, it would have been impossible to serve them with notice of the death. Regardless, as the Second Circuit succinctly stated in *Kotler v. Jubert*, 986 F.3d 147 (2d Cir. 2021), FRCP 25(a) only requires service of the Notice of Death of the named parties to the lawsuit. The Second and Eleventh Circuits sensibly argue with "considerable force" that the purpose of FRCP 25(a) is to notify the involved parties of the need for action if they desire to ***preserve*** a claim. Such a concern does not exist when a defendant dies during the course of litigation, as no personal representative would rationally want a claim against the deceased to continue against the Estate.

Therefore, Plaintiffs' attempt to substitute Kenneth Greer, as the legal successor of Joseph Greer, is procedurally improper. Furthermore, in accordance with repeated and decisive Kentucky decisions, a lawsuit against a deceased party, or an estate that has not been created, are considered nullities. Such lawsuits do not toll the statute of limitations nor relate back to the original filings. Given Plaintiffs'

Motion for Substitution attempts to name an improper party, and as the 90 day time period has already expired from when the Notice of Death was filed, Plaintiffs' claims against Jospeh Greer "must be dismissed."

Therefore, Defendants, MEADE COUNTY, MEADE COUNTY SHERIFF'S DEPUTY CLIFF WISE and MEADE COUNTY CORONER WILLIAM ADAMS, respectfully request this Court DENY Plaintiffs' Motion for Substitution, and dismiss all claims in their entirety, against former Defendant, Joseph Greer.

Respectfully submitted,

*/s/ ROBERT K. BOND*
ROBERT K. BOND
ANDREW T. GARVERICH
LOCHMILLER BOND
514 N. MULBERRY STREET
P.O. BOX 826
ELIZABETHTOWN, KY  42702-0826
(270) 900-1248
rkbond@lbatty.com
agarverich@lbatty.com
ATTORNEYS FOR MEADE COUNTY
DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, I electronically filed the foregoing with the Clerk of the Court and service was made on counsel of record by using the ECF document filing system of the Western District of Kentucky.

*/s/ Robert K. Bond*
ROBERT K BOND, ESQ.