UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. 3:17-CV-00419-GNS

JEFFREY DEWAYNE CLARK and GARR KEITH HARDIN                    PLAINTIFFS

VS.         **MEMORANDUM IN SUPPORT OF
            MEADE COUNTY'S OMNIBUS MOTIONS IN LIMINE**

MEADE COUNTY, et al                                             DEFENDANTS

*****************************

Come Defendants MEADE COUNTY, BILL ADAMS and CLIFFORD WISE, by counsel, and for their Memorandum in Support of their omnibus Motions in Limine, state as follows.

**I.   PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE THAT SHERIFF GREER THREATENED THEM WITH A GUN DURING INTERVIEWS**

In their Amended Complaints, Plaintiff alleges that Sheriff Greer threatened both of them by placing a pistol on the table during their respective interviews.[1] In the extensive litigation that took place during the lead up to this criminal trial and the post-conviction appeals (where Clark was *pro se*), there was never any mention of Greer, or any officer threatening Clark with a gun. In fact, the first time a gun incident is referenced is in this civil case. As alluded to in this Court's summary judgment Opinion, Plaintiff failed to address in their briefing any allegation that Sheriff Greer used illegal interrogation tactics and they failed to allege any constitutional violation as a basis of said claim. (DN 388; PageID#: 34330). Therefore, Plaintiff has abandoned that claim and should be precluded from introducing any evidence regarding Sheriff Greer allegedly threatening either Plaintiff with a gun. This purported evidence serves no legitimate purpose and does not meet the definition of relevant evidence on any pending claims against the Meade County Defendants.

---

[1] DN 38 Hardin Amended Complaint, ¶¶ 66-69.

Fed. R. Evid. 401. Instead, it is an attempt to unduly prejudice the Meade County Defendants in contravention of Fed. R. Evid. 403.

This is consistent with prior Kentucky Court's opinions that there is no actionable constitutional violation for conducting an incompetent, negligent, or reckless investigation. *Virgil v. City of Newport*, No. CV 16-224-DLB-CJS, 2018 WL 344986, at *3 (E.D. Ky. Jan. 9, 2018), aff'd, 745 F. App'x 618 (6th Cir. 2018); *Garner v. Harrod*, 656 Fed.Appx. 755, 760 (6th Cir. 2016); and *Seigel v. City of Germantown*, 25 Fed.Appx. 249, 250 (6th Cir. 2001). The manner in which the investigation is conducted is irrelevant to the remaining claims against the Meade County Defendants. Fed. R. Evid. 403.

II. **PLAINTIFF SHOULD BE PRECLUDED FROM CLAIMING THEY HAVE BEEN EXONERATED, WERE WRONGFULLY CONVICTED, OR ANY REFERENCE TO THE INNOCENCE PROJECT**

Throughout this litigation Plaintiff has repeatedly claimed they have been "exonerated" for the murder of Rhonda Sue Warford. This is simply factually inaccurate and misleading. Based upon the DNA testing conducted in 2014, the Meade Circuit Court vacated the convictions of Plaintiff in 2016 and this vacatur was affirmed by the Kentucky Supreme Court in 2017. *Commonwealth v. Clark*, 528 S.W.3d 342 (Ky. 2017). Thereafter, in February of 2018, the Attorney General's Office elected to dismiss the indictments, *without prejudice*. As addressed during previous briefing, at no point did the attorney who was responsible for dismissing the indictments (Jon Heck) offer any indication that he believed Plaintiffs were innocent of the crime of murdering Warford. (DN 312; PageID#: 6858-6859). Instead, Heck believed that Clark and Hardin were still suspects of the murder and additional investigation into them was warranted. This was the primary reason he dismissed the indictments without *prejudice*.

As previously stated by the United States Supreme Court "acquittal on criminal charges does not prove that the defendant was innocent; it merely proves the existence of reasonable doubt as to his guilt." *U.S. v. Watts*, 519 U.S. 148, 155 (1997). At this point, there has been no judicial ruling that has established Plaintiff is factually innocent. Therefore, any reference that they were "exonerated", "wrongfully convicted", or any indication they were represented by the "Innocence Project", should be precluded given this is not relevant evidence but would be substantially prejudicial. Fed. R. Evid. 403.

