COMMONWEALTH OF KENTUCKY
MEADE CIRCUIT COURT
NO. 92-CR-043

COMMONWEALTH OF KENTUCKY                                          PLAINTIFF

vs.     **DEFENSE COUNSEL'S AFFIDAVIT IN SUPPORT OF
MOTION FOR NEW TRIAL BASED
UPON THE GROUNDS OF NEWLY DISCOVERED EVIDENCE**

JEFFREY D. CLARK                                                  DEFENDANT

*** *** ***

Comes the Affiant, Bart Adams, and after having been duly sworn, states as follows:

1.  Affiant is counsel of record for the above named defendant.

2.  Affiant was contacted shortly after trial in the above matter ended by Juelene Cochran, Defendant's mother. Mrs. Cochran stated to Affiant that an inmate in the Meade County Jail, Kevin Justis, had gotten a message to Jeff Clark concerning the testimony of Clifford Capps. Affiant was told that Kevin Justis had two letters from Clifford Capps wherein Capps asks Justis to tell the authorities that Clark and Hardin confessed to the murder.

3.  Immediately upon receiving said information, Affiant contacted Sheriff Joe Greer in Meade County and relayed Kevin Justis' allegations.

4.  Affiant has learned that in June of 1993, Clifford Capps and Kevin Justis were endorsed as witnesses for the prosecution in the trial of Roy Melanson in Gunnison County, Colorado, case No. 93-CR-10. According to Capps, Mr. Melanson had made incriminating statements to both Kevin Justis and Capps. Mr. Melanson's counsel, Harvey Palefsky, interviewed both Capps and Justis in the latter part of June 1993. At that time, Attorney Palefsky learned of the two letters written by Clifford Capps to Kevin Justis which solicited fictitious

CLARK 001856

testimony against Jeffrey Clark and Keith Hardin. Attorney Palefsky contacted Sheriff Joe Greer at that time and discussed the letters with Sheriff Greer. Attorney Palefsky has stated under oath in the attached affidavit that Sheriff Greer acknowledged having seen the letters. Further, both Kevin Justis and Kevin Justis' mother stated to Attorney Palefsky that they had each, individually, supplied Sheriff Greer with copies of the letters. Neither Kevin Justis nor Clifford Capps were called as witnesses by the prosecution in the Melanson case as a result of Attorney Palefsky's findings.

5. After Affiant called Sheriff Greer with Kevin Justis' allegations, Sheriff Greer was able to secure the letters in question from Justis' mother. On or about the 16th day of March, 1995, the Commonwealth filed with the Court its First Post-Trial Discovery. Among the items filed were two notes from Clifford Capps to Kevin Justis as well as Kevin Justis' statement taken by Sheriff Greer on March 10, 1995. This was the first time that the Commonwealth had provided Affiant with the Capps letters, despite having had knowledge of said letters since approximately December 1992.

6. Pursuant to the Commonwealth's post-trial discovery, Affiant's private investigator interviewed Kevin Justis. A copy of said interview is attached herein as Kevin Justis' affidavit.

7. Affiant diligently investigated the testimony and background of Clifford Capps prior to trial. The notes written by Capps and sent to Justis were not available to the defendant despite diligent and thorough preparation for trial as Kevin Justis had not revealed their existence to defendant or Affiant. Affiant attempted to discredit Capps' testimony through Capps' criminal history. Further, affiant called as a witness Jerry Mabry, another former inmate of the Meade County Jail, who stated that he and not Clifford Capps had been defendant's roommate.

CLARK 001857

8.  It is Affiant's belief that evidence of Clifford Capps' perjured testimony would have changed the verdict of the jury if it had been available at the time of trial. The letters to Kevin Justis would have impeached Capps and would have seriously affected his credibility. There was no physical evidence in the case at bar implicating Defendant in the death of Rhonda Warford. It is Affiant's belief that but for the "confession" elicited from Clifford Capps, the jury would have acquitted Defendant. Further, Kevin Justis has testified under oath in the affidavit attached herein that he is sure that he provided the Commonwealth, by and through Sheriff Joe Greer, with copies of both letters from Clifford Capps well in advance of trial. The affidavit of Harvey Palefsky further supports Affiant's belief that the Commonwealth was in possession of the Capps notes well in advance of trial in the case at bar.

FURTHER AFFIANT SAYETH NAUGHT.

_____
BART ADAMS, AFFIANT

COMMONWEALTH OF KENTUCKY    }
                            }
COUNTY OF JEFFERSON         }

SUBSCRIBED and SWORN to before me by BART ADAMS to be his true act and deed on this the ___19th___ day of April, 1995.

My Commission Expires: __12-27-97__

_____
Nicole H. Pang
NOTARY PUBLIC, State-at-Large

CLARK 001858