UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. 3:17-CV-00419-GNS

JEFFREY DEWAYNE CLARK and GARR KEITH HARDIN          PLAINTIFFS

**MEMORANDUM IN SUPPORT OF
MEADE COUNTY'S MOTIONS IN LIMINE TO EXCLUDE
REFERENCE TO AMY REMSBURG'S CRIMINAL HISTORY**

VS.

MEADE COUNTY, et al          DEFENDANTS

*****************************

Come Defendants MEADE COUNTY, BILL ADAMS and CLIFFORD WISE, by counsel, and for their Memorandum in Support of their Motion in Limine, state as follows.

**I.    ANY REFERENCE TO AMY HATFIELD'S (fka REMSBURG) CRIMINAL HISTORY AND ALLEGATIONS OF CHILD ABUSE MUST BE EXCLUDED AS THE INFORMATION IS IRRELEVANT AND SUBSTANTIALLY PREJUDICIAL TO THESE DEFENDANTS**

Plaintiff asserted a claim against Sheriff Greer that he fabricated the recorded statement and trial testimony of Amy Remsburg. (DN 38, ¶¶ 70-74). Moreover, Plaintiff alleges Remsburg had a motive to frame Plaintiff, Jeffrey Clark, based upon reports that he observed Remsburg sexually abusing her eight-year-old son. (DN 388, PageID # 34320). The Meade County Defendants moved for summary judgment on this claim, and it was granted by this Court in its Opinion (DN 388; PageID#: 34322) which held "Plaintiffs have not pointed to evidence that Greer fabricated Remsburg's testimony, and their insistence that a jury must weigh the witnesses' credibility is not enough . . . . [t]hus, summary judgment is granted on this claim."

Any reference by Plaintiffs or their counsel that Remsburg sexually abused her child is not relevant evidence per Fed. R. Evid. 401 as it does not address any of the remaining claims against the Meade County Defendants. The Court stated in its Opinion, that "[e]ven

assuming Remsburg's statements are false, any evidence that Greer knowing fabricated them is purely speculative." (DN 388; Page ID# 34321). Thus, any attempted reference to the alleged child abuse, is not a "fact [ ] of consequence in determining the " remaining claims against the Meade County Defendants in this lawsuit. Fed. R. Evid. 401(b). Instead, the evidence to be proffered would have no probative value and be substantially prejudicial against the remaining Defendants. Accordingly, the evidence should be excluded per Fed. R. Evid. 403.

Furthermore, the indictments against Remsburg[1] were returned in April of 1998 and related to events occurring in **1996 and 1997**, which was four to five years after Plaintiff was arrested and one to two years after his conviction.[2] Therefore, the criminal charges assessed against Remsburg have no relevance to the instant matter, as they relate to events occurring **after** Plaintiffs' convictions. Any evidence of child abuse is improper impeachment evidence as it does not address the witness's character for truthfulness or untruthfulness but is instead, an effort to introduce inadmissible extrinsic evidence. Fed. R. Evid. 608(b) only allows inquiry concerning prior acts that are probative of a witness's untruthful conduct. This typically requires acts that will involve dishonesty, or false statements as employed in Rule 609(a)(2).

The Judgement against Remsburg for counts of Assault in the Second Degree, was entered on May 28, 1999, and the sentence was 10 years for each count to run concurrently. *Id*. Thus, the conviction occurred approximately 25 years ago, and the probationary sentence

---

[1] Amy Padgett is the name listed in the criminal case and is a another name of Amy Remsburg.
[2] **Exhibit A:** Indictment, *Commonwealth of Kentucky v. Amy Padgett*, April 9, 1998, REMSBURG 002 – REMSBURG 003; Order Amending Indictment, *Commonwealth of Kentucky v. Amy Padgett*, May 7, 1998, REMSBURG 082 – REMSBURG 083; Judgement and Sentence on Plea of Guilty, *Commonwealth of Kentucky v. Amy Padgett*, May 28, 1999, REMSBURG 173 – REMSBURG 174.

concluded nearly 15 years ago. Fed. R. Evid. 609(b) limits evidence of a felony conviction that has occurred over 10 years ago, and will permit such evidence, "only if":

>  (1) its probative value supported by specific facts and circumstances substantially outweigh its prejudicial effect;

FRE 609(b)(1).

"Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *United States v. Rodriguez*, 409 F. App'x 866, 869-70 (6th Cir. 2011) (citation omitted). "When stale convictions are offered for the purpose of impeaching a witness, they often shed little light on the present tendency of the witness toward truthfulness and veracity." *United States v. Sims*, 588 F.2d 1145, 1148 (6th Cir. 1978). In *U.S. v. Moore*, the Sixth Circuit listed the following facts to consider when ruling on whether to admit a prior conviction: "(1) The impeachment value of the prior crime. (2) The point in time of the conviction and the witness' subsequent history. (3) The similarity between the past crime and the charged crime. (4) The importance of the defendant's testimony. (5) The centrality of the credibility issue." *U.S. v. Moore*, 917 F.2d 215, 234 (6th Cir.1990)(internal citations omitted).

Here, there is no probative value to Amy Remsburg's criminal history relating to the remaining claims against the Meade County Defendants. As addressed above, this Court has granted summary judgment on Plaintiff's claims that Sheriff Greer fabricated Remsburg's statement. Accusations of child abuse, which occurred **three to four years after** Clark and Hardin's arrests, have no relevance. Instead, such information would be unfairly prejudicial against the Meade County Defendants and would also mislead the jury in an effort to impugn the integrity of Amy Remsburg as a witness on a collateral matter. In accordance with the aforementioned arguments, and Fed. R. Evid. 401, 403, 404, 608, 609 and 611(a)(3), the

Court should exclude any reference to this child abuse allegations as these allegations do not involve acts of dishonesty, they are highly prejudicial, and they would subject Amy Remsburg to undue harassment and embarrassment on a collateral matter.

/s/ Robert K. Bond
ROBERT K. BOND
ANDREW T. GARVERICH
DANIEL J. DIGIALLONARDO
LOCHMILLER BOND
514 N. MULBERRY STREET
P.O. BOX 826
ELIZABETHTOWN, KY  42702-0826
(270) 900-1248
rkbond@lbatty.com
agarverich@lbatty.com
daniel@lbatty.com
COUNSEL FOR MEADE COUNTY DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2025, I electronically filed the foregoing with the Clerk of the Court and service was made on counsel of record by using the ECF document filing system of the Western District of Kentucky.

Anna Benvenutti Hoffmann
Barry C. Scheck
Emma K. Freudenberger
Mary K. McCarthy
Nick Brustin
Sophia Villarreal
Rhianna Beda Rey
Neufeld Scheck Brustin Hoffmann & Freudenberger, LLP
99 Hudson Street, 8th Floor
New York, NY  10013
anna@nsbhf.com
barry@nsbcivilrights.com
emma@nsbcivilrights.com
katie@nsbhf.com
nick@bsbhf.com
sophia@nsbhf.com
rhianna@nsbhf.com
Counsel for Plaintiff Hardin

Larry D. Simon
American Life Building, Suite 200
471 West Main Street
Louisville, KY  40202
larrysimonlawoffice@gmail.com
larrylawyerguy@aol.com
Counsel for Plaintiff Hardin

Elliot Slosar
Arthur Loevy
Michael Kanovitz
Amy Robinson-Staples
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL   60607
elliot@loevy.com
arthur@loevy.com
mike@loevy.com
amy@loevy.com
campbell@loevy.com
Counsel for Plaintiff Clark

Ed Monarch
Pete Rosene
McBrayer, PLLC
500 West Jefferson Street, Suite 2400
Louisville, KY  40202
emonarch@mcbrayerfirm.com
prosene@mcbrayerfirm.com
Counsel for Defendant Thurman

                                  _/s/ Robert K. Bond_
                                  ROBERT K. BOND