UNITED STATES DISTRICT COURT WESTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. 3:17-CV-00419-GNS

JEFFREY DEWAYNE CLARK and GARR KEITH HARDIN                    PLAINTIFFS

VS.    **DEFENDANTS MEADE COUNTY, BILL ADAMS, CLIFFORD WISE AND MEADE COUNTY'S OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST**

MEADE COUNTY, et al                                           DEFENDANTS

**PLAINTIFF'S RESPONSE TO DEFENDANTS MEADE COUNTY, BILL ADAMS, CLIFFORD WISE AND MEADE COUNTY'S OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST**
*******************************

Now comes  Plaintiff, Jeffrey Clark,  by counsel, and pursuant to this Court's Order (DN 454) hereby make the following responses to Defendants objections to Plaintiff's Exhibit List:

| PX# | DESCRIPTION | TO BE OFFERED[1] | DEFENSE OBJECTIONS | Plaintiff's Response |
|---|---|---|---|---|
| 1 | Letter from Clifford Capps to Kevin Justis | | Objection to format and presentation of letters as being front and back of same page. Meade County Defendants intend to introduce copy of original Capps' letter (as maintained by Circuit Clerk file), to show there are two separate pieces of paper. | Meade County Defendants do not provide a valid basis for an objection. |

| 2 | 06/28/1993 Interview of Kevin Justis | | Statement transcription is not notarized. Not properly authenticated. FRE 901. 28 USCA § 1746. See DN 491. | Plaintiff can lay a proper foundation through witness testimony at trial. |
|---|---|---|---|---|
| 3 | Kevin Justis Testimony, 07/2015 Evidentiary Hearing | *See Footnote 1.* | | |
| 4 | Transcript of 03/10/95 Joseph Greer and Cliff Wise Interview of Kevin Justis and Kentucky Court of Justice History Report | *See Footnote 1.* | Objection to the identification of the "Kentucky Court of Justice History Report" as no such document has been identified, or previously produced, and | Plaintiff can lay a proper foundation through witness testimony at trial. |

1 These Defendants have no objection to the introduction of exhibits labeled as " See Footnote 1" so long as they are presented and introduced through an appropriate witness with personal knowledge after a proper foundation has been laid. Defendants reserve the right to object to the use and introduction of said exhibits if the aforementioned requirements have not been met.

| | | | likely constitutes inadmissible hearsay. FRE 802. | |
|---|---|---|---|---|
| 5 | Harvey Palefsky Affidavit | | Subject to objections within Meade County's deposition objections. | Plaintiff relies upon his responses to Meade County Defendants dep. objections |
| 6 | Michael Argall Affidavit | | Inadmissible hearsay. FRE 801 & 802. See DN 493. | Plaintiff does not seek to introduce affirmatively, but may use for impeachment or to refresh recollection |
| 7 | Natalie Frei Affidavit | | Inadmissible hearsay. FRE 801 & 802. See DN 493. | Plaintiff does not seek to introduce affirmatively, but may use for impeachment or to refresh recollection |
| 8 | *Colorado v. Melanson* Trial Transcript Excerpt | | Inadmissible hearsay. FRE 801 & 802. The prejudicial effect would substantially outweigh the probative value of said exhibit. FRE 403. | Plaintiff can lay a proper foundation for this through witness testimony. Plaintiff addresses Meade County's other objections in his Response to Meade County's MIL on this topic. |
| 9 | 12/02/92 Sworn Statement of Clifford Capps to Joseph Greer | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 10 | Cliff Wise Testimony 03/02/1995 | *See Footnote 1.* | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 11 | 05/05/1992 Search Warrant | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 12 | 05/04/1992 Search Warrant | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |

| 13 | 03/10/1995 Joseph Greer and Cliff Wise Interview of Kevin Justis | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
|---|---|---|---|---|
| 14 | Cliff Wise Affidavit 05/01/1995 | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 15 | Note of 03/17/1995 Conversation between Cliff Wise and Jeff Clark | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 16 | Meade County Sheriff's Office Omnibus Report | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 17 | Joseph Greer Trial Testimony | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 18 | 1993 Grand Jury Transcript Joseph Greer Testimony | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 19 | Kentucky State Police Request for Examination from Joseph Greer | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 20 | Kentucky State Police Request for Examination from Joseph Greer and Notes | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 21 | Joseph Greer Summary of Lab Reports | *See Footnote 1.* | | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 22 | Autopsy Photos | Stipulate | | |

| 23 | Meade County Sheriff's Office Police File Excerpts | | Lack of foundation, not properly authenticated, and leads to confusion of the jury. FRE 403 & 902. | Meade County affirmatively includes the Sheriff's File in their own exhibits. Objection waived. |
|---|---|---|---|---|
| 24 | Michelle Rogers Trial Testimony | | Objection to any excerpts taken out of context in an effort to mislead and confuse the jury. There is no pending claim against these Meade County Defendants for alleged fabrication of said witness' statements based upon the Fourth Amendment, as said claims have been dismissed by this Court's summary judgment order. FRE 403 See DN 493. | Such testimony is relevant to Plaintiff's due process claims and damages. |
| 25 | Crystal Barnes Trial Testimony | | Objection to any excerpts taken out of context in an effort to mislead and confuse the jury. There is no pending claim against these Meade County Defendants for alleged fabrication of said witness' statements based upon the Fourth Amendment, as said claims have been dismissed by this Court's summary judgment order. FRE 403 See DN 493 | Such testimony is relevant to Plaintiff's due process claims and damages. Meade County Defendants are mistaken regarding Barnes, as Plaintiff has a viable claim based on Defendant Greer's fabrication of Barnes statement (same with Handy). |
| 26 | Transcript of LMPD and Attorney General's Office Interview of Clifford Capps 8.2018 | Stipulate | | |

| 27 | Audio of LMPD and Attorney General's Office Interview of Clifford Capps 8.2018 | Stipulate | | |
|----|----|----|----|----|
| 28 | Clifford Capps Trial Testimony | Stipulate | | |
| 29 | Clifford Capps Postconviction Evidentiary Hearing Testimony Transcript | Stipulate | | |
| 30 | Clifford Capps' Courtnet Printout RE: Assault | | Improper character evidence FRE 608 & 609. Not certified record, is not self-authenticating. FRE 902. | Is admissible pursuant to FRE 902. Consistent with Federal Rules, Plaintiff will use for impeachment and/or to refresh recollection. Is relevant to liability. |

