UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00419-GNS-CHL

JEFFREY DEWAYNE CLARK et al.                                                    PLAINTIFFS

v.

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, KENTUCKY et al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Reconsideration (DN 580).

While the Federal Rules of Civil Procedure do not expressly provide for a motion to reconsider, courts analyze such motions as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Rule 60(b). *See Harvey v. United States*, No. 1:11-CR-24-TBR, 2017 WL 89492, at *1 (W.D. Ky. Jan. 9, 2017). It appears that it is more appropriate to characterize Defendants' motion as being raised under Fed. R. Civ. P. 59(e), and as the moving party, they have the burden of showing entitlement to relief. *See Ayers v. Anderson*, No. 3:16-CV-00572-CRS, 2018 WL 3244410, at *1 (W.D. Ky. July 3, 2018) (citation omitted).

Rule 59(e) motions give district courts an opportunity to fix their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2015) (citation omitted). Granting a Rule 59(e) motion is appropriate when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (internal quotation marks omitted) (citation omitted). Fed. R. Civ. P. 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citation omitted).

1

As the Court acknowledged in its first order on the parties' motions in limine, "[r]ulings on motions in limine are preliminary and based on the discretion of the district court, which can later change its rulings." (Mem. Op. & Order 2, DN 563 (citing *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994))). Indeed, motions in limine should be granted sparingly because "[i]t is often difficult to resolve evidentiary objections outside the context of trial . . . ." *Lotz v. Steak N Shake*, *Inc.*, No. 5:19-277-DCR, 2021 WL 2270353, at *1 (E.D. Ky. June 3, 2021) (citations omitted). Because the Court's rulings on motions in limine are preliminary in nature, the parties are free to object to evidence at trial where questions of admissibility will be clearer.

The Court will, however, amend its ruling on Defendants' Omnibus Motion in Limine (DN 493) related to Defendants' request to prevent Plaintiff from offering evidence that Bart Adams ("Adams") believed that Capps's letter would have changed the jury's decision in Clark's criminal trial. The Court was under the impression that Adams is a "non-retained expert . . . ." (Mem. Op. & Order 12, DN 573). Adams instead has been identified as a lay witness. (Pl.'s Witness List 2, DN 480). Opinion testimony from lay witnesses is limited to opinions that are: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of [Fed. R. Evid.] 702." Fed. R. Evid. 701.

In this instance, Adams may not offer opinions regarding the significance of the Capps letter as a lay witness. While Adams's opinions would be rationally based on his perception as Clark's trial counsel and could be helpful to the jury's understanding of the significance (or insignificance) of the letter, Clark seeks to offer Adams because of his specialized knowledge as an attorney and his experience as Clark's trial counsel. Clark, however, did not identify Adams as an expert. (Pl.'s Witness List 2). Therefore, the third prong of Fed. R. Evid. 701 is not met and Adams will not be permitted to offer his opinion about the significance or materiality of the Capps letter. Accordingly,

Defendants' motion to reconsider is granted with respect to the Court's ruling regarding Adams's testimony.

Defendants' other arguments in their motion to reconsider are best raised via objection at trial. At the motion in limine stage, a district court should err on the side of over-inclusion. *Lotz*, 2021 WL 2270353, at *1; *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) ("Unless the evidence meets this high standard, 'rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004))). Accordingly, Defendants' motion is denied with respect to all arguments except those regarding Adams's testimony; all parties may raise objections to evidence and testimony offered at trial.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (DN 580) is **GRANTED IN PART** and **DENIED IN PART**.

**Greg N. Stivers, Judge**
**United States District Court**
March 18, 2026

cc:    counsel of record

3