UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00419-GNS-CHL

JEFFREY DEWAYNE CLARK

v.

MEADE COUNTY, KENTUCKY et al.

PLAINTIFF

DEFENDANTS

FILED
JAMES J. VILT, JR. - CLERK
APR 29 2026
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## JURY INSTRUCTIONS

These instructions will be in three parts: (1) general rules that define and control your duties as jurors, (2) the rules of law that you must apply in deciding whether the Plaintiff has proven his claims, and (3) rules for your deliberations. A copy of these instructions will be available to you in the jury room.

## GENERAL RULES CONCERNING JURY DUTY

### A.    Juror's Duties

You have two main duties as jurors. First, you must decide what the facts are based on the evidence you saw and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law as I have described it, apply it to the facts, and decide if Plaintiff has proved his claims according to his evidentiary burden. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of trial to follow my instructions as given, even if you personally disagree with them. This includes the instructions I gave you both before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

6.5.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly, and do not let any bias, sympathy, or prejudices that you may feel toward one side or the other influence your decision in any way.

**B.    Evidence**

You must make your decision based only on the evidence you saw and heard in court. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; any stipulations that the lawyers agreed to (such as the stipulation regarding DNA evidence); and any facts I have judicially noticed (such as the fact that March is two months before May).

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings, comments, and questions are not evidence.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. I may have ordered you to disregard things you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

G.S.

### C.    Direct & Circumstantial Evidence

Now, some of you may have heard of the terms "direct evidence" and "circumstantial evidence." Let me explain what those mean.

Direct evidence is simply evidence like the testimony of an eyewitness, which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### D.    Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

6.5.

1.      Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2.      Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

3.      Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

4.      Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

5.      Ask yourself if the witness had any relationship to the plaintiff or the defendants, or anything to gain or lose from the case that might influence the witness's testimony.

6.      Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

7.      Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.

8.      And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other

G.S.

evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different than the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more important point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based solely on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### E.    Deposition Testimony

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some

6.5.

circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter and, in some instances, a videographer were present and recorded the testimony. The questions and answers were shown to you via video presentations or read to you by the attorneys. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility, and weighed and otherwise considered by you in the same way, as if the witnesses had been present and had testified from the witness stand in court.

### F.     Opinion Testimony

You have heard the testimony of Dr. Judy Melinek, Russell Fischer, Dr. Julie Heinig, and Jack Ryan, who all testified as opinion witnesses. You do not have to accept their opinions. In deciding how much weight to give the opinions, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### G.     Lawyers' Objections

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the

6.5.

case.  Remember that your decision must be based only on the evidence that you saw and heard

here in court.

65.

### INSTRUCTION NO. 1

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, you will fill out the verdict form as appropriate. You will then return with your verdict to the courtroom. All nine (9) of you must unanimously agree upon a verdict.

GS.

## INSTRUCTION NO. 2
### Burden of Proof

The Plaintiff has the burden in a civil action, such as this, to prove every element of his claims by a preponderance of the evidence. If the Plaintiff should fail to establish any element of his claims by a preponderance of the evidence, you should find for Defendants as to that claim. When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**INSTRUCTION NO. 3**
**Limited Purpose**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## INSTRUCTION NO. 4
### Preparation of the Death Certificate

Kentucky law provides:

(1) A certificate of death or a provisional certificate of death for each death which occurs in the Commonwealth shall be filed with the cabinet or as otherwise directed by the state registrar prior to final disposition, and it shall be registered if it has been completed and filed in accordance with this section. The funeral director, or person acting as such, who first takes custody of a dead body shall be responsible for filing the certificate of death. The funeral director, or person acting as such shall obtain the required personal and statistical particulars from the person best qualified to supply them over the signature and address of the informant. The funeral director, or person acting as such, shall within five (5) days of the death, present the certificate to the attending physician, if any, or to the health officer or coroner as directed by the state registrar, for the medical certificate of the cause of death and other particulars necessary to complete the record as required by this chapter.

(2) If the place of death is unknown but the dead body is found in the Commonwealth, the certificate of death shall be completed and filed in accordance with this section. The place where the body is found shall be shown as the place of death. If the date of death is unknown, it shall be determined by approximation subject to amendment upon completion of any postmortem examination required to be performed.