### III. PLAINTIFF SHOULD BE PRECLUIDED FROM OFFERING ANY EVIDENCE REGARDING PERRY RYAN, THE INDICTMENTS RETURNED IN 2016 AND 2017 FOR KIDNAPPING AND PERJURY, AND THE DISMISSAL OF SAID INDICTMENTS FOR VINDICTIVE PROSECUTION.

On their previous Witness List, Plaintiffs identified Perry Ryan[2] as an individual they "May Call" at trial. (DN 409; PageID # 37230). They provided the following description as the substance of his expected testimony:

> Assistant Attorney General; may testify regarding his knowledge of the post-conviction prosecution of the Plaintiffs; the evidence offered against Plaintiffs at trial; his communications with witnesses and law enforcement including Defendants; and his knowledge of exculpatory evidence.

Ryan did not participate in either the investigation of Plaintiffs that took place in 1992, nor did he participate in the pretrial proceedings or criminal trial conducted in 1995. Ryan's involvement in this case took place after Plaintiff was convicted and he sought appellate review of said convictions. Ryan handled the appellate briefing on behalf of the Attorney General's Office. After the convictions were set aside in July of 2016, Ryan sought indictments for kidnapping and perjury against Plaintiffs. There has been no evidence of record that any

---

[2] In his most recent Witness List (DN 480), Plaintiff Clark did not identify Perry Ryan; however, a number of Exhibits Plaintiff identified are singularly related to Ryan which necessitates this Motion in Limine.

Meade County Defendant participated or was involved in securing these indictments. This is obviously because these indictments were sought 24 years after the original murder and investigation conducted by the Meade County Defendants.

Ryan's involvement is the classic example of irrelevant evidence that is not admissible against the remaining Defendants. Fed. R. Evid. 402. There is no probative value to his potential testimony. Moreover, any testimony regarding his perceived involvement would be substantially prejudicial. Fed. R. Evid. 403. Any alleged wrongdoing or improper activity on behalf of Ryan, does not address the claims against the Meade County Defendants for *Brady* violations, fabrication of evidence, or malicious prosecution. Accordingly, any reference to such evidence should be excluded.

### IV. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING NOTES FROM ROBERT THURMAN DOCUMENTING CONVERSATIONS HE HAD WITH SHERIFF GREER

Plaintiff has voluntarily dismissed their conspiracy claim against any Meade County Defendant and Thurman. (DN 316; PageID#: 20914, FN8)(DN 390; PageID#: 34354, FN 5). Moreover, given Hardin's settlement with Thurman, there is no remaining claims against Thurman in this litigation. Therefore, to the extent Plaintiff was attempting to introduce evidence to show there was a single plan or general conspiratorial objective shared by Thurman and the Meade County Defendants to deprive the Plaintiff of his constitutional rights, that evidence is no longer relevant to the existing claims. *Hooks v. Hooks*, 771 F.2d 935, 943-944 (6th Cir. 1985).

In discovery, Thurman produced his file that included a handwritten note purportedly documenting a conversation Thurman had with Sheriff Greer on April 10, 1992. (DN 316; PageID #: 20896). This handwritten note does not meet the definition of relevant

evidence as provided by Fed. R. Evid. 401. It does not address any *Brady* or fabrication claim against Sheriff Greer that would "make a fact more or less probable than it would be without the evidence." Moreover, the note would not be a "fact [ ] of consequence in determining the action. Therefore, any reference to this note should be excluded as it is not relevant evidence but would simply mislead a jury. Fed. R. Evid. 403.

V. **PLAINTIFF SHOULD BE PRECLUDED FROM ADVANCING ANY TYPE OF "GOLDEN RULE" ARGUMENTS**

The Court should exclude from evidence at the trial of this action any evidence or reference that would violate the prohibition against using a "Golden Rule" argument to the jury. This motion applies equally to testimony elicited at trial (whether on direct or cross-examination), voir dire, counsel's opening statement and closing argument, and any other evidence, documentary exhibits, or other items shown or referred to in the presence of the jury.