| 31 | Clifford Capps' Courtnet Printout | | Improper character evidence FRE 608 & 609. Not certified record, is not self-authenticating. FRE 902. | Consistent with Federal Rules, Plaintiff will use for impeachment and/or to refresh recollection. Is relevant to liability. |
|----|-----------------------------------|------------|---------|---------|
| 32 | Certificate of Death MCSO 159 | | Not properly authenticated as is not a certified copy of the death certificate per Rule 902(4). | This is a document produced by Defendants, was part of their file, and is central to liability in this case. Defendants objection is without merit. |
| 33 | Crime Scene Photo MCSO 449 | Stipulate | | |
| 34 | Crime Scene Photo MCSO 452 | Stipulate | | |
| 35 | Crime Scene Photo MCSO 273 | Stipulate | | |
| 36 | Crime Scene Photo MCSO 338 | Stipulate | | |
| 37 | Crime Scene Photo MCSO 340 | Stipulate | | |
| 38 | Crime Scene Video | Stipulate | | |
| 39 | Bill Adams Trial Testimony | *See Footnote 1.* | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Meade County Defendants do not provide a valid basis for an objection. Any testimony given by Defendant Adams is an admission of party-opponent and admissible under FRE 801. |
| 40 | Tommy Stiles Affidavit | Stipulate | | |
| 41 | 06/21/2019 Subpoena Response from the Kentucky Office of the Attorney General | | Irrelevant evidence. Misleading and confusing to jury. FRE 401 and FRE 403. | Meade County Defendants do not provide a valid basis for an objection. |
| 42 | Crime Scene Photos of the Victim | Stipulate | | |
| 43 | George Nichols' Handwritten Notes | | Inadmissible hearsay. FRE 802. | Plaintiff has provided a foundation for the admission of this exhibit through their designations of Dr. Nichols' |

| | | | | testimony. . Relevant to liability and Dr. Nichols credibility, potential bias, and opinions. |
|---|---|---|---|---|
| 44 | George Nichols' Handwritten Notes re: Coleman, Lochmiller & Bond; Case Profile; and Invoices/Payments | | Irrelevant evidence, confusing to a jury, and not accurate. FRE 401 and FRE 403. | Plaintiff has provided a foundation for the admission of this exhibit through their designations of Dr. Nichols' testimony. Relevant to liability and Dr. Nichols credibility, potential bias, and opinions. |
| 45 | Newspaper Cutting | | Inadmissible hearsay. FRE 802. | Plaintiff can lay a proper foundation through witness testimony. |
| 46 | Compilation of Documents re: Amy Remsburg (now Amy Hatfield)) | | Improper character evidence. FRE 608 & 609. Not properly authenticated. Not relevant and prejudicial. FRE 401 & 403. See DN 494. | Such documents are relevant to liability and Remsberg's credibility and/or bias. Defendants objection is based upon their Remsberg MIL. Plaintiff relies upon his response to that MIL. |
| 47 | Amy Remsburg (now Amy Hatfield) Domestic Violence Emergency Protective Order | Stipulate | | Such documents are relevant to liability and Remsberg's credibility and/or bias. Defendants objection is based upon their Remsberg MIL. Plaintiff relies upon his response to that MIL. |
| 48 | Kenton Smith Letter Re: Clemency for Amy Hatfield | | Improper character evidence. FRE 608 & 609. Inadmissible hearsay. FRE 802. See DN 494. | Such documents are relevant to liability and Remsberg's credibility and/or bias. Defendants objection is based upon their Remsberg MIL. Plaintiff relies upon his response to that MIL. |

| 49 | Amy Remsburg (now Amy Hatfield) Trial Testimony | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Meade County Defendants do not provide a valid basis for an objection, especially given the stipulation. |

| 50 | Amy Remsburg (now Amy Hatfield) Typed Statement | Stipulate | | |
|---|---|---|---|---|
| 51 | Newspaper cutting "South End Woman is found stabbed to death in Meade" | | Inadmissible hearsay. FRE 802. | Plaintiff can lay a proper foundation through witness testimony. |
| 52 | Newspaper cutting "Body of Louisville girl discovered on Meade farm" | | Inadmissible hearsay. FRE 802. | Plaintiff can lay a proper foundation through witness testimony. |
| 53 | Letter to Harold Remsburg | | Improper character evidence. FRE 608 & 609. Inadmissible hearsay. FRE 802. See DN 494. | Such documents are relevant to liability and Remsberg's credibility and/or bias. Defendants objection is based upon their Remsberg MIL. Plaintiff relies upon his response to that MIL. |
| 54 | LMPD Reports 4/4/1992-5/5/1992 | *See Footnote 1.* | | |
| 55 | Hope Jaegers Trial Testimony | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Defendants' position inconsistent with stipulation. Testimony is relevant to liability and damages. |
| 56 | Video Footage of 1995 Criminal Trial Proceedings | Stipulate | Stipulation applies only if the trial testimony is played in its entirety. | Plaintiff objects to playing the entire trial under Rules 401, 402, 403 and consistent with the MILs. It would be highly prejudicial to play the entire trial given the parties/claims to this case. |
| 57 | LMPD Report Re: Interview with Vicki Budd by Charles Edelen 05/01/1992 | *See Footnote 1.* | | |

| 58 | 05/04/1992 James Clark Affidavit for Search Warrant for Plaintiff Clark | | | |
|---|---|---|---|---|
| 59 | Kentucky Rules of Professional Conduct: Special Responsibilities of a Prosecutor | | Irrelevant evidence, misleading. FRE 401 & 403. | Plaintiff can lay a proper foundation through witness testimony at trial |
| 60 | Kenton Smith Closing | | Irrelevant evidence, misleading. FRE 401 & 403. | Relevant to liability when assessing the materiality of Plaintiff's due process claims. |
| 61 | Mark Handy Trial Testimony | *See Footnote 1.* | Subject to pending Motions in Limine. | |
| 62 | Kenton Smith Note to Det. Handy 03/27/1995 | | Irrelevant evidence, misleading. FRE 401 & 403. Inadmissible hearsay. FRE 802. | Relevant to showing the general course of investigation, and liability when assessing the materiality of Plaintiff's due process claims. Plaintiff can lay a proper foundation at trial through witness testimony. |
| 63 | Kenton Smith Note to Dr. Nichols 03/27/1995 | | Irrelevant evidence, misleading. FRE 401 & 403. Inadmissible hearsay. FRE 802. | Relevant to showing the general course of investigation, and liability when assessing the materiality of Plaintiff's due process claims. Plaintiff can lay a proper foundation at trial through witness testimony. |
| 64 | Kenton Smith Note to Det. Greer 3/27/1995 | | Irrelevant evidence, misleading. FRE 401 & 403. Inadmissible hearsay. FRE 802. | Relevant to showing the general course of investigation, and liability when assessing the materiality of Plaintiff's due process claims. Plaintiff can lay a proper foundation at trial through witness testimony. |