(3) If any certificate of death is incomplete or unsatisfactory, the state registrar shall call attention to the defects in the certificate and require the person responsible for the entry to complete or correct it. The state registrar may also require additional information about the circumstances and medical conditions surrounding a death in order to properly code and classify the underlying cause.

(4) The coroner is required in cases involving homicide to complete and sign the certificate within five (5) days after completing his or her inquiry into the death.

(5) After a death certificate has been on file for five (5) years, it may not be changed in any manner except upon order of a court. Prior to that time, requests for corrections, amendments, or additions shall be accompanied by prima facie evidence which supports the requested change.

You must consider this statute with respect to claims related to fabrication of the death certificate by Adams.

G.S.

## INSTRUCTION NO. 5
### Introduction To Plaintiff Clark's Claims

The Plaintiff in this case is Jeffrey Dewayne Clark. I will refer to him as the Plaintiff or by his name.

The Defendants in this case are: Kenneth Greer, as legal successor to Joe Greer; Clifford Wise; Bill Adams; and Meade County, Kentucky. I will refer to them as the Defendants or by their names.

Clark brings the following claims:

First, Clark claims that Greer, Wise, and Adams violated his constitutional right to a fair trial by withholding or suppressing material evidence.

Second, Clark claims that Greer, Wise, and Adams violated his constitutional right to a fair trial by fabricating evidence.

Third, Clark claims that Greer, Wise, and Adams violated his constitutional rights by failing to intervene in the others' constitutional violations.

Fourth, Clark claims that Greer, Wise, and Adams entered into a conspiracy among themselves and others, including Louisville Police Detective Mark Handy, to violate his constitutional rights.

Defendants deny each of these claims.

Another issue you will decide is whether Meade County's inadequate training and/or supervision was the moving force behind Greer, Wise, and Adams's alleged constitutional violations. Meade County denies this claim.

Clark brings his claims under Title 42, Section 1983 of the United States Code. Section 1983 provides a remedy for individuals who have been deprived of a constitutional right under the

6.5.

color of state law.  More simply, Section 1983 allows people to sue government officials for relief

if those officials violated a person's constitutional rights.

**INSTRUCTION NO. 6**
**Elements Required to Prove a Claim under 42 U.S.C. § 1983**

Again, each of Clark's claims is brought under Section 1983. In order to prove a Section 1983 claim, Clark must establish by a preponderance of the evidence each of the following elements:

1.      Greer, Wise, and Adams acted under the color of state law;

2.      While acting under the color of state law, Greer, Wise, and Adams performed acts that deprived Clark of one of his constitutional rights, as defined and explained in these instructions; and

3.      Greer, Wise, and Adams's acts were the proximate cause of damages sustained by Clark.

Because Greer, Wise, and Adams were acting as officials of Meade County at the time of the acts in question, I instruct you that they were acting under the color of state law. In other words, the first element of Clark's claim is not in dispute, and you must find that it has been satisfied.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Clark, and that his injury or damage was either a direct result of, or a reasonably probable consequence of, the act(s) or omission(s) of one or more of the Defendants.

6.

## INSTRUCTION NO. 7
### First Claim: Due Process/Suppression of Material Evidence

Clark's first claim is that Greer and/or Wise violated his right to a fair trial by failing to disclose exculpatory and/or impeachment evidence that was material to Clark's defense in the criminal case. To succeed on his claim, Clark must prove each of the following three things by a preponderance of the evidence:

1.    Greer and/or Wise knowingly or recklessly concealed from the prosecutor exculpatory and/or impeachment evidence during the criminal case;

2.    The evidence was material; and

3.    Clark was injured as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of a crime.

"Impeachment Evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.

Exculpatory evidence or impeachment evidence is "material" if there is a reasonable likelihood that the suppressed evidence could have affected the judgment of the jury. If you find multiple pieces of evidence were concealed or suppressed, you must consider the cumulative effect on the jury's verdict in the criminal case rather than considering them piece-by-piece or in isolation. To be material, it is not necessary that Clark prove that he would have been acquitted. It is enough that withheld evidence, taken together, undermines confidence in the outcome of the criminal proceedings. No violation of the right to a fair trial exists where the criminal defendant or his criminal defense attorney knew or should have known the essential facts permitting him to take advantage of any exculpatory or impeachment evidence.