A golden rule type of argument is one that urges the jurors collectively or singularly to place themselves or members of their families or friends in the place of the person who has been offended and to render a verdict as if they or either of them or a member of their families or friends was similarly situated. These types of arguments are universally prohibited. *United States v. Hall*, 979 F.3d 1107, 1119 (6th Cir. 2020). "Closing arguments that encourage juror identification with crime victims are improper." *Johnson v. Bell*, 525 F.3d 466, 484 (6th Cir. 2008); *See also Johnson v. Howard*, 24 Fed.Appx. 480, 487 (6th Cir.2001) ("Those circuits that have considered use of 'Golden Rule' arguments have 'universally condemned' them as improper because they invite decision based on bias and prejudice rather than consideration of facts.")

### VI. PLAINTIFF SHOULD BE EXCLUDED FROM OFFERING EVIDENCE THAT MEADE COUNTY'S ACTIONS VIOLATED STANDARD POLICE PRACTICES

The internal policies and procedures of an agency do not set constitutional standards and violations of said policies do not establish that Plaintiff's constitutional rights were violated. In 1992, the Meade County Sheriff's Office did not have any written policies or procedures. This was not a statutory requirement in the Commonwealth of Kentucky for a Sheriff's Office. The Meade County Defendants anticipate Plaintiff will attempt to introduce into evidence through their police practice experts, that the Meade County Defendants acted in contravention to minimally acceptable police practices. This does not equate to a constitutional violation that is being alleged against these Defendants. *See Case v. Kitsap County Sheriff's Dep't.*, 249 F.3d 921, 929 (9th Cir. 2001); *Gagne v. City of Galveston*, 805 F.2d 558, 560 (5th Cir.1986); and *Davis v. Scherer*, 468 U.S. 183, 194 (1984).

The Meade County Defendants are concerned that by introducing evidence of minimally acceptable police practices, a jury may conflate that issue with the violation of a constitutional right. Fed. R. Evid. 403. Therefore, any reference that the Meade County Defendants violated minimally accepted police practices should be excluded.

### VII. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE THAT BART ADAMS BELIEVED THE "CAPPS LETTER" WOULD HAVE CHANGED THE JURY'S DECISION TO CONVICT PLAINTIFFS FOR HARDIN'S MURDER.

Bart Adams was a criminal defense attorney who represented Clark after arrest in 1992 through his conviction in 1995. After purportedly discovering the existence of the Capps' letter *after* the convictions, Adams filed a Motion for New Trial and in the Motion attached an affidavit where he opines that a jury would not have convicted Clark and Hardin

but for the statement from Clifford Capps.[3] Additionally, Adams testified during an evidentiary hearing for Plaintiff's Motion for a New Trial on July 10, 2015. In that testimony, he argues had he had possession of the Capps' letter, he would have "totally destroyed" Capps' testimony and nobody would have "believed a word about the confession."[4]

These types of arguments are quintessential improper evidence that goes to the "ultimate issue" of the *Brady* claim regarding the Capps' letter of whether its' existence would have changed the verdict of the jury. *Shahid v. City of Detroit*, 889 F.2d 1543, 1547 (6th Cir. 1989); and *Woods v. Lecureux*, 110 F.3d 1215, 1221 (6th Cir. 1997). As the Court is aware, one element of a *Brady* claim requires the jury to determine if the criminal defendant suffered prejudice from the withheld evidence, meaning there would be a "reasonable probability of a different result…." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). Here, it would be improper to substitute Adams' testimony and belief for that of the jury. Therefore, any reference that Adams believed the Capps' letter would change the verdict would be improper and should be excluded as prejudicial and inadmissible testimony. Fed. R. Evid. 403 and 704.

Additionally, Adams offered testimony that is critical of both the presiding judge of the murder case (Hon. Sam Monarch) and the Commonwealth Attorney who presented the case (Kenton Smith). For example, in his 2015 testimony he opines he thought this case was the "most fundamentally unfair trial I have ever seen." *Id*. at. 5. This is improper opinion testimony (Fed. R. Evid. 701), is not relevant evidence (Fed. R. Evid. 401) and would substantially prejudice the remaining Meade County Defendants for the perceived actions of Judge Monarch and Commonwealth Attorney Smith under which they have no control. Fed.