| 65 | Kenton Smith Letter to Robert Thurman 03/28/1995 | | Irrelevant evidence, misleading. | Relevant to showing the general course of investigation, and liability when assessing the materiality of Plaintiff's due process claims. Plaintiff can lay a proper foundation at trial through witness testimony. |

| | | | FRE 401 & 403. Inadmissible hearsay. FRE 802. | |
|---|---|---|---|---|
| 66 | LMPD Reports and Supplementary Reports | *See Footnote 1.* | | |
| 67 | Kenton Smith Discovery Packet | | Inadmissible hearsay. FRE 802. | Relevant to showing the general course of investigation, and liability when assessing the materiality of Plaintiff's due process claims. Plaintiff can lay a proper foundation at trial through witness testimony. |
| 68 | Kenton Smith Opening Statement | | Irrelevant evidence, misleading. FRE 401 & 403. | Relevant to showing the general course of investigation, and liability when assessing the materiality of Plaintiff's due process claims. Plaintiff can lay a proper foundation at trial through witness testimony. |
| 69 | Det. James Clark Suppression Hearing Testimony | | Preliminary hearing testimony has absolute immunity. *Thurmond v. County of Wayne*, 447 F. App'x 643, 653 (6th Cir. 2011). | Relevant to Plaintiff's due process clams. Plaintiff can lay a proper foundation at trial through witness testimony. |
| 70 | Robert Thurman Trial Testimony | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Relevant to liability when assessing the materiality of Plaintiff's due process claims. |
| 71 | Robert Thurman Trial Testimony (Cont.) | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Relevant to liability when assessing the materiality of Plaintiff's due process claims. |
| 72 | Kenton Smith Attorney Notes | | Irrelevant evidence. FRE 401. Confusion of issue, misleading jury and wasting time. FRE 403. | Relevant to showing the general course of investigation, and liability when assessing the materiality of Plaintiff's due process claims. Plaintiff can lay |

| | | | | a proper foundation at trial through witness testimony. |
|---|---|---|---|---|
| 73 | Letter from Clifford Capps | | Irrelevant evidence. FRE 401. Confusion of issue, misleading jury and wasting time. FRE 403. Inadmissible hearsay. FRE 802. | Frivolous objection. Relevant to liability, the general course of investigation, and Capps credibility. |
| 74 | Supplementary Report 4/5/1992 | | Irrelevant evidence. FRE 401. Confusion of issue, misleading jury and wasting time. FRE 403. | Frivolous objection. Relevant to liability, the general course of investigation, and Capps credibility. |
| 75 | Video Clip – Robert Thurman Hardin Hair Composite | | Confusion of issue, misleading jury and wasting time. FRE 403. | Frivolous objection. Relevant to liability, the general course of investigation, and Capps credibility. |
| 76 | Hand Drawn Map | Stipulate | | |
| 77 | Uniform Office Report 4/6/1992 | | Lack of foundation, not properly authenticated, and leads to confusion of the jury. FRE 403 & 902. | Frivolous objection. Relevant to liability, the general course of investigation, and Capps credibility. Plaintiff can lay foundation for this through testimony at trial. |
| 78 | Kelly Jones Handwritten Notes | | Lack of foundation, and irrelevant evidence. FRE 401. Confusion of issue, misleading jury and wasting time. FRE 403. | Frivolous objection. Relevant to liability, the general course of investigation, and Capps credibility. Plaintiff can lay foundation for this through testimony at trial. |
| 79 | Employee Hearing Regarding Jeff Clark | | Not properly authenticated. Inadmissible hearsay. FRE 802. | Frivolous objection. Relevant to liability, the general course of investigation, and Capps credibility. Plaintiff can lay foundation for this through testimony at trial. |

| 80 | Mark Handy Certificate of Completion for Occult Crimes: Reduction & Detection | | Irrelevant and prejudicial. FRE 401 & 403. | Frivolous objection. Relevant to liability, the general course of investigation, and Capps credibility. Plaintiff can lay foundation for this through testimony at trial. |
|----|----|----|----|----|

| 81 | Mike O'Connell Letter | | Irrelevant and prejudicial. FRE 401 & 403. Inadmissible hearsay. FRE 802. | Frivolous objection. Relevant to liability, the general course of investigation, and Handy's credibility. Plaintiff can lay foundation for this through testimony at trial. |
|---|---|---|---|---|
| 82 | John Palombi Affidavit | | Irrelevant and prejudicial. FRE 401 & 403. Inadmissible hearsay. FRE 802. | Plaintiff will not seek to affirmatively introduce. May need to use to refresh recollection or impeach. |
| 83 | Report from Major Joe Richardson to Lt. Col. Vince Robinson | | Irrelevant and prejudicial. FRE 401 & 403. Inadmissible hearsay. FRE 802. | Relevant to liability and general course of investigation. |
| 84 | Photo of James Whitely at Time of Service 12-15-2020 | | Irrelevant and misleading. FRE 401 & 403. See DN 486. | Relevant to liability and damages. Plaintiff relies upon his response to Meade County Defendants' MIL re Whitely. |
| 85 | No trespassing photo at Whitely property | | Irrelevant and misleading. FRE 401 & 403. See DN 486. | Relevant to liability and damages. Plaintiff relies upon his response to Meade County Defendants' MIL re Whitely. |
| 86 | 06/02/2020 Mark Handy guilty plea | | Irrelevant, misleading and unfair prejudice. FRE 401 & 403. See DN 489. | Relevant to liability and Handy's credibility/bias at trial. Plaintiff relies upon his response to the Handy MIL. |
| 87 | Mark Handy sentencing transcript | | Irrelevant, misleading and unfair prejudice. FRE 401 & 403. See DN 489. | Relevant to liability and Handy's credibility/bias at trial. Plaintiff relies upon his response to the Handy MIL. |