A person acts recklessly when that person acts or (if the person has a duty to act) fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

If you find from your consideration of all the evidence that Clark has proven these three things against any Defendant, then your verdict should be for Clark on this claim and you should go on to consider the question of damages.

You do not need to find that Clark has proven these three things against all Defendants to find for Clark on this claim, only that he has proven these three things against any Defendant.

**INSTRUCTION NO. 8**
**Second Claim:  Fabrication of Evidence**

Clark's second claim is that Greer, Wise, and/or Adams violated his constitutional right to due process of law and a fair trial by fabricating evidence.

To succeed on his claim, Clark must prove the following three things by a preponderance of the evidence:

1.     Greer, Wise, and/or Adams knowingly fabricated evidence;

2.     The fabricated evidence was material; and

3.     Clark was injured as a result.

As I explained previously, evidence is "material" if there is a reasonable likelihood that it could have affected the judgment of the jury.

If you find from your consideration of all the evidence that Clark has proven these three things, then your verdict should be for Clark on this claim and you should go on to consider the question of damages.

You do not need to find that Clark has proven these three things against all Defendants to find for Clark on this claim, only that he has proven these three things against any Defendant.

G.S.

## INSTRUCTION NO. 9
### Third Claim: Failure to Intervene

Clark's third claim is that Greer, Wise, and/or Adams violated his constitutional rights by failing to intervene in another Defendant's unconstitutional conduct.

To succeed on his claim, Clark must prove the following five things by a preponderance of the evidence:

1.  Greer, Wise, and/or Adams violated Clark's constitutional rights by fabricating evidence against him and/or withholding exculpatory or impeachment evidence;

2.  Greer, Wise, and/or Adams knew that another was fabricating evidence and/or withholding exculpatory or impeachment evidence;

3.  Greer, Wise, and/or Adams had a realistic opportunity to do something to prevent harm from occurring;

4.  Greer, Wise, and/or Adams failed to take reasonable steps to prevent harm from occurring; and

5.  Clark was injured as a result.

If you find from your consideration of all the evidence that Clark has proven these five things against any Defendant, then your verdict should be for Clark on this claim and you should go on to consider the question of damages.

You do not need to find that Clark has proven these five things against all Defendants to find for Clark on this claim, only that he has proven these five things against any Defendant.

## INSTRUCTION NO. 10
### Fourth Claim:  Conspiracy

Clark's fourth claim is that Greer, Wise, and/or Adams conspired to deprive him of his constitutional rights.

To succeed on his claim, Clark must prove the following three things by a preponderance of the evidence:

1.    Greer, Wise, and/or Adams joined in a single plan among themselves or with others;

2.    Greer, Wise, and/or Adams shared in a general conspiratorial objective to deprive Clark of his constitutional rights;

3.    An overt act was committed in furtherance of the conspiracy that caused Clark's injury.

In a conspiracy case, there will rarely be direct evidence of an express agreement among all the conspirators to conspire.  Therefore, Clark may prove the existence of such an agreement through circumstantial evidence.  To find the existence of a civil conspiracy, it is not necessary to find that express agreement among all conspirators existed.  It is also not necessary for each conspirator to know all details of the plan.

To find that a conspiracy exists, all members of the conspiracy cannot be (a) part of the same collective entity and (b) acting within the scope of their employment with that entity.  If you find that the only members of the conspiracy were Greer, Wise, and/or Adams and they were acting within the scope of their employment, then you should find for Defendants on this claim.

If you find from your consideration of all the evidence that Clark has proven these three things, then your verdict should be for Clark on this claim and you should go on to consider the question of damages.

G.S.

You do not need to find that Clark has proven these three things against all Defendants to find for Clark on this claim, only that he has proven these three things against any Defendant.

6.5.

## INSTRUCTION NO. 11
### Fifth Claim:  Municipal Liability

Clark's fifth claim is that Meade County failed to properly train and/or supervise its officers and that this alleged failure can be considered to be the official policy of Meade County.

To succeed on his claim, Clark must prove the following three things by a preponderance of the evidence:

1.    Meade County's training program was inadequate to train its officers and employees to carry out their duties and/or Meade County failed to adequately supervise its officers;

2.    Meade County's failure to adequately train and/or adequately supervise its officers amounted to deliberate indifference to the fact that inaction would obviously result in:  (a) the concealment of material exculpatory and/or impeachment evidence; or (b) the creation of false evidence.