---

[3] **Exhibit A:** Affidavit of Bart Adams, ¶8, April 19, 1995, CLARK 001858.
[4] **Exhibit B:** July 10, 2015 Evidentiary Hearing, Testimonies of Bart Adams and Wallace Rogers, pg. 29.

R. Evid. 403. Therefore, any testimony from Adams regarding perceived expressions and feelings towards Judge Monarch and Smith should be excluded. Finally, it is anticipated Adams will attempt to provide testimony that attacks the integrity of the 1995 Meade County jury that found Clark and Hardin guilty for the murder of Warford. Moreover, testimony that invades the sanctity of this jury when addressing the credibility of the underlying criminal process including the credibility of witness, which is in the sole province of this jury. *Johnson v. Baker*, No. 1:08-CV-00038, 2009 WL 3486000 *5-6 (W.D.Ky. Oct. 23, 2009).

### VIII. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING INTO EVIDENCE THE AFFIDAVITS OF MICHAEL ARGALL AND NATILIE FREI.

Plaintiff identified on their Exhibit List, the affidavits of Michael Argall and Natalie Frie. (DN 80-1, PageID #: 43777).[5] These were attorneys in Colorado involved in the Roy Melanson criminal case. The depositions of Argall or Frie have not been taken, and neither of these individuals are listed on Plaintiffs' Witness Lists. These affidavits constitute multiple layers of inadmissible hearsay and should be precluded from coming into evidence. Fed. R. Evid. 801 and 802. Moreover, the affidavits are not based upon the personal knowledge of these witnesses but are merely relying upon information provided to them by Harvey Palefsky. "Affidavits based on mere "information and belief," as opposed to facts the affiant knows to be true, are not proper." *Loadman Grp., L.L.C. v. Banco Popular N. Am.*, No. 4:10CV1759LIO, 2013 WL 1154528, at *3 (N.D. Ohio Mar. 19, 2013). Therefore, they should be excluded.

---

[5] **Exhibit C:** Affidavit of Michael H. Argall, May 4, 1995, and Affidavit of Natalie Frie, May 11, 1995.

## IX. PLAINTIFFS SHOULD BE PRECLUDED FROM MAKING ANY ARGUMENTS THAT SHERIFF GREER MISREPORTED AND/OR FABRICATED ANY EVIDENCE REGARDING BLOOD ON HARDIN'S HANDKERCHIEF WAS FROM AN ANIMAL SACRIFICE, THE HAIR FOUND ON WARFORD'S SWEATPANTS "MATCHED" HARDIN, AND THAT CLARK'S NOVA HAD A "FRESH" FINGERPRINT FROM WARFORD.

In Plaintiff's Amended Complaint, they allege that Sheriff Greer fabricated certain evidence including: (1) a bloody handkerchief found in Hardin's possession came from an animal sacrifice (DN 38, ¶¶ 62-65); (2) a hair found on Warford's sweatpants "matched" that of Hardin; (DN 38, ¶ 120); and (3) Warford's "fresh" print was found in Clark's vehicle (DN 138, ¶ 120). Plaintiff failed to address any of these claims in summary judgment briefing, and in this Court's Opinion ruling on Meade County's Motion for Summary Judgment, it held that "[b]ecause Plaintiffs do not address Moving Defendants' arguments, Plaintiffs abandon their fabrication claims as to those facts, and summary judgment is granted." (DN 388; PageID# 34313, FN 9). As summary judgment has been granted as to those claims, it would be improper for Plaintiff to offer any evidence regarding alleged fabrication of those pieces of evidence. It is no longer relevant evidence and would be unfairly prejudicial to the Meade County Defendants. Fed. R. Evid. 401 and 403.

## X. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE THAT SHERIFF GREER OR ANY OTHER MEADE COUNTY DEFENDANT FABRICATED EVIDENCE IN VIOLATION OF THE FOURTH AMENDMENT.