| 88 | 04/08/1992 Letter to Mark Handy from Ronald Holmes at U of L | Stipulate | | |
|---|---|---|---|---|
| 89 | 02/28/1992 Suspension Letter to Jeffrey Clark, cc: Brooks Bower, Joe Mazziotti, Vickie Budd | | Inadmissible hearsay. FRE 802. | Plaintiff can lay a proper foundation through witness testimony at trial. |
| 90 | Mark Handy 2021 Guilty Plea | | Irrelevant, misleading and unfair prejudice. FRE 401 & 403. See DN 489. | Relevant to liability and Handy's credibility/bias at trial. Plaintiff relies upon his response to the Handy MIL. |
| 91 | 2015 Hardin Post Conviction Hearing | | Subject to pending Motions in Limine. | |
| 92 | 04/29/1992 Wallace Rogers letter to Eugene Sherrard | Stipulate | | |
| 93 | Eugene Sherrard Investigative Letter February 20, 1992 | | Irrelevant, misleading and unfair prejudice. FRE 401 & 403. See DN 489. | Relevant to liability, damages, and general course of investigation. |
| 94 | Waiver of Rights for Jeff Clark May 5, 1992 | Stipulate | | |

| 95 | Consent Samples Form of Jeff Clark | Stipulate | | |
|----|----|----|----|----|
| 96 | Consent to Procedure Document between Jeff Clark & Dr. Corey | Stipulate | | |
| 97 | 07/15/2019 Michelle Rogers interview | | Inadmissible hearsay. FRE 802. | Relevant to liability, damages, and general course of investigation. Plaintiff can lay foundation through witness testimony. |
| 98 | Mary Warford Trial Testimony | *See Footnote 1.* | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Relevant to liability when assessing the materiality of Plaintiff's due process claims. |
| 99 | Ray Pozzie Trial Testimony | *See Footnote 1.* | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Relevant to liability when assessing the materiality of Plaintiff's due process claims. |
| 100 | Screenshots of James Whitely Facebook Messages | | Irrelevant and misleading. FRE 401 & 402. Not properly authenticated, inadmissible hearsay. FRE 802. See DN 486. | Relevant to liability and damages. Plaintiff relies upon his response to Meade County Defendants' MIL re Whitely. |
| 101 | Expert Report of John J. Ryan | Stipulate | | Plaintiff will not seek to affirmatively introduce expert report, as it's hearsay. But may impeach with report. |
| 102 | Schedule A, John "Jack" Ryan | Stipulate | | |
| 103 | Schedule D, John "Jack" Ryan | Stipulate | | |
| 104 | Defendant Thurman's Designation of Unretained Expert George Nichols, MD | | Subject to pending deposition designations, and counter-deposition designations, submitted by Defendants. Concern for confusion as Robert Thurman, who filed said disclosure, is no longer a party. | Plaintiff will not seek to affirmatively introduce Thurman's designation, may use for impeachment purposes. |

| 105 | Expert Report of Julie Howenstine (version disclosed to Plaintiffs) | | Inadmissible hearsay. FRE 801 & 802. | Plaintiff may use to refresh recollection. |
|---|---|---|---|---|
| 106 | Dr. Howenstine invoice | | Inadmissible hearsay. FRE 801 & 802. | |
| 107 | Dr. Howenstine notes | | Inadmissible hearsay. FRE 801 & 802. | |
| 108 | Dr. Howenstine report (her version) | | Inadmissible hearsay. FRE 801 & 802. | |
| 109 | Expert Report of Jack Reid | Stipulate | | Plaintiff will not seek to affirmatively introduce expert report, as it's hearsay. But may impeach with report. |
| 110 | Expert Report of William Rodriguez III, Ph.D. | Stipulate | | Plaintiff will not seek to affirmatively introduce expert report, as it's hearsay. But may impeach with report. |
| 111 | Abstract, Whey we Tend to Underestimate post-mortem interval (MPI): Anomalies of Decomposition | Stipulate | | Plaintiff will not seek to affirmatively introduce expert report, as it's hearsay. But may impeach with report. |

| 112 | George Nichols' handwritten notes | | Duplicate of PX 43. Inadmissible hearsay. FRE 802. | See response to PX 43. |
|---|---|---|---|---|
| 113 | Chronological History of the Case – KBA RYAN 000103-000221 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | May use for impeachment and/or refresh recollection |
| 114 | Chronological History of the Case – KBA RYAN 000103-000221 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | May use for impeachment and/or refresh recollection |
| 115 | Reply to Plaintiffs' Response to Third Party Witness Perry Ryan's Motion to Quash | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | May use for impeachment and/or refresh recollection |
| 116 | Collection of E-mails – RYAN2_000001-001313 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | May use for impeachment and/or refresh recollection |
| 117 | Order Denying Motion for New Trial – CAO_010327 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | May use for impeachment and/or refresh recollection |
| 118 | Unofficial Transcript of Hearing in 2015 Filed December 23rd, 2016 | | Irrelevant, misleading and waste of time. FRE 401 & 403. Unofficial transcript, not properly authenticated. FRE 902. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |
| 119 | Grand Jury Request Containing DNA Evidence – CAO_010227 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |

| 120 | Mitotyping Documents – CAO_010303-010303 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |
|---|---|---|---|---|
| 121 | Papercone Documents – CAO_010145-010157 | | Irrelevant, misleading and waste of time. FRE 401 & 403. Lack of authentication, and only selected excerpts. FRE 902. See DN 493. | Relevant to damages. Plaintiff can properly lay foundation through witness testimony. |
| 122 | Brief for Commonwealth – CAO_010720-010774 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |

| 123 | Opinion of the Court by Justice Cunningham | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |
|---|---|---|---|---|
| 124 | Meade County Grand Jury Recordings Transcript | | Irrelevant, misleading and waste of time and unduly prejudicial. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |
| 125 | Outline for Grand Jury – CAO 018313-018315 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |
| 126 | Motion to Dismiss | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |
| 127 | Judgment of a Guilty Plea Waiver of Presentence Investigation Judgment of Conviction – CLARK 024257-02459 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |
| 128 | Memo – CAO_009206-009208 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |
| 129 | Criminal Summons – KBA RYAN 000758-000769 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |

| 130 | Photograph of Skeleton Outside of the Courtroom | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to damages. Plaintiff can properly lay foundation through witness testimony. |
|-----|-----|-----|-----|-----|
| 131 | Letter to Judge Stevens – July 21st, 2020 | | Irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | Relevant to liability and damages. Plaintiff can properly lay foundation through witness testimony. |
| 132 | James Tyrell Trial Testimony 3/6/95 | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 133 | Kentucky Missing Persons Report 4/2/92 | Stipulate | | |