3.    Meade County's failure to provide proper training and/or supervision caused the violation of Clark's constitutional rights.

"Deliberate indifference" is the conscious choice to disregard a known or obvious consequence of one's acts or omissions. Clark may prove deliberate indifference in this case by showing that the facts available to Meade County put it on actual or constructive notice that its failure to train or supervise was substantially certain to result in the violation of the constitutional rights of persons such as Clark due the conduct of its officers.  Deliberate indifference may be found even without a pattern of unconstitutional behavior, as deliberate indifference can occur when the failure to train employees to handle recurring situations has obvious potential to result in a violation of the constitutional rights of persons such as Clark.

6.5·

If you find from your consideration of all the evidence that Clark has proven these three things, then your verdict should be for Clark on this claim and you should go on to consider the question of damages.

You do not need to find that Clark has proven these three things against all Defendants to find for Clark on this claim, only that he has proven these three things against any Defendant.

6.5.

## INSTRUCTION NO. 12
### Damages Generally

Clark is requesting compensatory damages against Greer, Wise, Adams, and Meade County and punitive damages against Wise and Adams.

If you find in favor of Clark against one or more of the Defendants, then you will go on to consider the question of damages.

If you find in favor of Greer, Wise, Adams, and Meade County on each of Clark's claims, then you will not consider the question of damages.

Plaintiff's claims for damages, if any against Defendants, only apply at the commencement of the Plaintiff's Original Criminal Trial starting February 28, 1995. Any evidence or testimony related to Plaintiff's incarceration or detainment prior to the commencement of trial cannot be factored into an award of damages, if any, against the Defendants.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that Clark should, or should not, win this case. It is your first task to determine if Greer, Wise, Adams, and/or Meade County are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Greer, Wise, Adams, and/or Meade County are liable to Clark and that Clark is entitled to recover damages from these Defendants.

## INSTRUCTION NO. 13
### Compensatory Damages

If you find in favor of Clark on one or more of his claims, then you must determine the amount of money that will fairly compensate Clark for any injury that you find he sustained as a result of Defendants' conduct, as well as any injury he is reasonably certain to sustain in the future. This is called "compensatory damages."

Clark must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the mental and emotional aspects of injury, even if they are not easy to measure. Compensatory damages include but are not limited to:

- The physical, mental, and emotional pain and suffering Clark has experienced;

- The physical, mental, and emotional pain and suffering Clark is reasonably certain to experience in the future;

- The loss of enjoyment of life Clark has experienced;

- The loss of enjoyment of life Clark is reasonably certain to experience in the future; and

- The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received as well as the care and supplies that he is reasonably certain to need and receive in the future.

No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Clark for any injury he has sustained.

6.5.

### INSTRUCTION NO. 14
**Punitive Damages**

In addition to the damages mentioned in other instructions, the law permits you to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

In this case, Clark is requesting punitive damages against Wise and Adams.

If you find in favor of Clark and against Adams and/or Wise and if you find the conduct of that defendant was malicious or in reckless disregard to Clark's constitutional rights, then, in addition to any other damages to which you find Clark entitled, you may, but are not required to, award him an additional amount as punitive damages if you find it is appropriate to punish the Defendants or deter the Defendants and others from like conduct in the future. Whether to award Clark punitive damages and the amount of those damages are within your sound discretion.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of a person's rights if, under the circumstances, it reflects complete indifference to the safety and rights of others.

You may assess punitive damages against Wise, Adams, or both or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

## INSTRUCTION NO. 15
### Deliberations

That concludes the part of my instructions explaining the rules for considering the evidence and claims in the case. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages should be sent to me through your foreperson. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 4-5, or 5-4, or whatever your vote happens to be. That should stay secret until you are finished.

### A.    Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, WhatsApp, YouTube, or X (formerly known as Twitter), to communicate to anyone any information about

this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### B.    Unanimous Verdict

Your verdict or answer to any question must be unanimous. That is, all nine (9) members of the jury must agree on any answer to the question and verdict.

### C.    Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your

6.5-

fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds. Listen carefully to what the other jurors have to say and then decide for yourself if the plaintiff has established every essential element of his claim by a preponderance of the evidence as to each claim.

### D.      Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.