In dispositive motion briefing, the Meade County Defendants moved for summary judgment on all of Plaintiff's claims that the Meade County Defendants fabricated evidence in violation of the Fourth Amendment. Plaintiffs failed to address these arguments in their response, and in this Court's Opinion ruling on the summary judgment, it held "Plaintiffs have abandoned the Fourth Amendment fabrication claim, for which summary judgment is granted." (DN 388; PageID# 34314, FN 10). Therefore, these Defendants move to preclude

any evidence that the Meade County Defendants fabricated evidence that was not introduced at the trial of Clark and Hardin. Specifically, the Defendants believe that Plaintiffs will try to introduce evidence that Sheriff Greer fabricated his investigative report to the extent it conflicts with the trial testimonies of Crystal Barnes, Mary Warford, and Michelle Rogers as it relates to Plaintiffs' involvement in Satanism. However, Barnes, Warford, and Rogers all testified at trial regarding the substance of those interviews previously conducted by Sheriff Greer. Thus, there were no fabricated statements introduced to the jury of Barnes, Warford, and/or Rogers, of which the jury could rely upon, which could create a "reasonable likelihood" that the false evidence affected the judgment. *Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017). Moreover, as Plaintiff has no pending fabrication claims under the Fourth Amendment, introduction of such evidence is not relevant to the pending claims. Fed. R. Evid. 401. Instead, the introduction of such evidence would result in unfair prejudice to these Defendants and would mislead a jury as there is no pending claim that said evidence was fabricated. Fed. R. Evid. 403.

### XI. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING SHERIFF GREER'S GRAND JURY TESTMONY RESULTING IN THE INDICTMENT OF CLARK AND HARDIN.

As this Court is aware, a grand jury witness has absolute immunity from any § 1983 claim based upon the witness' testimony. *Rehberg v. Paulk,* 566 U.S. 356, 369 (2012). Sheriff Greer was the only witness who testified before the Meade County grand jury on May 7, 1992, that resulted in indictments being returned against Plaintiffs for the murder of Warford. Moreover, this rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution. *Id*. The Sixth

-10-

Circuit has held that this absolute immunity also extends to omissions and false statements that were made during the grand jury testimony. *King v. Harwood*, 852 Ff.3d 568, 587 (6th Cir. 2017). Any purported "omission[s] of exculpatory evidence may not suffice to defeat [the] presumption [of probable cause] that is established after the return of an indictment. *Lester v. Roberts*, 986 F.3d 599, 609 (6th Cir. 2021).

As this Court stated in his Opinion on Meade County's Motion for Summary Judgment (DN 388; PageID# 34326, FN 15):

> In their response, Plaintiffs argue that the probable cause presumption is rebuttable by listing several alleged fabrications and false statements from Greer's grand jury testimony. (Pls.' Resp. 41-42). Under *King*, however, Plaintiffs must point to Greer's actions **"prior to and independent of his grand-jury testimony"** and **"may not bring in evidence of the grand-jury testimony *itself* to do so."** *King*, 852 F.3d at 590. Thus, the only part of their analysis rebutting the presumption of probable cause that the Court may consider is the date of death which Plaintiffs connect to Greer's actions other than his testimony before the grand jury.

Thus, the testimonial privilege established in *Rehberg v. Paulk*, 566 U.S. 356 (2012), precludes Plaintiffs from using the grand jury testimony to establish liability on the part of Sheriff Greer or any other Meade County Defendant.

### XII. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE THAT THE MEADE COUNTY DEFENDANTS CONSPIRED WITH DETECTIVE HANDY, OR ANY LOUISVILLE POLICE OFFICER, DURING THE WARFORD HOMICIDE INVESTIGATION

Plaintiff asserted conspiracy claims against the various parties in their Amended Complaints. (DN 38, ¶¶ 220-228). Since that time, Plaintiff has dismissed their conspiracy claim against Thurman. (DN 316; PageID#: 20914, FN8)(DN 390; PageID#: 34354, FN 5). Additionally, Plaintiff has tendered an Agreed Order of Voluntary Dismissal (DN 370)

dismissing Mark Handy "with no payment of settlement sums" and a subsequent Order entered by the Court (DN373) dismissed all Louisville Defendants. Thus, there are no pending claims against Handy, or any other Louisville Police officer, and presumably, a settlement agreement/release has been entered into between the Plaintiffs and the Louisville Defendants. "A civil conspiracy claim under § 1983 … lies when there is 'an agreement between two or more persons to injure another by unlawful action.' " *Robertson v. Lucas,* 753 F.3d 606, 622 (6th Cir. 2014) (*quoting Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). This requires an underlying claim for a constitutional violation. *Wiley v. Oberlin Police Dep't*, 330 F.App'x 524, 530 (6th Cir. 2009).