| 134 | George Nichols Trial Testimony 2/28/95 | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 135 | Affidavit of Gloria J. Dimick 4/14/22 | | Inadmissible hearsay. FRE 801 & 802. See DN 487. | Plaintiff does not intend to affirmatively introduce affidavit but may use to refresh recollection. |
| 136 | Jeffrey Clark Trial Testimony 3/6/95 | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 137 | Keith Hardin Trial Testimony 3/7/95 | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 138 | Danny Cochran 3/6/95 Trial Testimony | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 139 | Alma Cochran 3/6/94 Trial Testimony | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 140 | James McMackin Trial Testimony 3/6/95 | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 141 | Noel McMackin Trial Testimony 3/6/95 | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 142 | Judy Reese Trial Testimony 3/6/95 | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 143 | June Calliver Trial Testimony 3/6/95 | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |

| 144 | Greer Evidentiary Hearing 7/13/15 | | Subject to pending Motions in Limine. | Admission of a Party Opponent admissible under FRE 801. |
|-----|-----------------------------------|--|---------------------------------------|--------------------------------------------------------|
| 145 | Clark Evidentiary Hearing 7/13/15 | | Subject to pending Motions in Limine. | |
| 146 | Trial Transcript (Opening Excerpt) | Stipulate | If played in its entirety. Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 147 | Report re: Handy Interviews | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Admissible to show general course of investigation, relevant to liability. Plaintiff also intends to use with Handy, and can lay a foundation through his testimony. |

| 148 | Keith Hardin Declaration | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | May use as prior consistent statement to rebut fabrication allegations at trial. |
|-----|--------------------------|---|---|---|
| 149 | Jeff Clark Declaration | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | May use as prior consistent statement to rebut fabrication allegations at trial. |
| 150 | Handy Report 4/9/1992 (LMPD 411-412) | Stipulate | | |
| 151 | Robert Thurman Report (Thurman 49-50) | | Irrelevant, misleading, and unfairly prejudicial. FRE 401 & 403. See DN 493. | Relevant to show general course of investigation, which is relevant for liability and damages. Can lay a foundation through witness testimony. |
| 152 | Polygraph Pre-Test Interview | Stipulate | | |
| 153 | KY Decision affirming conviction 8/29/96 | Stipulate | | |
| 154 | Trial Stipulation 3/2/1995 | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant for liability and damages. Can lay a foundation through witness testimony. |

| 155 | Motion to Dismiss Indictments 2/8/18 | | Irrelevant, misleading and confusion of jury. FRE 401 & 403. | Relevant to liability and damages. Can lay a foundation through witness testimony. |
|---|---|---|---|---|
| 156 | Margaret Haun Tr. 3/3/1995 | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Relevant to liability. |
| 157 | Verdict 3/7/1995 | Stipulate | | |
| 158 | Hardin Evidentiary Hearing | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to liability and damages. |

| 159 | New Trial Order | | Subject to pending Motions in Limine. | Relevant to liability and damages. Can lay a proper foundation through witness testimony at trial. |
|---|---|---|---|---|
| 160 | Order Dismissing Charges | | Irrelevant, misleading and confusion of jury. FRE 401 & 403. | Relevant to liability and damages. Can lay a proper foundation through witness testimony at trial. |
| 161 | Bart Adams Declaration | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | May use to refresh recollection. |
| 162 | Wallace Rogers Declaration | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | May use to refresh recollection. |
| 163 | Witness List | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to liability. Can lay proper foundation through witness testimony at trial. |

| 164 | Clark Indictment | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to damages. Can lay foundation through witness testimony. |
|---|---|---|---|---|
| 165 | 2/28/1995 Transcript | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | Relevant to liability and damages. |
| 166 | March 10, 2005 Memorandum Letter | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to liability. Can lay proper foundation through witness testimony at trial. |
| 167 | Meade County Sheriff's Department 9/7/2018 RFP Resp | Stipulate | Subject to pending Motions in Limine. | Relevant to liability. Can lay proper foundation through witness testimony at trial. |

| 168 | Bench Note Compilation | | Irrelevant evidence and misleading. FRE 401 & 403. See DN 495. | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. |
|---|---|---|---|---|
| 169 | Hair Notes Compilation | | Irrelevant evidence and misleading. FRE 401 & 403. See DN 495. | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. |
| 170 | Jack Reid Letter | | Subject to pending Motions in Limine. | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. |
| 171 | Mark Handy Police Reports | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). If police reports pertain to other investigations other than Warford homicide investigation, then object as irrelevant and unfairly prejudicial. FRE 401 and FRE 403. | Relevant to liability and damages. Also relevant to Handy's credibility and bias. Can lay proper foundation through witness testimony at trial. |
| 172 | Vickie Houser Trial Testimony | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 173 | Danny Cochran Trial Testimony | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |

| 174 | Alma Cochran Trial Testimony | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 175 | James Tyrell Trial Testimony | Stipulate | Objection to any excerpts taken out of context in an effort to mislead the jury. FRE 403. | |
| 176 | Lab Report Composite Exhibit | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. |
| 177 | Video Clip of Robert Thurman Deposition | | Objection to deposition clip taken out of context as does not comply with rule of completeness. FRCP 32(a)(6) | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. Admission of a party opponent and admissible pursuant to FRE 801. |

| 178 | Commonwealth Trial Notes Re: Robert Thurman | | Inadmissible hearsay. FRE 802. Irrelevant. FRE 401. | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. Also admissible as admission of Party Opponent under FRE 801. |
|---|---|---|---|---|
| 179 | Robert Thurman 2015 Evidentiary Hearing | | Irrelevant evidence and misleading. FRE 401 & 403. | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. Also admissible as admission of Party Opponent under FRE 801. |
| 180 | Terry Melton Affidavit | | Irrelevant evidence and misleading. FRE 401 & 403. | |
| 181 | Robert Thurman Affidavit | | Irrelevant evidence and misleading. FRE 401 & 403. Inadmissible hearsay. FRE 802. | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. Also admissible as admission of Party Opponent under FRE 801. |
| 182 | Suppression Hearing Transcript | | Preliminary hearing testimony has absolute immunity. *Thurmond v. County of Wayne*, 447 F. App'x 643, 653 (6th Cir. 2011). | Relevant to liability and witness credibility. |
| 183 | Robert Thurman 2015 Affidavit | | Same as PX 181. Irrelevant evidence and misleading. FRE 401 & 403. Inadmissible hearsay. FRE 802. | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. Also admissible as admission of Party Opponent under FRE 801. |

| 184 | KY Supreme Court Opinion (April 25, 2013) | | Irrelevant, misleading and unduly prejudicial. FRE 401 & 403. | Relevant to liability and damages. Can lay proper foundation through witness testimony at trial. |
|---|---|---|---|---|
| 185 | DNA Analysis Document by Gloria Dimick | | See PX 135. Inadmissible hearsay. FRE 801 & 802. See DN 487. | Relevant to expert opinions of Ms. Dimick. Can lay proper foundation through testimony at trial. |
| 186 | Michelle Rogers Police Interview | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to show general course of investigation and liability. |
| 187 | Coroner's Report | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to show general course of investigation and liability. |
| 188 | Post Mortem Examination Report Hardin027759-63 | *See Footnote 1* | | Relevant to show general course of investigation and liability. |