Here, Plaintiffs have released from liability Handy and all other Louisville defendants for any of their actions involved in the Warford homicide investigation. Additionally, after Plaintiff failed to address the arguments in Meade County's Motion for Summary Judgment, this Court held that "summary judgment [was] granted" regarding Plaintiffs' claims that any Meade County Defendant was involved in allegedly fabricating Hardin's statement that he sacrificed animals and wanted to sacrifice a human. (DN 388; PageID# 34313, FN 9]. Thus, there could not be a constitutional violation established against Handy, or any other Louisville police officer, which would promote the alleged conspiracy between the parties. Constitutional violations asserted under § 1983 imposes joint and several liability. The release of one joint tortfeasor releases the claims against the other. *Riley v. Dun* & Bradstreet, 186 F.2d 500, 501 (6th Cir. 1951); and *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 538 F. Supp. 1287, 1288 (N.D. Ohio 1980).

XIII.  **PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE THAT SHERIFF GREER FAILED TO TRAIN AND/OR SUPERVISE ERNIE EMBRY IN SUPPORT OF THEIR MUNICAPL LIABILITY CLAIM AGAINST MEADE COUNTY.**

Plaintiff Jeffrey Dewayne Clark's only *Monell* claim against Meade County is premised upon the inadequate training or supervision.  (DN 388; PageID# 34340 FN 26).   In an effort to establish this claim, Plaintiff has designated portions of Ernie Embry's deposition, who is now deceased and was a former Meade County Sheriff's Deputy.  However, Embry testified that although he was a part-time Sheriff's Deputy, from 1989 – 1994, he worked exclusively for his dump truck business, and he was not actively working as a Sheriff's Deputy. (Embry, pgs. 21-22).[6]   Therefore, any evidence regarding Embry's training or lack thereof, during this period of time, is insufficient to establish Plaintiff's *Monell* claim for inadequate training as Embry was not working for the Sheriff's Department within this period of time.

> /s/ Robert K. Bond
> ROBERT K. BOND
> ANDREW T. GARVERICH
> DANIEL J. DIGIALLONARDO
> LOCHMILLER BOND
> 514 N. MULBERRY STREET
> P.O. BOX 826
> ELIZABETHTOWN, KY  42702-0826
> (270) 900-1248
> rkbond@lbatty.com
> agarverich@lbatty.com
> daniel@lbatty.com
> COUNSEL FOR MEADE COUNTY DEFENDANTS

---

[6] **Exhibit D:**  Deposition of Erie Embry, February 19, 2020 (relevant excerpts only).

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2025, I electronically filed the foregoing with the Clerk of the Court and service was made on counsel of record by using the ECF document filing system of the Western District of Kentucky.

Anna Benvenutti Hoffmann
Barry C. Scheck
Emma K. Freudenberger
Mary K. McCarthy
Nick Brustin
Sophia Villarreal
Rhianna Beda Rey
Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
anna@nsbhf.com
barry@nsbcivilrights.com
emma@nsbcivilrights.com
katie@nsbhf.com
nick@bsbhf.com
sophia@nsbhf.com
rhianna@nsbhf.com
Counsel for Plaintiff Hardin

Larry D. Simon
American Life Building, Suite 200
471 West Main Street
Louisville, KY 40202
larrysimonlawoffice@gmail.com
larrylawyerguy@aol.com
Counsel for Plaintiff Hardin

Elliot Slosar
Arthur Loevy
Michael Kanovitz
Amy Robinson-Staples
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
elliot@loevy.com
arthur@loevy.com
mike@loevy.com
amy@loevy.com
campbell@loevy.com
Counsel for Plaintiff Clark

Ed Monarch
Pete Rosene
McBrayer, PLLC
500 West Jefferson Street, Suite 2400
Louisville, KY  40202
emonarch@mcbrayerfirm.com
prosene@mcbrayerfirm.com
Counsel for Defendant Thurman

                                        */s/ Robert K. Bond*
                                        ROBERT K. BOND