| 189 | Missing Persons Report taken by Office Kenny LMPD00009-10 | Stipulate | | |
| 190 | Cover and analysis sheet, Det. Clark LMPD00005-6 | *See Footnote 1* | | Relevant to liability and damages. Also relevant to show general course of investigation. |
| 191 | Supplementary Report by Det. Clark LMPD00337-42 | *See Footnote 1* | | Relevant to liability and damages. Also relevant to show general course of investigation. |
| 192 | Missing Persons Investigation Report LMPD00011-12 | | Duplicate of PX 133. | |
| 193 | Report re: Investigation by Det. Greer LMPD00447-54 | Stipulate | | |
| 194 | Full Set of Crime Scene Photos | Stipulate | | |
| 195 | Fort Knox, KY Weather Underground Charts from 04/04/92 to 04/05/92 and 04/01/92 Weekly Chart | *See Footnote 1* | | Relevant to liability and damages. Also relevant to show general course of investigation. |
| 196 | Full Set of Autopsy Photos | Stipulate | | |
| 197 | Crime Scene Video Footage (original and/or enhanced) | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to liability and damages. Also relevant to show general course of investigation. |
| 198 | Records from 92-CR-043 from 01/29/93 to 07/16/93 | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to liability and damages. Also relevant to show general course of investigation. |

| 199 | Louisville Division of Police Evidence Technician Unit Supplemental Evidence Report LMPD 00889-92, 00917-19, 00928-29, 00953-56, 00962-65 | | Inadmissible hearsay. FRE 802. | Relevant to liability and damages. Also relevant to show general course of investigation. |
|-----|-----|---|-----|-----|
| 200 | Reports of Forensic Laboratory Examination KSL0001084-153 | | Inadmissible hearsay. FRE 802. | Relevant to liability and damages. Also relevant to show general course of investigation. |
| 201 | 12/02/92 Sworn Statement of Clifford E. Capps to Sheriff Greer MSCO000948-65 | | Duplicate of PX 9. | Relevant to liability and damages. Also relevant to show general course of investigation. |

| 202 | Mark Handy Certificate of Completion: Occult Crimes | | Duplicate of PX 80. Irrelevant and prejudicial evidence. FRE 401 & 403. | Relevant to liability and damages. Also relevant to show general course of investigation. |
|---|---|---|---|---|
| 203 | Police Chart of Satanic Symbols MSCO001482-83 | *See Footnote 1* | | Relevant to liability and damages. Also relevant to show general course of investigation. |
| 204 | Selected Damages Photographs | | Not previously disclosed in accordance with Court Orders or discovery. Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to damages. |
| 205 | Selected Damages Letters | | Not previously disclosed in accordance with Court Orders or discovery. Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to damages. |

| 206 | Selected Damages Records | | Not previously disclosed in accordance with Court Orders or discovery. Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Relevant to damages. |
|---|---|---|---|---|
| 207 | Original Meade County Investigative File | | Subject to above objections. | |
| 208 | Original Death Certificate of Rhonda Sue Warford | | Not previously disclosed in accordance with Court Orders or discovery. Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in | While a copy was disclosed by Defendant Meade County, this is in the possession of the Meade County Defendants.  No valid basis for objection. |

| | | | accordance with Trial Order (DN 454). | |
|---|---|---|---|---|
| 209 | Complete LMPD File | | Subject to above objections. | While a copy was produced in discovery, original maintained by Defendants. No valid basis for objection. |
| 210 | Complete Commonwealth of Kentucky File | | Subject to above objections. | While a copy was produced in discovery, original maintained by Defendants. No valid basis for objection. |
| 211 | Opening PowerPoint, including timeline with relevant damages dates and information | | Improperly identified, reserve right to objection until document is produced and reviewed. Document is being requested by the filing of this document in accordance with Trial Order (DN 454). | Demonstrative |
| 212 | Maximum and Minimum Temperature Chart from Dr. Judy Melinek's Expert Report | | Irrelevant, misleading and unduly prejudicial. FRE 401 & 403. | Demonstrative |
| 213 | Judy Melinek's Expert Report | | Inadmissible hearsay. FRE 802. | May use to refresh recollection but will not affirmatively seek to admit. |
| 214 | Russ Fischer Expert Report | | Inadmissible hearsay. FRE 802. | May use to refresh recollection but will not affirmatively seek to admit. |

**DEPOSITIONS[2]**

| PX# | DESCRIPTION | TO BE OFFERED | DEFENSE OBJECTIONS | PLAINTIFF'S RESPONSE |
|---|---|---|---|---|
| 215 | Judy Cochran Deposition, inclusive of all exhibits, taken 3/1/22 | | Objection to the extent that Plaintiff failed to designate any portion of Cochran's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Exhibits identified in deposition as 121, 122, 123 and 124 – Emails from Cochran to Linda Smith are inadmissible hearsay and irrelevant. FRE 401 & 802 | While Plaintiff does not affirmatively seek to introduce the majority of the depositions below as such witnesses are availability to testify, he does list these exhibits to the extent they are necessary for use at trial. Plaintiff relies upon his affirmative designations of witness testimony and exhibits above. To the extent that any exhibits in this deposition are necessary to refresh the recollection of a witness and/or impeach a witness at trial, or such witness becomes available after designations were made but prior to trial, Plaintiff will seek to use such exhibit/testimony at that point in the trial. |
| 216 | Heather Liver's Lawson Deposition, inclusive of all exhibits, taken 7/15/21 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. (DN 494). No | See above. |

| | | | | |
|---|---|---|---|---|
| | | | exhibits were introduced for this deposition. | |
| 217 | Bill Mahan Deposition, inclusive of all exhibits, taken 7/15/2020 | | Objection to the extent that Plaintiff failed to designate any portion of Mahan's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Reincorporate objection to PX 79, as stated above, regarding the Employee Hearing as not properly authenticated. FRE 902. Inadmissible hearsay. FRE 802. | See above |
| 218 | Michael Mattingly Deposition, inclusive of all exhibits, taken 7/7/2021 | | Objection to the extent that Plaintiff failed to designate any portion of Mattingly's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). | See above |
| 219 | Perry Ryan Deposition, inclusive of all exhibits, taken 11/21/2023 | | Objection to the extent that Plaintiff failed to designate any portion of Ryan's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). As to the exhibits introduced during his deposition numbered 1 through 38, irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | See above |

| 220 | Perry Ryan Deposition, inclusive of all exhibits, taken 9/20/2024 | | Objection to the extent that Plaintiff failed to designate any portion of Ryan's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). As to the exhibits introduced during his deposition irrelevant, misleading and waste of time. FRE 401 & 403. See DN 493. | See above |

| 221 | Gene Sherrard Deposition, inclusive of exhibits, taken 9/15/2021 | | Objection to the extent that Plaintiff failed to designate any portion of Sherrard's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Reincorporate objection to PX 92 and 93, as stated above, as irrelevant, misleading, unfair prejudice, and inadmissible hearsay. FRE 401, 403 & 802. See DN 489. | See above |
| --- | --- | --- | --- | --- |
| 222 | Tommy Stiles Deposition, inclusive of exhibits, taken 1/7/20 | | Objection to the extent that Plaintiff failed to designate any portion of Stiles' deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). | See above |
| 223 | James Whitley's Deposition, inclusive of exhibits, taken 1/21/2021 | | Objection to the extent that Plaintiff failed to designate any portion of Whitley's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Irrelevant and misleading. FRE 401 & 403. See DN 486. | See above |

| 224 | James Whitley's Deposition, inclusive of exhibits, taken 3/12/2021 | | Objection to the extent that Plaintiff failed to designate any portion of Whitley's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Irrelevant and misleading. FRE 401 & 403. Reincorporate objection to PX 84 and 85, as stated above, irrelevant, misleading and unfair prejudice. FRE 401 & 403.<br>See DN 486. | See above |
| 225 | Cliff Wise Deposition, Inclusive of exhibits taken, taken 07/11/2019 | | Objection to the extent that Plaintiff failed to designate | See above |

|  |  |  | any portion of Wise's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). |  |
|---|---|---|---|---|
| 226 | Clifford Capps Deposition, inclusive of all exhibits, taken 07/10/2019 |  | Objection to the extent that Plaintiff failed to designate any portion of Capps' deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). | See above |
| 227 | Clifford Capps Deposition, inclusive of all exhibits, taken 07/15/2019 |  | Objection, no no deposition of Clifford Capps' was taken on July 15, 2019. | See above |
| 228 | Clifford Capps Deposition, inclusive of all exhibits, taken 11/5/2019 |  | Objection to the extent that Plaintiff failed to designate any portion of Capps' deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Reincorporate objection to PX 30 and 31, as stated above, as improper character evidence. FRE 608 & 609. Not certified record, is not self-authenticating. FRE 902. | See above |

| 229 | Julis Clark Deposition 08/07/2012 | | Objection to the extent that Plaintiff failed to designate any portion of Clark's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Moreover, objection, as this deposition was taken in a completely unrelated case, approximately five years before the instant lawsuit was filed. Irrelevant, prejudicial, and misleading. FRE 401 & 403. | See above |
|---|---|---|---|---|
| 230 | Julis Clark Deposition, inclusive of exhibits, taken 2/15/2021 | | Objection to the extent that Plaintiff failed to designate any portion of Clark's deposition testimony in his | See above |

| | | | | |
|---|---|---|---|---|
| | | | Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454).     As to exhibits marked 93 – 101 in the deposition, irrelevant, prejudicial, and misleading. FRE 401 & 403. | |
| 231 | Sheriff Joseph Greer Deposition, inclusive of exhibits, taken on 8/7/2019 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. (DN 486, 487, 489 and 491). | See above |
| 232 | Sheriff Joseph Greer Deposition, inclusive of exhibits, taken on 11/4/2019 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. (DN 486, 487, 489 and 491).  Reincorporate objection to PX 24 & 25, as stated above, as irrelevant, not a pending claim.   (DN 486, 487, 489 and 491). | See above |
| 233 | Judy Melinek, M.D., Deposition, inclusive of exhibits, taken June 21, 2022 | | Objection to the extent that Plaintiff failed to designate any portion of Melinek's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Irrelevant, misleading, and unfairly prejudicial.   FRE 401 & 403. See DN 492. | See above |

| 234 | Michelle Rogers Deposition, inclusive of exhibits, taken 1/31/2022 | | Objection to the extent that Plaintiff failed to designate any portion of Roger's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Reincorporate objection to PX 100, as stated above, as irrelevant, misleading, not properly authenticated, and inadmissible hearsay. FRE 401, 402 & 802. | See above |

| 235 | Crystal Barnes Deposition, inclusive of exhibits, taken 1/31/2022 | | Objection to the extent that Plaintiff failed to designate any portion of Barnes' deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). | See above |
|---|---|---|---|---|
| 236 | George Nichols Deposition, inclusive of exhibits, taken 1/28/2020 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. [DN 492 and 496]. Reincorporate objection to PX 44 & 45, as stated above, as irrelevant evidence, confusing to a jury, and not accurate. FRE 401 & 403. Inadmissible hearsay. FRE 802. | See above |
| 237 | George Nichols Deposition, inclusive of exhibits, taken 9/6/2022 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. [DN 492 and 496]. | See above |
| 238 | Judy Melinek, M.D., Deposition, inclusive of exhibits, taken 6/21/22 | | Duplicate to PX 238 identified above. Reincorporate objections. | See above |

| 239 | Keith Hardin Deposition, inclusive of all exhibits, taken 3/27/2019 | | Objection to the extent that Plaintiff failed to designate any portion of Hardin's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). | See above |
|---|---|---|---|---|
| 240 | Bill Adams Deposition, inclusive of exhibits, taken 1/6/2020 | | Objection to the extent that Plaintiff failed to designate any portion of Adams' deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Reincorporate objection to PX 32, as stated above, as not properly authenticated, not | See above |

| | | | | |
|---|---|---|---|---|
| | | | certified copy of death certificate per Rule 902(4). | |
| 241 | James Clark Deposition, inclusive of exhibits, taken 1/21/2022 | | Objection to the extent that Plaintiff failed to designate any portion of Clark's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Reincorporate objection to PX 80, as stated above, as irrelevant and prejudicial FRE 401 & 403. Objection to exhibit marked 171 (Homicide Investigation of victim Eric Humbert) in deposition as irrelevant and prejudicial. FRE 401 & 403. Inadmissible hearsay. FRE 802. | See above |
| 242 | Mark Handy Deposition, inclusive of exhibits, taken 9/14/2021 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. (DN 489). Reincorporate objection to PX 86, as stated above, as irrelevant, misleading, and unfair prejudice. FRE 401 & 403. Objection to deposition exhibit marked 125 (KRS 524.100 – Tampering with Physical Evidence) for same reasons. See DN 489. | See above |

| 243 | Mark Handy Deposition, inclusive of exhibits, taken 9/21/2020 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. (DN 489). Reincorporate objection to PX 80, as stated above, as irrelevant and prejudicial FRE 401 & 403. Objection to exhibit marked 91 (Mark Handy 1997 Peformance Appraisal) in deposition as | See above |

| | | | irrelevant and prejudicial FRE 401 & 403. | |
|---|---|---|---|---|
| 244 | Jeffrey Clark Deposition, inclusive of exhibits, taken 3/26/2019 | Stipulate | | See above |
| 245 | Bart Adams Deposition, inclusive of exhibits, taken 1/27/2020 | | Objection to the extent that Plaintiff failed to designate any portion of Adams' deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). | See above |
| 246 | Cliff Wise Deposition, inclusive of exhibits, taken 7/11/2019 | | Objection to the extent that Plaintiff failed to designate any portion of Wise's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). | See above |
| 247 | Kevin Justis Deposition, inclusive of exhibits, taken 5/28/2019 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. (DN 491). Reincorporate objection to PX 1, as stated above, as letter is not a true and accurate copy, and PX 2, as recorded statement in 1993 of Justis is not properly authenticated. | See above |

| 248 | Havey Palefsky Deposition, inclusive of exhibits, taken 6/24/2019 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. (DN 491). Reincorporate objection to PX 5, PX 6, PX 7, and PX 8 as inadmissible hearsay. FRE 802. Objection to exhibit Defendant's 1 (June 1993 Interview of Kevin Justis) as transcript is not properly authenticated. FRE 901. | See above |
| 249 | John "Jack" Ryan Deposition, inclusive of exhibits, taken 8/23/2022 | | Objection to the extent that Plaintiff failed to designate any portion of Ryan's deposition testimony in his | See above |

| | | | | |
|---|---|---|---|---|
| | | | Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). | |
| 250 | Amy (Remsburg) Hatfield Deposition, inclusive of exhibits, taken 1/31/2020 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. (DN 494). Reincorporate objection to PX 46, PX 48, and PX 53 as improper character evidence. FRE 608 & 609. Reincorporate objection to PX 51 and PX 52 as inadmissible hearsay. FRE 802. See DN 494. | See above |
| 251 | John Heck Deposition, inclusive of exhibits, taken 7/1/2021 | | Objection to the extent that Plaintiff failed to designate any portion of Heck's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Objection to Defendant's exhibit 105 (Mitotyping Technologies Letter, 10/7/14). See DN 487. | See above |

| 252 | Ernie Embry Deposition, inclusive of exhibits, taken 2/13/2020 | | The objections made in Meade County's Objections to Plaintiff's Deposition Designation are hereby reincorporated. (DN 493). Reincorporate objection to PX 76 and PX 77 as irrelevant evidence, that leads to confusion of issue, misleading and waste of jury time. FRE 401 and 403. | See above |
| --- | --- | --- | --- | --- |
| 253 | Robert Thurman Deposition, inclusive of exhibits, taken 2/13/2020 | | Objection to the extent that Plaintiff failed to designate any portion of Thurman's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Reincorporate objection to PX 74 and PX 75 as irrelevant evidence that leads to the | See above |

| | | | | |
|---|---|---|---|---|
| | | | confusion of the jury. FRE 401 &403. Objection to Defendant's Exhibit 79 (Collective Documents – Thurman 1-88) as irrelevant, confusing to a jury, and substantially prejudicial. FRE 401&403. See DN 493. | |
| 254 | LuAnn Thomas Deposition, inclusive of exhibits, taken 8/5/2020 | | Objection to the extent that Plaintiff failed to designate any portion of Thomas' deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Irrelevant, misleading, and leads to confusion of the jury. FRE 401&403. | See above |
| 255 | Kenton Smith Deposition, inclusive of exhibits, taken 2/12/2020 | | Objection to the extent that Plaintiff failed to designate any portion of Smith's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Reincorporate objection to PX PX 59, PX 60, PX 62, PX 63, PX 64, PX 65, PX 68, and PX 78 as irrelevant evidence, misleading, and some containing inadmissible hearsay. FRE 401, 402 & 802. | See above |

| 256 | Jack Reid Deposition, inclusive of exhibits, taken 9/15/22 | | Objection to the extent that Plaintiff failed to designate any portion of Reid's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Objection to Exhibit 183 identified in deposition (Expert Report of Barbara Wheeler) as irrelevant, prejudicial, and hearsay. FRE 401, 403 & 802. | See above |

| 257 | Julie Howenstine Deposition, inclusive of exhibits, taken 9/13/22 | | Objection to the extent that Plaintiff failed to designate any portion of Howenstine's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Reincorporate objection to PX 105, PX 106, PX 107, and PX108. | See above |
|-----|------------------------------------------------------------------|--|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------|
| 258 | Mary Warford Deposition, inclusive of exhibits, taken 9/14/2021 | | Objection to the extent that Plaintiff failed to designate any portion of Warford's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). | See above |

| 259 | Jay Pierce Deposition, inclusive of exhibits, taken 4/13/2021 | | Objection to the extent that Plaintiff failed to designate any portion of Pierce's deposition testimony in his Designation List (DN 480-2) as required by the Court's Trial Order. (DN 454). Objection to Exhibit 114 (Police Report Edwin Chandler) identified in deposition, Exhibit 117 (FBI Report), Exhibit 118 (Hamilton's Memo), Exhibit 119 (Carroll Personnel File), Exhibit 120 (City of Louisville Letter, February 20, 1992), and Exhibit 121 (Jay Pierce Deposition Transcript 2013) irrelevant, prejudicial, and hearsay. FRE 401, 403 & 802. | See above |

Dated: November 26, 2025

Respectfully submitted,

s/ Elliot Slosar

Michael Kanovitz
Elliot Slosar*
Amy Robinson Staples**
Loevy &amp; Loevy
311 N. Aberdeen
3rd Floor
Chicago, IL 60607
(312) 243-5900
Fax (312) 243-5902

* pro hac vice

** 18 Village Plaza, PMB 181
Shelbyville, KY 40065
Local Address

## CERTIFICATE OF SERVICE

I, Elliot Slosar, hereby certify that on November 26, 2025, I filed the foregoing, by CM/ECF electronic filing, which was served through the Court's electronic filing system.

/s/ Elliot Slosar